Michael A. Grisham, ABA #9411104
grisham.michael@dorsey.com
Nathan Bishop, ABA #2305051
bishop.nathan@dorsey.com
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501
(907) 276-4557

Attorneys Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiff,<br><br>vs.<br><br>TRIUMVIRATE, LLC d/b/a TORDRILLO MOUNTAIN LODGE, MICHAEL RHEAM, MICHAEL OVERCAST, JENNIFER OVERCAST, and THOMAS MOE,<br><br>Defendants. | Case No. 3:23-cv-00146-SLG<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL** |

I, NATHAN BISHOP, declare:

1.     I am an attorney at the law firm of Dorsey & Whitney LLP.  I am duly licensed to practice in the State of Alaska and represent Triumvirate, LLC d/b/a Tordrillo Mountain Lodge, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe (collectively "Defendants").

DECLARATION OF COUNSEL IN
SUPPORT OF MOTION TO COMPEL
Page 1 of 3

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v.*
*Triumvirate, LLC, et al.*

3:23-cv-00146-SLG

Case 3:23-cv-00146-SLG   Document 32-1   Filed 04/04/24   Page 1 of 33
4876-3928-1075\3

1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

2. I am fully competent to testify as to the matters addressed herein, and make this affidavit of personal knowledge. This affidavit is filed in support of Triumvirate, LLC d/b/a Tordrillo Mountain Lodge's Motion to Compel against Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

3. Defendants served their First Set of Requests for Production to Plaintiff served on November 17, 2023. The parties agreed that the response deadline would be extended to January 10, 2024. Attached, as **Exhibit A** is a true and correct copy of Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production dated January10, 2024. When National Union served this response, they did not produce any documents.

4. On January 16, 2024, I requested that National Union meet and confer to discuss their objections and non-production. National Union did not respond to the request until January 26. During the February 2, 2024, meet and confer, National Union would not commit to a deadline for production or confirm that it would withdraw its objections and make any production. On February 14, 2024, National Union stated that it would produce "non-protected claim file documents." Attached, as **Exhibit B** is a true and correct copy of the email exchange between myself and National Union's counsel regarding the meet and confer and National Union's production.

5. On March 11, 2024, National Union produced 27 documents with a total of 120 pages. On March 14, 2024, Triumvirate requested that National Union complete its

1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

DECLARATION OF COUNSEL IN
SUPPORT OF MOTION TO COMPEL
Page 2 of 3

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v.*
*Triumvirate, LLC, et al.*

3:23-cv-00146-SLG

4876-3928-1075\3

production and provide a privilege log by March 20, 2024. Attached, as **Exhibit C** is a true and correct copy of my letter to National Union with this request. Attached, as **Exhibit D** is a true and correct copy of National Union's response dated March 20, 2024. Since March 11, 2024, National Union has not made another production or provided a privilege log.

DATED this 4th day of April, 2024.

_____
Nathan Bishop, ABA #2305051

SUBSCRIBED AND SWORN to before me this 4th day of April, 2024.

_____
NOTARY PUBLIC IN AND FOR ALASKA
My Commission Expires: _____

ERIC EVANS RAFALKO
NOTARY PUBLIC
STATE OF ALASKA

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing
was served this 4th day of April, 2024,
through the court's CM/ECF system.

By: ___ */s/ Nathan Bishop* _____
Nathan Bishop

Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

DECLARATION OF COUNSEL IN
SUPPORT OF MOTION TO COMPEL
Page 3 of 3

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v.*
*Triumvirate, LLC, et al.*

3:23-cv-00146-SLG

4876-3928-1075\3

# EXHIBIT A

Kristin E. Crabb
Guess & Rudd P.C.
1029 W. 3rd Ave., Suite 400
Anchorage, Alaska 99501
Telephone (907) 793-2200
Facsimile (907) 793-2299
Email: kcrabb@guessrudd.com

Andrew T. Houghton (*pro hac vice* application filed)
Paul R. Dehmel (*pro hac vice*)
Logan P. McIntyre (*pro hac vice*)
Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Telephone: (212) 820-7700
Emails: ahoughton@skarzynski.com
pdehmel@skarzynski.com
lmcintyre@skarzynski.com

Attorneys for Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA**,** <br><br> *Plaintiff,* <br> v. <br><br> TRIUMVIRATE, LLC, D/B/A TORDRILLO MOUNTAIN LODGE, AND MICHAEL RHEAM**,** <br><br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No.: 3:23-cv-01446-SLG |

## PLAINTIFF'S OBJECTIONS AND RESPONSES
## TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 34, Plaintiff National Union Fire Insurance Company

of Pittsburgh, PA, ("National Union") submits its objections and responses to Defendants'

First Set of Requests for Production dated November 17, 2023 (the "Requests").

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **1** of 14

## PRELIMINARY STATEMENT

National Union incorporates this Preliminary Statement, and the objections contained herein, into its responses to each of the Requests as follows:

1.      All responses and objections to the Requests are based on information presently known to National Union, after a reasonable effort to locate information relevant to such responses and objections. By responding or objecting to any of the Requests, National Union does not waive, and hereby expressly reserves the right, to (a) object to the admissibility, materiality, propriety, or relevance of any produced information at trial or any hearing in connection with such responses or objections; and (b) modify any of such responses or objections at a later date if further factual development or analysis warrants modification.

2.      Nothing contained herein or provided in response to the Requests consists of, or should be construed as, an admission relating to the existence or nonexistence of any alleged facts or information referenced in any Request or that National Union is in agreement with Defendants' characterization of the facts in any such Request.

3.      The definitions referred to in Defendants' Requests for Production may be referred to for convenience by National Union. By referring to any such definition, National Union does not adopt such definition and does not waive any rights or objections to such definition.

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **2** of 14

Case 3:23-cv-00146-SLG   Document 32-1   Filed 04/04/24   Page 6 of 33

EXHIBIT A
Page 2 of 14

## <u>GENERAL OBJECTIONS</u>

1.      The General Objections (collectively, the "Objections") set forth below apply to the Requests generally and to each of them and, unless otherwise stated, shall have the same force and effect as if set forth in full in each Response. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude National Union from raising that objection at a later time.

3.      National Union objects to the Requests to the extent that they seek information that constitutes or requires disclosure of mental impressions, conclusions, opinions, or legal theories of any attorney for National Union.

3.      National Union objects to the Requests to the extent that they seek information containing trade secrets or proprietary information.

4.      National Union objects to the Requests to the extent that they purport to impose a burden of disclosing information that is not readily available to National Union or that is equally available to Defendants. National Union further objects to the Requests to the extent that they purport to impose a burden of identifying documents that are not in National Union's possession, custody, or control, or that cannot be found in the course of a reasonable search.

5.      National Union objects to each Request to the extent it is not reasonably limited as to time or scope, is overbroad, unduly burdensome, the information sought is publicly available, or calls for the disclosure of information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **3** of **14**

6.     National Union objects generally to the Requests to the extent that they can be read to call for information that is protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or immunity. Such privileged information will not be disclosed, and any inadvertent disclosure thereof will not be deemed a waiver of any privilege or protection.

7.     These Responses are given subject to, and without waiving, the foregoing General Objections, as well as any stated or unstated applicable objection. National Union specifically incorporates each of the above-recited General Objections into its Responses.

## OBJECTIONS TO INSTRUCTIONS

National Union objects to Defendants' Instruction No. 10 which asserts that National Union's responses to the Request "shall include documents that are within the possession, custody, or control of Defendants" on the grounds that Defendants is an undefined term, National Union is defined as "Plaintiff", and it seeks to discover information that is not in National Union's custody, possession, or control. National Union's responses and document production are made solely on behalf of National Union.

## OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1**:  Please produce all documents relating to any of your answers to any of Defendants' Interrogatories to you, including, but not limited to, all documents that support or contradict any of your answers, or any part thereof.

**RESPONSE**:   In addition to the General Objections, National Union objects to Request No. 1 on the grounds that the request, and particularly the use of the phrase "all

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **4** of 14

documents relating to any of your answers to any of Defendants' Interrogatories" is vague, ambiguous, overly broad and unduly burdensome. National Union objects to Request No. 1 on the grounds that it improperly requests that National Union marshal its proof and produce all documents on which it may rely on in support of the claims and allegations set forth in the Complaint. National Union further objects to Request No. 1 insofar as it is a premature contention discovery request and this not appropriate for the earliest stages of discovery. National Union further objects to Request No. 1 to the extent that it seeks documents that are protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving either the forgoing or the General Objections, National Union refers Defendants to its responses to Request Nos. 3-6, below, and further refers Defendants to its respective Rule 26(a) Initial Disclosures and documents produced to date by the parties and non-parties in this litigation.

Discovery is ongoing and has not been completed. National Union expressly reserves the right to supplement its Response to Request No. 1 after discovery has concluded.

**REQUEST FOR PRODUCTION NO. 2**:  Please produce all claims files for claims arising out of or related to the Soloy Incident including, but not limited to, claims on behalf of Soloy or Defendants.

**RESPONSE**:  In addition to the General Objections, National Union objects to Request No. 2 on the grounds that it is not reasonably limited to the settlement of the

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **5** of 14

Horvath claim that is the subject of this litigation and seeks information that is irrelevant to the issues in this litigation and disproportionate to the needs of the case, and therefore that this request is overly broad and unduly burdensome. In particular, claims other than the Horvath claim have no relevance to this litigation and discovery thereof invades the privacy of other parties and the confidentiality of those claims. National Union also objects to the use of the phrase "including, but not limited to, claims on behalf of Soloy or Defendants" on the grounds that it is vague, ambiguous and undecipherable and does not sufficiently identify the claims to which it purports to refer, and on the grounds that such claims, if any, is irrelevant to the issues in this litigation and disproportionate to the needs of the case. National Union further objects to Request No. 2 to the extent that it seeks information that is privileged or attorney work product protected.

**REQUEST FOR PRODUCTION NO. 3**:  Please produce all documents related to the settlement of the Horvath claims, including your determination of the scope of coverage available to TML under the Soloy Policy.

**RESPONSE**:  In addition to the General Objections, National Union objects to Request No. 3 on the grounds that the phrase "all documents related to" is vague, ambiguous, overly broad and unduly burdensome, and does not sufficiently identify the documents sought by the request. National Union further objects to Request No. 3 to the extent that it seeks documents that are privileged or attorney work product protected.

Subject to and without waiving any of its objections, National Union responds as

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **6** of 14

follows: Following a diligent search and reasonable inquiry, National Union will produce responsive, non-privileged documents to the extent they are in its possession, custody, or control at a mutually agreeable time, place and manner.

**REQUEST FOR PRODUCTION NO. 4**:  Please produce all communications between David Horvath and you regarding the Soloy Incident including, but not limited to, any claims by Mr. Horvath and the settlement of any claims.

    **RESPONSE**:  In addition to the General Objections, National Union objects to Request No. 4 to the extent it seeks documents that are not within National Union's possession, custody, or control. National Union further objects to the extent that the request seeks documents that are already in Defendants' possession and/or are equally accessible to Defendants as to National Union.

    Subject to and without waiving any of its objections, National Union responds as follows: Following a diligent search and reasonable inquiry, National Union will produce responsive, non-privileged documents to the extent they are in its possession, custody, or control at a mutually agreeable time, place and manner.

**REQUEST FOR PRODUCTION NO. 5**:  Please produce all documents and communications regarding communications between David Horvath and you.

    **RESPONSE**:  In addition to the General Objections, National Union objects to Request No. 5 on the grounds that the phrase the phrase "documents and communications

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **7** of 14

Case 3:23-cv-00146-SLG   Document 32-1   Filed 04/04/24   Page 11 of 33   EXHIBIT A
Page 7 of 14

regarding communications" is vague, ambiguous, overly broad and unduly burdensome as it does not contains any reasonable specificity as to the parties to the requested communications or a reasonable timeframe or subject matter of the communications. National Union also objects to Request No. 5 to the extent it seeks documents that are not within National Union's possession, custody, or control. National Union further objects to the extent that the request seeks documents that are already in Defendants' possession and/or are equally accessible to Defendants as to National Union. National Union further objects to the extent that it seeks documents that are privileged or attorney work product protected.

Subject to and without waiving any of its objections, National Union responds as follows: Following a diligent search and reasonable inquiry, National Union will produce responsive, non-privileged documents to the extent they are in its possession, custody, or control at a mutually agreeable time, place and manner.

**REQUEST FOR PRODUCTION NO. 6**:  Please produce all communications between Soloy and you regarding the Soloy Incident including, but not limited to, any claims by Mr. Horvath and the settlement of any claims.

**RESPONSE**:  In addition to the General Objections, National Union objects to Request No. 6 on the grounds that basis it is not reasonably limited to the settlement of the Horvath claim that is the subject of this litigation and seeks information that is irrelevant to the issues in this litigation and disproportionate to the needs of the case, and therefore

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **8** of **14**

Case 3:23-cv-00146-SLG   Document 32-1   Filed 04/04/24   Page 12 of 33   EXHIBIT A
Page 8 of 14

that this request is overly broad and unduly burdensome. In particular, communications related to matters other than the settlement of the Horvath claim have no relevance to this litigation and discovery thereof invades the privacy and confidentiality of other parties.

Subject to and without waiving any of its objections, National Union responds as follows: Following a diligent search and reasonable inquiry, National Union will produce responsive, non-privileged documents directly related to the settlement of the Horvath claim to the extent they are in its possession, custody, or control at a mutually agreeable time, place and manner.

**REQUEST FOR PRODUCTION NO. 7**: Please produce all documents and communications that support or refute your denial in Counterclaim Answer paragraph 10 that the settlement you negotiated with Mr. Horvath "was crafted by National Union and Horvath's counsel for the express purpose of allowing Horvath to pursue additional claims against Triumvirate and Mr. Rheam" as stated in Counterclaim paragraph 10.

**RESPONSE**: In addition to the General Objections, National Union objects to Request No. 7 on the basis that it improperly requests that National Union marshal its proof and produce all documents on which it may rely on in support of the claims and allegations set forth in its' Answer to Defendants' Counterclaims. National Union further objects to Request No. 7 insofar as it is a premature contention discovery request and is not appropriate for the earliest stages of discovery. National Union further objects to Request No. 7 to the extent its seeks documents that are not within National Union's possession,

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **9** of **14**

Case 3:23-cv-00146-SLG   Document 32-1   Filed 04/04/24   Page 13 of 33   EXHIBIT A
Page 9 of 14

custody, or control and seeks information about the thoughts, intentions, motivations, or other bases of a third-party over whom National Union has no control. National Union further objects to Request No. 7 to the extent that it seeks documents that are protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving either the forgoing or the General Objections, National Union refers Defendants to its responses to Request Nos. 3-6, above, and further refers Defendants to its respective Rule 26(a) Initial Disclosures and documents produced to date by the parties and non-parties in this litigation.

Discovery is ongoing and has not been completed. National Union expressly reserves the right to supplement its Response to Request No. 7 after discovery has concluded.

**REQUEST FOR PRODUCTION NO. 8**: Please produce all documents and communications that support or refute your denial in Counterclaim Answer paragraph 11 that "[d]uring [your] negotiations with Horvath, [you] did not inform Triumvirate about the existence or status of [the] negotiations, nor did [you] seek or allow any participation, input, or direction from Triumvirate or Mr. Rheam regarding these negotiations" as stated in Counterclaim paragraph 11.

**RESPONSE**: In addition to the General Objections, National Union objects to Request No. 8 on the basis that that it improperly requests that National Union marshal its proof and produce all documents on which it may rely on in support of the claims and

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **10** of 14

Case 3:23-cv-00146-SLG   Document 32-1   Filed 04/04/24   Page 14 of 33

**EXHIBIT A**
**Page 10 of 14**

allegations set forth in its' Answer to Defendants' Counterclaims. National Union further objects to Request No. 8 insofar as it is a premature contention discovery request and this not appropriate for the earliest stages of discovery. National Union further objects to Request No. 8 to the extent that it seeks documents that are protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving either the forgoing or the General Objections, National Union refers Defendants to its responses to Request Nos. 3-6, above, and further refers Defendants to its respective Rule 26(a) Initial Disclosures and documents produced to date by the parties and non-parties in this litigation.

Discovery is ongoing and has not been completed. National Union expressly reserves the right to supplement its Response to Request No. 8 after discovery has concluded.


**REQUEST FOR PRODUCTION NO. 9**:  Please produce all documents relating to your claims and allegations in the Complaint, including, without limitation, all documents you may use to support your claims and allegations in the Complaint at trial.

**RESPONSE**:   In addition to the General Objections, National Union objects to Request No. 9 on the grounds that the request, and particularly the use of the phrase "all documents relating to your claims and allegations in the Complaint" is vague, ambiguous, overly broad and unduly burdensome.  National Union objects to Request No. 9 on the grounds that it improperly requests that National Union marshal its proof and produce all

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **11** of **14**

Case 3:23-cv-00146-SLG   Document 32-1   Filed 04/04/24   Page 15 of 33   EXHIBIT A
Page 11 of 14

documents on which it may rely on in support of the claims and allegations set forth in the Complaint. National Union further objects to Request No. 9 insofar as it is a premature contention discovery request and this not appropriate for the earliest stages of discovery. National Union further objects to Request No. 9 to the extent that it seeks documents that are protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving either the forgoing or the General Objections, National Union refers Defendants to its responses to Request Nos. 3-6, above, and further refers Defendants to its respective Rule 26(a) Initial Disclosures and documents produced to date by the parties and non-parties in this litigation.

Discovery is ongoing and has not been completed. National Union expressly reserves the right to supplement its Response to Request No. 9 after discovery has concluded.

**REQUEST FOR PRODUCTION NO. 10**: Please produce all documents received from any third party relating to any of the facts, allegations, claims, and/or causes of action you assert in the Complaint.

**RESPONSE**: In addition to the General Objections, National Union objects to Request No. 10 on the ground that is vague, ambiguous, overbroad, unduly burdensome, and to the extent that it seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. National Union further objects to the phrase "all documents received from any third party

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **12** of 14

relating to any of the facts, allegations, claims, and/or causes of action you assert" as used in Request No. 10 on the grounds that the term is vague, ambiguous, and overly broad. National Union further objects to Request No. 10 on the grounds that it seeks documents that are protected by attorney-client privilege and /or the work product doctrine, privacy rights, and confidentiality agreements.

Subject to and without waiving either the forgoing or the General Objections, National Union refers Defendants to its responses to Request Nos. 3-6, above, and further refers Defendants to its respective Rule 26(a) Initial Disclosures and documents produced to date by the parties and non-parties in this litigation.

Discovery is ongoing and has not been completed. National Union expressly reserves the right to supplement its Response to Request No. 10 after discovery has concluded.

**REQUEST FOR PRODUCTION NO. 11**:  Please produce all documents received by or prepared by any experts identified in your response to Interrogatory No. 4.

**RESPONSE**:   In addition to the General Objections, National Union objects to Request No. 11 on the basis that it is premature as discovery is at its infancy and depositions have not been conducted. National Union further objects on the basis that Request No. 11 requires National Union to disclose their expert witnesses or their work product in advance of the deadline of the deadline set in the Scheduling and Planning Order or produce documents beyond those required by Federal Rule of Civil Procedure 26. Subject to and without waiving either the

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **13** of 14

forgoing or the General Objections, National Union will produce responsive documents during the course of expert discovery.

DATED at Anchorage, Alaska, this 10th day of January, 2024.

*Attorneys for Plaintiff National Union Fire Insurance Company of Pittsburgh, PA.*

GUESS & RUDD P.C.

By: \_\_/s/ Kristin Crabb_____
Kristin E. Crabb, AK Bar No. 1011070


SKARZYNSKI MARICK & BLACK LLC

Andrew T. Houghton (pro hac application filed)
Logan P. McIntyre (pro hac vice)
Paul R. Dehmel (pro hac vice)


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the <u>10th</u> day of
<u>January</u>, 2024, a copy of the foregoing document
was served electronically on:

Michael Grisham, Esq.
Nathan Bishop, Esq.
Paul R. Dehmel, Esq.
Andrew T. Houghton, Esq.
Logan P. McIntyre, Esq.

Guess & Rudd P.C.

s/Kristin E. Crabb_____
C:\Users\ath\ND Office Echo\VAULT-ahoughton@skarzynski.com\Soloy- Response to Defendants' First Set of RFPs- Final Draft 1.10.2024.docx


4890-8476-8923, v. 1

Plaintiff's Objections and Responses to Defendants' First Set of Requests for Production
*National Union Fire Insurance Company of Pittsburgh, PA, v.*
*Triumvirate, LLC et. al., Case No.: 3:23-cv-01446-SLG*
Page **14** of 14

# EXHIBIT B

| | |
|---|---|
| **From:** | Houghton, Andrew T. <ahoughton@skarzynski.com> |
| **Sent:** | Tuesday, March 5, 2024 4:30 PM |
| **To:** | Bishop, Nathan; Dehmel, Paul R.; kcrabb@guessrudd.com |
| **Cc:** | Nardin, Melody; klukacinsky@guessrudd.com; Mcintyre, Logan P.; Grisham, Michael |
| **Subject:** | RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG |

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Nathan,

Our client is still collecting emails to forward to us for review. However, pending receipt of those, I expect we will be able to begin a rolling production on Monday, March 11, 2024.

Andrew

**Andrew T. Houghton**
Partner
Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor | New York, NY 10004

## Skarzynski | Marick

**D** 212.820.7734 | **P** 212.820.7700 | **M** 917.297.9158 | **E** ahoughton@skarzynski.com |
vCard | View Bio

Legal Assistant: **Adrianna Riley** | **D** 212.820.7731 | **E** ariley@skarzynski.com

---

The information contained in this message may be privileged and/or confidential and is intended only for the use of the individual recipient identified above. If the reader of this message is not the intended recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, fax or e-mail and delete this message. Thank you.

**From:** Houghton, Andrew T.
**Sent:** Monday, March 4, 2024 10:24 PM
**To:** Bishop.Nathan@dorsey.com; Dehmel, Paul R. <pdehmel@skarzynski.com>; kcrabb@guessrudd.com
**Cc:** Nardin.Melody@dorsey.com; klukacinsky@guessrudd.com; Mcintyre, Logan P. <lmcintyre@skarzynski.com>; grisham.michael@dorsey.com
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

Hi Nathan,

We are in the process of collecting responsive materials per our agreement, including emails.  When I am in the office tomorrow I will check on our status and when we can start a production.

Andrew

**Andrew T. Houghton**
Partner
Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor | New York, NY 10004

## Skarzynski | Marick

**D** 212.820.7734 | **P** 212.820.7700 | **M** 917.297.9158 | **E** ahoughton@skarzynski.com |
vCard | View Bio

Legal Assistant: **Adrianna Riley** | **D** 212.820.7731 | **E** ariley@skarzynski.com

The information contained in this message may be privileged and/or confidential and is intended only for the use of the individual recipient identified above. If the reader of this message is not the intended recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, fax or e-mail and delete this message. Thank you.

**From:** Bishop.Nathan@dorsey.com <Bishop.Nathan@dorsey.com>
**Sent:** Monday, March 4, 2024 8:48 PM
**To:** Houghton, Andrew T. <ahoughton@skarzynski.com>; Dehmel, Paul R. <pdehmel@skarzynski.com>; kcrabb@guessrudd.com
**Cc:** Nardin.Melody@dorsey.com; klukacinsky@guessrudd.com; Mcintyre, Logan P. <lmcintyre@skarzynski.com>; grisham.michael@dorsey.com
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

Andrew,

We have not received a response to my last email or any production from National Union.  Can you confirm whether National Union will make its production by this Friday?  If not, we will move to compel.

-Nate

**From:** Bishop, Nathan
**Sent:** Tuesday, February 20, 2024 2:01 PM
**To:** 'Houghton, Andrew T.' <ahoughton@skarzynski.com>; Dehmel, Paul R. <pdehmel@skarzynski.com>; kcrabb@guessrudd.com
**Cc:** Nardin, Melody <Nardin.Melody@dorsey.com>; klukacinsky@guessrudd.com; Mcintyre, Logan P. <lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

Hi Andrew,

I appreciate you following up on this.  It is unclear what you mean by "non-protected claim file documents."  As you know, Alaska has very limited protections for insurance claim files, so I'm not sure what documents National Union believes would be "protected."  Assuming National Union isn't trying to withhold more than privileged documents, however, and without waiving any rights or argument regarding the discoverability of materials from the other claims and settlements, we are amenable to your described production for Requests Nos. 2 and 6.  I also trust that National Union will provide a privilege log at its earliest convenience.

Regarding Interrogatory No. 3, you are correct that no further response is needed in light of the productions for Requests Nos. 2 and 6.

Best,

Nate

**From:** Houghton, Andrew T. <ahoughton@skarzynski.com>
**Sent:** Wednesday, February 14, 2024 10:57 AM
**To:** Bishop, Nathan <Bishop.Nathan@dorsey.com>; Dehmel, Paul R. <pdehmel@skarzynski.com>;
kcrabb@guessrudd.com
**Cc:** Nardin, Melody <Nardin.Melody@dorsey.com>; klukacinsky@guessrudd.com; Mcintyre, Logan P.
<lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Nate,

Thank you for your email following our meet and confer call and your willingness to reach a resolution on the discovery requests addressed in your January 16, 2024 letter.

Following up on our call, with regard to Request Nos. 2 and 6, our client would be willing produce non-privileged, non-protected claim file documents, including communications with Soloy, (1) from the period beginning from the accident date and leading up to and through the Horvath settlement which concern the Horvath settlement, and (2) relating to the subsequent tender of the Horvath suit by the dec action defendants and denial of a defense. For clarification, we would not produce materials related to the other claims and settlements arising out of the subject accident.

With regard to Interrogatory No. 3, I believe in our call a further response to this interrogatory was deemed unnecessary by what we discussed, and what we discuss above, with respect to the document requests.

Please let us know if the foregoing works for you.

Andrew

**Andrew T. Houghton**
Partner
Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor | New York, NY 10004

**D** 212.820.7734 | **P** 212.820.7700 | **M** 917.297.9158 | **E** ahoughton@skarzynski.com |
vCard | View Bio

Legal Assistant: **Adrianna Riley** | **D** 212.820.7731 | **E** ariley@skarzynski.com

The information contained in this message may be privileged and/or confidential and is intended only for the use of the individual recipient identified above. If the reader of this message is not the intended recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, fax or e-mail and delete this message. Thank you.

3

**EXHIBIT B**
**Page 3 of 8**

**From:** Bishop.Nathan@dorsey.com <Bishop.Nathan@dorsey.com>
**Sent:** Friday, February 2, 2024 7:54 PM
**To:** Dehmel, Paul R. <pdehmel@skarzynski.com>; kcrabb@guessrudd.com; Houghton, Andrew T. <ahoughton@skarzynski.com>
**Cc:** Nardin.Melody@dorsey.com; klukacinsky@guessrudd.com; Mcintyre, Logan P. <lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

All,

Thanks again for the call today. Andrew, we'll watch for your confirmation on whether National Union is willing to produce the claim files and communications with Soloy from the period leading up to the Horvath settlement and/or up to National Union's defense denial.

For RFP6, my understanding is that Triumvirate has, in the Horvath case, given notice that it intends to allocate fault to Soloy under AS 09.17.080. As such an allocation would not make Soloy a party to the litigation or result in a judgment against Soloy, we do not view that allocation as a valid basis for National Union to withhold documents from discovery in this case. Please confirm whether National Union will produce all communications between itself and Soloy regarding the Soloy Incident from the period leading up to the Horvath settlement and/or up to National Union's defense denial.

-Nate

---

**From:** Dehmel, Paul R. <pdehmel@skarzynski.com>
**Sent:** Tuesday, January 30, 2024 12:53 PM
**To:** Bishop, Nathan <Bishop.Nathan@dorsey.com>; kcrabb@guessrudd.com
**Cc:** Nardin, Melody <Nardin.Melody@dorsey.com>; Houghton, Andrew T. <ahoughton@skarzynski.com>; klukacinsky@guessrudd.com; Mcintyre, Logan P. <lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Thanks Nate. Let's go with 1:30 ET on Friday.

Best,
Paul

**Paul R. Dehmel**
Skarzynski Marick & Black LLP
**D** 212.820.7738 | **P** 212.820.7700 | **M** +1 2035703517 | **E** pdehmel@skarzynski.com | vCard | View Bio

---

**From:** Bishop.Nathan@dorsey.com <Bishop.Nathan@dorsey.com>
**Sent:** Tuesday, January 30, 2024 3:19 PM
**To:** Dehmel, Paul R. <pdehmel@skarzynski.com>; kcrabb@guessrudd.com
**Cc:** Nardin.Melody@dorsey.com; Houghton, Andrew T. <ahoughton@skarzynski.com>; klukacinsky@guessrudd.com; Mcintyre, Logan P. <lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

Sure, I could do anything between noon and 3pm ET on Friday.

-Nate

**From:** Dehmel, Paul R. <pdehmel@skarzynski.com>
**Sent:** Tuesday, January 30, 2024 11:16 AM
**To:** Bishop, Nathan <Bishop.Nathan@dorsey.com>; kcrabb@guessrudd.com
**Cc:** Nardin, Melody <Nardin.Melody@dorsey.com>; Houghton, Andrew T. <ahoughton@skarzynski.com>;
klukacinsky@guessrudd.com; Mcintyre, Logan P. <lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Nate – sorry for any confusion but could we actually look to do the call on Friday? Realized the timing works better on our end.

Paul

**Paul R. Dehmel**
Skarzynski Marick & Black LLP
**D** 212.820.7738 | **P** 212.820.7700 | **M** +1 2035703517 | **E** pdehmel@skarzynski.com | vCard | View Bio

---

**From:** Bishop.Nathan@dorsey.com <Bishop.Nathan@dorsey.com>
**Sent:** Tuesday, January 30, 2024 2:20 PM
**To:** Dehmel, Paul R. <pdehmel@skarzynski.com>; kcrabb@guessrudd.com
**Cc:** Nardin.Melody@dorsey.com; Houghton, Andrew T. <ahoughton@skarzynski.com>; klukacinsky@guessrudd.com;
Mcintyre, Logan P. <lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

Thanks Paul, I could do a call at any point between 3pm-5pm ET on Thursday and potentially earlier too if that block is full for you both.

-Nate

---

**From:** Dehmel, Paul R. <pdehmel@skarzynski.com>
**Sent:** Tuesday, January 30, 2024 10:10 AM
**To:** Kristin Crabb <kcrabb@guessrudd.com>; Bishop, Nathan <Bishop.Nathan@dorsey.com>
**Cc:** Nardin, Melody <Nardin.Melody@dorsey.com>; Houghton, Andrew T. <ahoughton@skarzynski.com>; Keena E
Lukacinsky <klukacinsky@guessrudd.com>; Mcintyre, Logan P. <lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Nate:

Let's find a time on Thurs (2/1) to speak. I believe we are 4 hours ahead but that shouldn't stop us from finding something that works. Perhaps you can suggest a couple of times? And to the extent your Thursday has filled up, Friday should work as well.

Best,
Paul

**Paul R. Dehmel**
Skarzynski Marick & Black LLP
**D** 212.820.7738 | **P** 212.820.7700 | **M** +1 2035703517 | **E** pdehmel@skarzynski.com | vCard | View Bio

**From:** Kristin Crabb <kcrabb@guessrudd.com>
**Sent:** Friday, January 26, 2024 3:50 PM
**To:** Dehmel, Paul R. <pdehmel@skarzynski.com>; Bishop.Nathan@dorsey.com
**Cc:** Nardin.Melody@dorsey.com; Houghton, Andrew T. <ahoughton@skarzynski.com>; Keena E Lukacinsky <klukacinsky@guessrudd.com>; Mcintyre, Logan P. <lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

Nate,

My apologies, I absolutely missed the email with your enclosed letter. I can assure you that it was not intentional. I am available next week, the 2/1 or 2/2 work better but I can make the 31st work if that is the only day available for everyone.

Kristin E. Crabb
Guess & Rudd P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 793-2200 (voice)
(907) 793-2299 (fax)
kcrabb@guessrudd.com (email)

WARNING: The information contained in this email including any attachment(s) is CONFIDENTIAL and may be PRIVILEGED. If you are not the intended recipient of this email, you may not read, retain, copy, or distribute this email. If you have received this email in error, please advise us by return email and call the sender at 907.793.2200. Thank you.

**From:** Dehmel, Paul R. <pdehmel@skarzynski.com>
**Sent:** Friday, January 26, 2024 10:24 AM
**To:** Bishop.Nathan@dorsey.com; Kristin Crabb <kcrabb@guessrudd.com>
**Cc:** Nardin.Melody@dorsey.com; Houghton, Andrew T. <ahoughton@skarzynski.com>; Keena E Lukacinsky <klukacinsky@guessrudd.com>; Mcintyre, Logan P. <lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

**CAUTION - EXTERNAL EMAIL:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Nate –

Apologies for the delayed response. There is no intended unwillingness on our part to meet and confer regarding the issues you have raised. I will consult with Kristin regarding her availability and I trust/hope that we will find a mutually agreeable time to speak on one of the days you have identified.

Kind regards,
Paul

**Paul R. Dehmel**
Skarzynski Marick & Black LLP
**D** 212.820.7738 | **P** 212.820.7700 | **M** +1 2035703517 | **E** pdehmel@skarzynski.com | vCard | View Bio

**From:** Bishop.Nathan@dorsey.com <Bishop.Nathan@dorsey.com>
**Sent:** Friday, January 26, 2024 2:16 PM
**To:** Dehmel, Paul R. <pdehmel@skarzynski.com>; kcrabb@guessrudd.com
**Cc:** Nardin.Melody@dorsey.com; Houghton, Andrew T. <ahoughton@skarzynski.com>; klukacinsky@guessrudd.com; Mcintyre, Logan P. <lmcintyre@skarzynski.com>
**Subject:** RE: National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

Paul and Kristin,

We still haven't received a response to my last letter, attached again here. I can be available for a call next week on 1/31, 2/1, or 2/2, but will take a continued lack of response as National Union's unwillingness to meet and confer regarding these issues.

-Nate

**Nate Bishop**
**Associate**
Admitted in Alaska and Washington.



DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600 | Anchorage, AK 99501-5907
P: (907) 257-7805
F: (907) 771-9789
C: (907) 727-6366

---

**From:** Nardin, Melody <Nardin.Melody@dorsey.com>
**Sent:** Tuesday, January 16, 2024 11:27 AM
**To:** Paul R. Dehmel <pdehmel@skarzynski.com>; Kristin Crabb <kcrabb@guessrudd.com>
**Cc:** Bishop, Nathan <Bishop.Nathan@dorsey.com>
**Subject:** National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG

Ms. Crabb and Mr. Dehmel:

Please see the attached correspondence from attorney Nathan Bishop regarding objections and responses to discovery requests and interrogatories for National Union Fire Insurance Company of Pittsburgh, PA v. Triumvirate, LLC, et al. Case 3:23-cv-00146-SLG.

Thank you,

**Melody Nardin**
**Legal Assistant**





7

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600 | Anchorage, AK 99501-5907
**P:** (907) 257-7812

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.*
*Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received*
*this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments,*
*including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*
*Thank you.*

Please help reduce paper and ink usage. Print only if necessary.

| This Message Is From an External Sender |
|---|

| This Message Is From an External Sender |
|---|

| This Message Is From an External Sender |
|---|

| This Message Is From an External Sender |
|---|

| This Message Is From an External Sender |
|---|

| This Message Is From an External Sender |
|---|

**EXHIBIT B**
**Page 8 of 8**

# EXHIBIT C



**NATHAN BISHOP**
Associate
(907) 257-7805
FAX (907) 771-9789
bishop.nathan@dorsey.com

March 14, 2024                                                                                     *Sent Via Email*

Mr. Paul R. Dehmel            Ms. Kristin Crabb             Mr. Andrew T. Houghton
pdehmel@skarzynski.com        kcrabb@guessrudd.com         ahoughton@skarzynski.com

Re:    Discovery Responses for National Union Fire Insurance Company of Pittsburgh,
       PA v. Triumvirate, LLC, et al.  Case 3:23-cv-00146-SLG

Dear Mr. Dehmel, Ms. Crabb, and Mr. Houghton:

I write to address several concerns in your March 12, 2024, document production. Specifically, our review of the production identified three issues:

- It is clear from these documents that Mr. Houghton was directly involved in the settlement negotiations with Mr. Horvath's counsel that are the subject of Triumvirate's bad faith claim. Alaska's Rule of Professional Conduct 3.7(a) states "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness" except in limited circumstances not applicable here. As such, Mr. Houghton is a material witness and should not be representing National Union in this litigation. If Mr. Houghton has not withdrawn from the case, we will be forced to file a motion to disqualify him.

- Document NUFI 000197, dated January 27, 2022, refers to earlier communications and draft settlements. National Union has not produced those earlier communications or drafts. National Union is already late in producing these documents, and document production for this matter is already significantly delayed. Though you have described this as a "rolling production," such communications and draft settlements are have already been identified and so it is not necessary to search for them. Please confirm that National Union will produce these documents by March 20, 2024, including all communications between Tracey Knutson and National Union's counsel.

- All documents in the production were marked "Privileged and Confidential," including communications with Mr. Horvath's counsel and my clients that are by definition not privileged. National Union made these designations despite the parties' agreement in the stipulated protective order that "[m]ass, indiscriminate, or routinized designations are prohibited." National Union has also failed to provide the required privilege log describing the documents over which it is claiming privilege and the basis for that claim. Please provide the required privilege log by March 20, 2024. Also, please clarify whether



Mr. Paul R. Dehmel
Ms. Kristin Crabb
Mr. Andrew T. Houghton
March 14, 2024
Page 2 of 2

National Union is asserting that these documents are "confidential" and the basis for that assertion.

This letter does not limit or prejudice Defendants' right to raise further objections to the Responses.

In addition, I write to give notice that National Union may have inadvertently produced information over which it claims privilege. Document NUFI 000215 contains an attachment (Soloy coverage new loss.doc) which appears to have information that was redacted on other documents. Without waiver of any objections to such a privilege claim, please confirm whether you are claiming any privilege as to this attachment.

Regards,

DORSEY & WHITNEY LLP


_____/s/ Nathan Bishop_____
Nathan Bishop
Associate

NB:mn

# EXHIBIT D



Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
**P** 212.820.7700 | **F** 212.820.7740
skarzynski.com

**Paul R. Dehmel**
Direct Line: 212.820.7700
pdehmel@skarzynski.com

March 20, 2024

*Via* **E-Mail Only**

Nathan Bishop, Esq.
Dorsey & Whitney LLP
1021 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
bishop.nathan@dorsey.com

Dear Nate:

This letter is in response to your correspondence dated March 14, 2024 ("the Letter").

First, with respect to your assertion that Andrew Houghton must withdraw from this case, we respectfully disagree. However, even if Mr. Houghton's testimony becomes necessary at any trial of this matter, to which we do not concede and without waiver do not agree, the rule you reference highlights that your assertion is premature under Alaksa law. Alaska Rules of Professional Conduct Rule 3.7(a), states in full:

> (a) A lawyer shall not act as advocate <u>at a trial</u> in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

AK R RPC Rule 3.7 (emphasis added).

Rule 3.7(a) clearly provides that it only applies to serving as counsel at trial. This logic is reflected in <u>Iditasport Alaska v. Merch.</u>, No. 3:18-CV-0068-HRH, 2018 WL 2376085 (D. Alaska May 24, 2018), in which the District Court for the District of Alaska held that an attorney who is likely to be a necessary witness at trial (even an attorney who was a named defendant in the case) was not disqualified from participating in the pre-trial stages of the matter. Here, even assuming, *arguendo*, that Mr. Houghton is a "necessary" witness in the instant litigation as you claim, which we do not concede, presently the parties are in the initial stage of discovery and no trial date has been set. Accordingly, Mr. Houghton is not precluded under Alaska law, if ever, from serving as counsel for National Union throughout at least the pre-trial stage of this matter.

Next, regarding document NUFI 000197, and your demand for all draft release agreements related to the underlying Horvath claim, we believe that these agreements may be or are subject to the attorney-client and attorney work product privileges. Note that we have already produced a copy of final release agreement with regard to the Horvath action (including the amount which remains confidential). Regarding communications between Tracey Knutson and Caryn Jorgenson our client is still conducting a search for further documents, and we will supplement our rolling document production upon receipt of same. With these two issues combined, we will produce a privilege log and additional documents as soon as is reasonably practicable and will keep you updated accordingly. We will also consider your comments about the "Privileged and Confidential" markings.

Obviously the March 20, 2024 deadline asserted in the Letter was not reasonable and insufficient for my office to comply with your demands. We received the Letter after 8 p.m. EST on March 14, 2024 – essentially giving us three (3) business days to address all of the issues you raised.

Lastly, thank you for your note about NUFI 000215. Evidently in the production process, the conversion of the underlying email to a pdf did not disable the hyperlinks contained in the email, which is what I assume you are referencing as being the potentially inadvertently produced material. At least one of the links does appear to contain material that may have needed redaction Before invoking Section 9 of the Protective Order in this matter, we wish to further consider the issue and will be back to you promptly as whether we will be requesting that you destroy any and all copies of NUFI 000215, which we would substitute with a replacement document.

Sincerely,

/s/ Paul R. Dehmel

Paul R. Dehmel
Skarzynski Marick & Black LLP

4888-9351-3135, v. 2