# EXHIBIT B

Ryan P. Steen, AK Bar No. 0912084
Beth S. Ginsberg, Admitted *Pro Hac Vice*
Jason T. Morgan, AK Bar No. 1602010
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
(206) 624-0900 (phone)
(206) 386-7500 (facsimile)

Connor R. Smith, AK Bar No. 1905046
Stoel Rives LLP
510 L Street, Suite 500
Anchorage, AK 99501
(907) 277-1900 (phone)
(907) 277-1920 (facsimile)
connor.smith@stoel.com

*Attorneys for United Cook Inlet Drift Association and
Cook Inlet Fishermen's Fund*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED COOK INLET DRIFT ASSOCIATION and COOK INLET FISHERMEN'S FUND,<br><br>Plaintiffs,<br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>Defendants. | Civil Action No.: 3:21-cv-00255-JMK<br><br>**DECLARATION OF SVEND BRANDT-ERICHSEN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS** |

I, Svend Brandt-Erichsen, declare as follows:

1. I am over the age of 18 and have personal knowledge of the matters contained in this Declaration. I file this Declaration in support of plaintiffs' application for an award of fees ("Application") under the Equal Access to Justice Act ("EAJA"). I previously prepared a declaration that was filed on March 8, 2018, in Case No. 3: l 3-cv-00104-TMB in support of United Cook Inlet Drift Association and Cook Inlet Fishermen's Fund's application for fees and costs. *See United Cook Inlet Drift Association et al. v. NMFS et al.*, 3: l 3-cv-00104-TMB, Dkt. 122.

2. I am licensed to practice law in Washington and Alaska and am currently a partner at Nossaman LLP in Seattle. I have been practicing in the area of environmental law and litigation for more than 25 years. Before joining Nossaman, I served as Managing Partner of the Seattle office of a boutique environmental law firm. I began my legal career in 1988 on the legislative staff of Alaska's Senator Ted Stevens and served as a Regional Administrator of the State of Alaska's Department of Environmental Conservation. A copy of my resume is attached as Exhibit A.

3. Although I am based in Seattle, I have represented numerous clients in Alaska and have been practicing in Alaska since entering private practice in 1993. I am very familiar with the market for legal services for environmental matters in Alaska and the rates commonly charged for such work. Because of the small size of Alaska's legal market, it is common practice for clients to look outside Alaska (particularly to Seattle) when they need legal advice on complex environmental permitting and regulatory

matters, and to hire experienced out-of-state counsel to handle litigation for complex or high-stakes environmental cases.

4. I am familiar with the above captioned case, having reviewed the extensive briefing in the first iteration of the case and having now reviewed the extensive briefing in this iteration of this case, the decisions of the court, and having familiarized myself with the procedural history of this case, including the administrative process on remand. This is precisely the kind of complex and high stakes environmental litigation that necessitates the use of attorneys with special expertise in environmental litigation. The arguments at issue involve a deep understanding of the complex regulatory scheme, and how that scheme interacts with complex fishery management concepts.

5. I am also very familiar with the law firm Stoel Rives, and have worked on cases with the lead attorneys, Ryan Steen, Beth Ginsberg, and Jason Morgan. Stoel Rives in general, and Mr. Steen, Ms. Ginsberg, and Mr. Morgan in particular, are highly regarded and well respected for their expertise in environmental litigation.

6. I have reviewed the rates charged by Stoel Rives in this matter, which I understand to be as follows:

| | |
|---|---|
| Jason T. Morgan | $520/hr – $670/hr |
| Beth S. Ginsberg | $660/hr – $730/hr |
| Ryan P. Steen | $570/hr – $685/hr |
| Ariel H. Stravitsky | $315/hr – $340/hr |
| Connor R. Smith | $300/hr – $325/hr |

Sarah Dronenburg (paralegal)    $250/hr

Furthermore, my understanding is that the fee award requested in this case is approximately $775,000, which includes worked performed during the remand process starting in September of 2018, through litigation to challenge the new decision, and into the ongoing new remand process in 2023. The total fee charged in this matter is very reasonable. The work done by Stoel Rives attorneys was very intensive. That work involved review of agency actions, alternatives, and analysis, and participation in the administrative process on remand. It involved litigation before the district court and Ninth Circuit Court of Appeals regarding the remand process and NMFS's preparation of a FMP amendment. It involved the review of a complex and length administrative record, and detailed briefing regarding the outcome of the merits of the case.

7. Here, plaintiffs had to navigate the administrative process during a five-year remand, including by monitoring the Council's meetings and actions, preparing comment letters, developing the administrative record through public record requests, and preserving issues for anticipated further litigation. They had to brief and argue a motion to enforce judgment, and research other ways to attempt to spur Federal Defendants to prepare an FMP amendment. They had to brief and argue an appeal to the Ninth Circuit regarding the district court's order denying the motion to enforce. They had to raise the unlawful nature of the FMP amendment to the district court in an amended complaint and briefing regarding accepting an amended complaint, and when that motion was denied, they had to initiate a new lawsuit (this case) to enforce the Ninth Circuit's ruling. They

had to review the administrative record in this case and file and argue summary judgment briefing to this Court, then file remedy briefing with this Court. Given the significant amount of work completed by plaintiffs since the court's prior fee award in September 2018, the amount of fees plaintiffs are requesting is very reasonable. In my experience, the total requested fees and costs of approximately $775,000 is entirely reasonable given the complex nature of the case and the extensive work in administrative and court proceedings involved. In my experience, similar matters in Alaska and Washington have cost at least as much, if not more.

8. The hourly rates charged by Stoel Rives in this matter are also reasonable and in line with market rates for complex environmental litigation in both Seattle and Anchorage. The rates charged by Mr. Steen ($570 to $685 (from 2018–23)) and Mr. Morgan ($520 to $670 (from 2018–23)) are comparable to the rates that I charge Alaska clients for my time during the period from 2018 to 2023 and to the rates my Seattle office colleagues have charged for federal fisheries litigation. Stoel Rives associate rates during the period ($300 to $375) also are comparable to the associates rates my firm charged Alaska clients during the same period.

9. In my opinion, plaintiffs would not have been able to retain qualified counsel for a case of this nature at the EAJA statutory cap of $125 per hour, even when adjusted for inflation.

10. In my opinion, there are few, if any, practitioners in the Anchorage market who have the experience and expertise to properly handle this kind of complex fisheries

case involving federal law, and it was necessary and appropriate for the plaintiffs to reach out to attorneys in Seattle with the requisite expertise.

I declare under the penalty of perjury under the laws of the United States of America and the State of Alaska that the foregoing is true and correct.

Executed on February 21, 2023, at Seattle, Washington.

Svend Brandt-Erichsen

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Alaska by using the CM/ECF system, which will send notice of such filing to counsel of record.

*/s/ Jason T. Morgan*
Jason T. Morgan, AK Bar No. 1602010