Kristin E. Crabb, Esq.
GUESS & RUDD P.C.
1029 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 693-2299 Facsimile
Email: kcrabb@guessrudd.com

Andrew T. Houghton (*pro hac vice*)
Paul R. Dehmel (*pro hac vice*)
David J. Altschuler (*pro hac vice*)
Logan P. McIntyre (*pro hac vice*)
SKARZYNSKI MARICK & BLACK LLP
One Battery Park Plaza, 32nd Floor
New York, New York 10004
(212) 820-7700 Telephone
Email: ahoughton@skarzynski.com
Email: pdehmel@skarzynski.com
Email: daltschuler@skarzynski.com
Email: lmcintyre@skarzynski.com

Attorneys for National Union Fire Insurance Company of Pittsburgh, PA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>TRIUMVIRATE, LLC D/B/A TORDRILLO MOUNTAIN LODGE, MICHAEL RHEAM, MICHAEL OVERCAST, JENNIFER OVERCAST, and THOMAS MOE,<br><br>Defendants and Counterclaimants. | Case No. 3:23-cv-00146-SLG<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S OPPOSITION TO DEFENDANTS' MOTION FOR RULE 37 ATTORNEY'S FEES |

Plaintiff/Counter-Defendant National Union Fire Insurance Company of Pittsburgh, PA, on behalf of itself, as Lead Insurer, and for the respective other Concurrent Insurers ("National Union") on Aviation Policy No. FV 013468429-03 ("the

Policy"), by and through counsel Guess & Rudd P.C. and Skarzynski Marick & Black LLP, as and for its Opposition to Defendants' Motion for Rule 37 Attorney's Fees (the "Motion"), respectfully submits that the Motion should be denied in its entirety for the reasons set forth below.

The consideration of the merits of the Motion begins and ends with Defendants' Motion to Compel <u>and</u> Federal Rules of Civil Procedure Rule 37(a)(5)(A). Defendants' Motion to Compel asked this Court to order two principal forms of relief: (1) that the Court set a date by which National Union would need to complete its production of documents sought by Defendants' first request for production; and (2) that National Union be precluded from asserting attorney/client or work product privileges over any documents that had not been identified on a privilege log as of the time of the Motion to Compel. *See* Defendants' Mot. to Compel at 1 [Doc. No. 32]. Nowhere in the Motion to Compel did Defendants assert that National Union or its counsel had engaged in any improper conduct or refused to produce documents, nor could they have. The Motion to Compel was simply predicated on Defendants' assertion that National Union's agreed production was taking too long.[1]

---

[1] Prior to the Court's May 16, 2024 Order [Doc. No. 46], National Union made additional productions on April 26, 2024, of 62 documents, comprising 314 pages, and on May 2, 2024, of 252 documents, comprising 1,631 pages. National Union also produced a privilege log on May 2, 2024. Notwithstanding National Union's production of a substantial number of documents and the privilege log they requested, Defendants' Motion to Compel remained pending until the Court's Order of May 16.

As the Court is aware, its May 16 Order required National Union to complete its production by June 5, 2024. *See* Doc. No. 46. However, the Court's Order declined Defendants' request for an order precluding National Union from asserting attorney/client or work production privileges so long as a privilege log was provided by June 5. *See* Doc. No. 46 at 3. National Union has fully complied with all aspects of the Court's Order.

Defendants now seek their attorney's fees for the mixed results Order they obtained. National Union respectfully submits that at least one of the Rule 37(a)(5)(A) grounds – any one of which requires denial of the Motion – is applicable and, thereby, the Motion should be denied. National Union respectfully submits that even if the Court were to find some award was appropriate, Defendants' fees are not reasonable within the meaning of Rule 37.

## ARGUMENT

Federal Rules of Civil Procedure Rule 37(a)(5)(A) permits the party that sought a motion to compel that was granted to obtain its "reasonable expenses incurred in making the motion, including attorney's fees", but only after affording the opposing party an "opportunity to be heard". Rule 37(a)(5)(A) provides that a court "must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust."

*Id.*

## I. DEFENDANTS MOTION SHOULD BE DENIED IN ACCORDANCE WITH RULE 37(a)(5)(A)

### A. <u>Defendants Did Not Engage in Sufficient Meet and Confer Efforts Prior to Filing Its Motion to Compel</u>

In support of their Motion, Defendants assert that Rule 37(a)(5)(A)(i) – failure to act in good faith to obtain the desired discovery without court action – is "inapplicable." *See* Mot. at 2, Doc. No. 68. In support of this self-serving assertion, Defendants point to pages 4-5 of the Motion to Compel, which, in two paragraphs, describe the limited meet and confer activities Defendants assert took place between January 12, 2024 and March 20, 2024, which supposedly constituted good faith efforts. But the first paragraph describes a cooperative dialogue between counsel that culminated in a February 14 agreement that addressed and defined the scope of the documentation that National Union would search for and produce in resolution of National Union's properly stated – and uncontested – objections. *See* Mot. to Compel at 4, Doc. No. 32. In other words, as of February 14, there was no dispute over the timing of National Union's document production; instead, that issue only arose afterwards.

The second paragraph described cooperative actions by National Union, and more limited efforts by Defendants, to address National Union's production efforts and timing. Importantly, as described in the Motion to Compel, less than four (4) weeks after the parties reached an agreement on National Union's objections to the scope of discovery – which have never been raised with nor ruled upon by the Court – National Union made a production on March 11, 2024, that, as Defendants acknowledge, was meant to be

"rolling" and thereby not final. *Id.* Yet, Defendants, as they ambiguously asserted in the Motion to Compel, made a demand on March 14th, just three (3) days later, relating to National Union's production with a unilateral deadline of less than one week for compliance (i.e., by March 20, 2024). *Id.*

Specifically, while the language in the Motion to Compel could be read to suggest that the March 14th demand related to the completion of the entirety of National Union's production efforts, [2] in fact, the demand was limited to a specific group of documents. In particular, the March 14th correspondence reflects that Defendants were seeking a discrete category of documents, mainly drafts of the final Horvath release and communications relating to the drafting of such release, and that Defendants were not demanding the completion of National Union's entire production efforts by March 20th. *See* Doc. No. 32-1 at 29. As Defendants admitted in their Motion to Compel, National Union responded to the limited demand by asserting that it was "not reasonable" for it to complete the requested production by the date demanded. Mot. to Compel at 4-5, Doc. No. 32; *see also* Doc. No. 32-1 at 32 (explaining why National Union could not comply with the short deadline but stating that National Union would supplement its production).

Thus, the record Defendants point to reflects a series of cooperative and professional exchanges between counsel wherein an extension of time to respond to the discovery requests was negotiated, certain of National Union's objections to the scope of

---

[2] Please consider that at page 4 of their Motion to Compel, Defendants generically asserted "On March 14, Triumviate asked National Union to produce additional documents and a privilege log by March 20." Mot. to Compel at 4, Doc. No. 32.

the discovery requests were negotiated and mutually agreed to, and National Union commenced its production less than four (4) weeks after that agreement. Understandably, National Union was not able to make a production prior to the agreement because clarification as to the scope of production, based on proper and uncontested objections, needed to be resolved.

As relates to Rule 37(a)(5)(A)(i), the Motion to Compel did not identify or assert any efforts by Defendants after March 14 attempting to resolve any dispute, or even identify that there was a dispute prior to March 14, much less identify any communications, including in the March 14 correspondence, reflecting that Defendants would seek to compel production of documents and/or a privilege log if no further production was forthcoming by a date certain. Instead of making good faith efforts to avoid a motion, Defendants silently waited several weeks and then filed their Motion. The filing was made despite the record Defendants' presented that reflected that National Union had advised that more documents would be produced. Defendants' conduct simply did not comport with the cooperative discussions that parties had been engaged in up until that point and did not rise to the level of "good faith" as stated in Rule 37(a)(5)(A)(i).

Defendants have simply failed to provide a record reflecting purportedly good faith conferral efforts undertaken by them to avoid motion practice. National Union respectfully asserts that the Motion can be denied on this basis alone.

## B. <u>National Union Did Not Act in Dilatory or Improper Manner</u>

With respect to Rule 37(a)(5)(A)(ii) as a ground for denying the Motion – whether the opposing party's actions were justified – Defendants assert that this factor is also "inapplicable". *See* Mot. at 2, Doc. No. 68. This statement is belied by the very facts and timeline relied upon by Defendants in support of their Motion to Compel.

As noted above, the parties engaged in a cooperative dialogue relating to Defendants' requests for production that resulted in an agreed-upon scope of production by which National Union would search for and produce non-privileged responsive documents. Also, as noted above, it made little sense for National Union to search for responsive documents until such time as its properly asserted objections were resolved. The agreement on the scope of production was reached on February 14, 2024, and, less than a month later, National Union began producing documents. In the lead up to the first production, on March 5, National Union's counsel advised Defendants that it was working with its client to collect responsive material and would shortly begin a rolling production. *See* Doc. No. 32-1 at 20. National Union lived up to its representations by making a production on March 11. *See* Mot. to Compel at 4, Doc. No. 32. On March 20, National Union, responding to Defendants' demand, advised that it was "conducting a search" for further documents, including those demanded by Defendants, and again affirmed that there would be further production. *See* Doc. No. 32-1 at 33 of 33.

But instead of waiting for National Union to make additional production(s), or seeking clarity, Defendants, without warning, filed their Motion to Compel on April 4,

2024. The departure from the parties' practice of communicating with each other, less than two months after resolution of the dispute over the scope of Defendants' requests, and while National Union was producing documents, was without justification. At no time was National Union working in a dilatory fashion and Defendants do not accuse National Union of any untoward practices.[3] In short, National Union's efforts were reasonable and justifiable.

National Union has never had any interest in slowing the discovery process and undertook its obligations seriously and in good faith. Before the Motion to Compel was decided by this Court, National Union had produced 2,370 pages of documents. As a corporate entity, it is the unfortunate but unmistakable reality that the search for, gathering of, and review for responsive or privileged material can be a significant and time-consuming exercise. The production of documents made by National Union within an approximate ten-week timeframe, between when the agreement on scope was reached and 2,370 pages of responsive documents were produced, was not unreasonable and was justifiable. Motion practice likely could have been avoided had Defendants continued to engage in communications with National Union before embarking on its alleged nearly $20,000 avoidable exercise. The Motion should be denied under Rule 37(a)(5)(A)(ii).

---

[3] The irony behind Defendants' complaint about the amount of time National Union had been taking to make its production, and the filing of its Motion, is best considered by Defendants' own production of documents, which began rolling out on May 21, 2024, with a new batch of documents being made on August 9. After nearly three months, it appears that Defendants are still in the process of complying with its obligations.

### C. <u>An Award of Fees Requested by Defendants Would be Unjust Under the Facts and Circumstances in this Proceeding</u>

As for the last ground a court must consider in connection with whether to award fees under Rule 37(a)(5)(A), whether the award of expenses would be unjust, Defendants assert that such point is "inapplicable". Mot. at 2, Doc. No. 68. Defendants' argument as to why relies on the assertion that making the motion was the only way for Defendants to get National Union to comply and make a production and prepare a privilege log. *Id*. This is not only pure conjecture, but it is belied by the efforts of the undersigned counsel, who were working diligently with National Union to identify the agreed upon categories of documents and make a production

Although touching upon the other two grounds a court must consider – any one of which is sufficient to deny the Motion – it bears repeating that Defendants' Motion was made without warning and was a departure from the otherwise cooperative communications between the parties. Such conduct should not be rewarded with an unnecessary and unjust fee thrust upon a litigant that was in the process of complying with its discovery obligations. Albeit not as quickly as Defendants may have desired, National Union was in the course of searching for and identifying potentially responsive material at the time the Motion was made, from which material was produced. Not only would the productions and the privilege log that were produced have been made, irrespective of the Motion, both actions likely would have been made earlier but for the diverted time and energy that were required to respond to the Motion.

The unjust nature of Defendants' request for nearly $20,000 in fees is no more easily considered than by a look at the relief sought in Defendants' Motion to Compel. As succinctly summarized, Defendants' Motion to Compel asked the Court to impose a deadline by which National Union would need to complete its production and, in support of this simple ask, Defendants stated: "At issue in this discovery dispute is not the scope of documents National Union must produce, but the pace at which it must produce those documents."[4] Mot. to Compel at 6, Doc. No. 32. In short, Defendants did not assert that National Union had done anything wrong, because they were, in essence, simply asserting that the production process was, in their opinion, taking too long and Defendants wanted an affirmative timeline. Such a request did not require nearly $20,000 in attorney fees, which Defendants now seek to impose upon National Union. The Motion can be denied under Rule 37(a)(5)(A)(iii) because an award of fees would be unjust under the facts and circumstances herein.

---

[4] Note should be made that notwithstanding Defendants' assertion that they were simply seeking a court-imposed deadline for the completion of National Union's production, the scope of which they stated was not in dispute, *see* Mot. to Compel at 6, Doc. No. 32, Defendants nevertheless requested very broad relief in their Motion to Compel that seemingly abrogated the earlier agreement reached by the parties relating to the scope of National Union's production obligations. With the Court's Order in hand, Defendants did in fact retract their earlier agreement over the scope of National Union's production, thereby requiring National Union to spend significant time and resources identifying and producing voluminous documentation (totaling some 2,397 pages and a 105 page privilege log relating to that production) the vast majority of which related to the other victims of the accident, including documents concerning the settlements of several death claims not at issue in this litigation, which bear no relationship to the one resolution involved in this matter.

## II. DEFENDANTS' FEES WERE NOT REASONABLE

Based on the arguments asserted in Section I above, National Union respectfully submits that there are sufficient grounds for the Court to deny the Motion based on one or more of the grounds identified in Rule 37(a)(5)(A). But even if the Court were to consider an award of fees to Defendants, National Union respectfully submits that the fees Defendants seek are not reasonable within the meaning of Rule 37(a)(5)(A).

As the Court is aware, Defendants' Motion to Compel was filed on April 4, 2024. *See* Doc. No. 32. Based on the timeline identified in the Motion to Compel, it apparently was Defendants' March 14, 2024 communication, and National Union's March 20, 2024 response thereto, that set Defendants on the course of filing its Motion to Compel. Yet, Defendants' Motion seeks an award for 10.6 hours of attorney time, for which they seek $4,545, for activities that pre-dated National Union's March 20th response, which response did not reject further production efforts. A review of the time records submitted in support to the Motion reflect that between March 4 to March 13, 2024, Defendants' counsel engaged in routine discovery activities such as "correspond[ing] with opposing counsel", "review[ing] National Union['s] document production"; and "draft[ing] discovery deficiency letter", sometimes with multiple attorneys engaged in the same conduct on the same day. *See* Doc. 68-2 at pages 2-3. National Union does not criticize the identified activities, but they were not "incurred in making the motion" as provided in Rule 37(a)(5)(A) and should be denied.

As for the time spent on the Motion itself, which Defendants counsel commenced drafting on March 21, 2024, Defendants' counsel spent a collective 23.1 hours "Draft[ing] motion to compel" and "Revis[ing] motion to compel". National Union respectfully submits that 23.1 hours, spread across three different attorneys, at the cost of $10,582.50, is excessive for an eleven (11) page motion of mostly factually based content.

Moreover, while it is assumed that some portion of the 23.1 hours expended by Defendants' counsel involved legal research, there is no indication in the time records as to how much time may have been spent on legal research. This point is particularly important considering that Defendants' sole argument for which substantive legal research may have been performed related to Defendants' argument that National Union had somehow waived its rights to assert attorney/client or work product privileges over any otherwise responsive documentation. As the Court is aware, the Court's Order did not grant such relief and therefore Defendants did not prevail on that request. Accordingly, any portion of Defendants' claim for fees relating to that research, and the drafting of that portion of its briefing, should be denied. Although National Union notes that Rule 37(a)(5)(B) could technically be argued to entitle it to seek its reasonable fees in defending against that portion of the Motion to Compel since Defendants were not successful, National Union does not wish to impose even more unnecessary motion practice on the Court.

Finally, Defendants seek fees of $4,797.50 for 10.1 attorney hours spent drafting Defendants' reply brief. National Union respectfully submits that 10.1 hours to draft a

seven (7) page reply brief, only four (4) pages of which contain substantive material, is not reasonable for purposes of Rule 37(a)(5)(A). This is particularly true given that three of the four substantive pages of argument were solely related to the purported waiver of privileges, an issue for which Defendants were not successful and therefore are not eligible for Rule 37 fees.

In summary, National Union respectfully submits that no award of Rule 37 fees would be appropriate considering the nature of the Motion to Compel filed by Defendants, but that even if the Court were to consider such an award, the fees requested by Defendants are not reasonable and should not be awarded in an amount anywhere close to the sum sought by Defendants.

## CONCLUSION

At all times National Union has acted in good faith in performing its discovery obligations. Any delay in the making of its production of responsive documentation is the result of an excusable timeline wherein the date to respond to Defendants written discovery requests was extended by mutual agreement, National Union's responses to the requests were timely objected to (and not challenged), the parties then met and conferred to mutually agree on the scope of National Union's production, and National Union searched for and identified potentially responsive documentation that needed to be reviewed and from which productions were made. Simply looking at a calendar does not explain all that transpired and National Union's production efforts were reasonable under the circumstances. Nevertheless, Defendants evidently wanted a faster production

timeline and, without appropriate good faith discussions with National Union, filed an unnecessary Motion to Compel. An award of the fees Defendants seek would not only be unjust but the fees themselves are not, in their totality, reasonable as required by Rule 37.

For all of these reasons, as more specifically discussed above, National Union respectfully submits that the Motion should be denied in its entirety.

WHEREFORE, Plaintiff/Counter-Defendant National Union prays for an Order denying Defendants' Motion for Rule 37 Attorney's Fees in all respects.

DATED at Anchorage, Alaska, this 13th day of August, 2024.

**ATTORNEYS FOR PLAINTIFF**
*National Union Fire Insurance Company of Pittsburgh, PA*

GUESS & RUDD P.C.

By: s/Kristin E. Crabb
Kristin E. Crabb, AK Bar No. 1011070

SKARZYNSKI MARICK & BLACK LLP
Andrew T. Houghton (*pro hac vice*)
Paul R. Dehmel (*pro hac vice*)
David J. Altschuler (*pro hac vice*)
Logan P. McIntyre (*pro hac vice*)

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2024, a copy of the foregoing document was served electronically on:

Michael A. Grisham, Esq.
Nathan Bishop, Esq.

Guess & Rudd P.C.

s/Kristin E. Crabb
4879-4256-4567, v. 1