IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>        Plaintiff and Counterdefendant,<br><br>        v.<br><br>TRIUMVIRATE, LLC, d/b/a Tordrillo Mountain Lodge, *et al.,*<br><br>        Defendants and Counterclaimants. | Case No. 3:23-cv-00146-SLG |

## ORDER RE PENDING MOTIONS

This order addresses six pending motions.[1]

At Docket 68 is Defendants and Counterclaimants Triumvirate, LLC d/b/a Tordrillo Mountain Lodge, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe's (collectively "Defendants") Motion for Rule 37 Attorney's Fees. Plaintiff and Counterdefendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") responded in opposition at Docket 78 and Defendants replied at Docket 80.

At Docket 72 is National Union's Motion to File under Seal. Defendants responded in opposition at Docket 82 and National Union replied at Docket 85.

---

[1] The pending cross-motions for summary judgment, as well as the two motions to compel, shall be addressed in a separate orders (Dockets 51, 71, 101, and 104).

At Docket 75 is National Union's Motion for Judicial Notice, to which Defendants did not respond.

At Docket 87 is non-party Tracey Knutson's Motion for Sanctions/Fees. Defendants responded in opposition at Docket 91 and Ms. Knutson replied at Docket 93.

At Docket 89 is National Union's second Motion to File under Seal. Defendants responded in opposition at Docket 94. Defendants did not file a reply.

And at Docket 96 is Defendants' Motion to File under Seal their Reply in Support of the Cross-Motion for Partial Summary Judgment and Alternative Rule 56(d) Request and two associated exhibits. National Union did not file a response.

## DISCUSSION

### I. Defendants' Motion for Rule 37 Attorney's Fees

At Docket 68, Defendants move for an award of attorney's fees and costs in the amount of $19,925.00 incurred in connection with their filing of a motion to compel that the Court subsequently granted.[2] National Union responds that an award of attorney's fees in connection with Defendants' motion to compel is not appropriate in this instance as Defendants did not engage in sufficient meet-and-confer efforts prior to filing the motion, National Union did not act in a way that was dilatory or improper, and an award in these circumstances would be unjust.[3]

---

[2] Docket 46.

[3] Docket 78 at 4–10.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 2 of 14
Case 3:23-cv-00146-SLG   Document 115   Filed 10/30/24   Page 2 of 14

Further, it asserts that the requested fee award is unreasonable as it includes attorney time unrelated to the motion to compel as well as over 23 attorney hours billed for drafting an 11-page motion and an additional 10 hours billed for drafting a 7-page reply, which National Union contends is excessive.[4]

When a motion to compel is granted, Federal Rule of Civil Procedure 37(a)(5)(A) requires that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, a court must not order payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," "the opposing party's nondisclosure, response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust."[5]

An award of fees and costs is warranted here.[6] The Court granted Defendants' motion to compel,[7] Defendants adequately engaged National Union in good faith efforts to resolve the discovery dispute before filing their motion, and National Union's rolling production was not substantially justified. National Union

---

[4] Docket 78 at 11–13.

[5] Fed. R. Civ. P. 37(a)(5)(A).

[6] Docket 46; *see also* Fed. R. Civ. P. 37(a)(5)(A).

[7] Docket 46.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 3 of 14
Case 3:23-cv-00146-SLG    Document 115    Filed 10/30/24    Page 3 of 14

insists there was not an adequate meet-and-confer prior to Defendants' filing of the motion to compel,[8] but the exhibits submitted with Defendants' reply in support of the motion for fees indicate otherwise.[9] Prior to filing the motion to compel, Defendants asked National Union to commit to a deadline to produce certain documents on several occasions and threatened to file a motion to compel.[10] One district court in this circuit has noted that a meet-and-confer is sufficient for purposes of Rule 37 when the moving party engages in "two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention."[11] This standard is met in this instance because Defendants identified and discussed the production deadline issue on multiple occasions and via various means before filing their motion.

Further, although National Union asserts that it did not act in a dilatory or improper manner,[12] this Court found otherwise. In its order granting the motion to compel, the Court noted that Rule 34 of the Federal Rules of Civil Procedure does

---

[8] Docket 78 at 4–6.

[9] *See* Docket 80-1; Docket 80-2; Docket 80-3.

[10] *See* Docket 80-1 at ¶ 3 (discussing a production deadline on a call on March 21, 2024); Docket 80-2 at 2 (asking for confirmation of a deadline and threatening a motion to compel); Docket 80-3 (asking via letter that National Union confirm a production deadline).

[11] *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).

[12] Docket 78 at 7–8.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 4 of 14
Case 3:23-cv-00146-SLG   Document 115   Filed 10/30/24   Page 4 of 14

not "accord to a litigant the ability to produce responsive documents whenever that litigant finds it appropriate, so long as a written response to the discovery request is timely provided."[13] Even in its opposition to the motion to compel, National Union gave no indication of when it planned to complete its document production to Defendants.[14] Under these circumstances, the award of fees and costs is appropriate.

However, the Court finds that the amount of fees requested by Defendants is excessive. The issue presented by the motion was straightforward and required only limited legal and factual analysis. As such, the Court finds that no more than 20 total hours of attorney time for this motion practice is reasonable. Twenty hours at the average hourly rate of $475 per hour equals $9,500. The motion at Docket 68 is GRANTED in that amount and the sum of **$9,500** shall be included in the final judgment and credited to Defendants at that time.

## II. National Union's Motions to Seal

At Docket 72, National Union moves the Court to permit it to file under seal its Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment as well as 37 exhibits. Additionally, at Docket 89, National Union moves to file under seal its Reply in

---

[13] Docket 46 at 1–2.

[14] Docket 46 at 2; Docket 34 at 14 (National Union's opposition states it "will be making and completing its production obligations as soon as is reasonably practicable.").

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 5 of 14
Case 3:23-cv-00146-SLG    Document 115    Filed 10/30/24    Page 5 of 14

Support of Cross-Motion for Summary Judgment and Opposition to Defendants' Cross-Motion for Partial Summary Judgment and Alternative Rule 56(d) Request. In its declarations supporting the motions to seal, National Union specifies that filing under seal is necessary because its memorandum and reply address the Horvath settlement and that the exhibits contain confidential documents produced by a non-party, a draft settlement, and settlement communications.[15] In its reply on the motion to seal, National Union withdraws its request for Exhibits 6, 48, 49, and 51 to remain under seal.[16]

Defendants respond that National Union's motion is *pro forma* and does not meet the standard for sealing dispositive motions.[17] Further, Defendants insist that National Union failed to confer on the subject of sealing as required in the parties' Stipulated Protective Order.[18] Nonetheless, Defendants agree that Exhibit 59 should be sealed, as the same exhibit was ordered sealed in Alaska Superior Court.[19] With respect to National Union's motion to seal its reply, Defendants assert that sealing is not justified because National Union did not file a redacted version of the filing in the public record, but instead asserted that the reply must

---

[15] Docket 73 (SEALED) at ¶¶ 5, 8, 9; Docket 90 (SEALED) at ¶ 9.

[16] Docket 85 at 5–6.

[17] Docket 82 at 1, 5–8

[18] Docket 82 at 4–5.

[19] Docket 82 at 3.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 6 of 14
Case 3:23-cv-00146-SLG    Document 115    Filed 10/30/24    Page 6 of 14

be sealed in its entirety because it discusses a settlement agreement.[20]

There is "a general right to inspect . . . public records and documents, including judicial records and documents."[21] Unless a particular court record is one that has been "traditionally kept secret," "a strong presumption in favor of [public] access is the starting point."[22] The Ninth Circuit has explained that judicial records attached to dispositive motions are treated differently from records attached to non-dispositive motions: "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."[23] This "compelling reasons" standard applies to the dispositive motion briefing in this case.

In its reply, National Union reiterates what it asserted in a prior declaration: that its memorandum and reply should be filed under seal because they discuss at length a settlement agreement and that, with the exceptions of Exhibits 6, 48, 49, 51, and 59, the exhibits must be sealed because they were either voluntarily

---

[20] Docket 94 at 3–5; *see also* Local Civ. R. 7.4(f)(2) (requiring a motion to file a document under seal be supported by a declaration or affidavit that certifies that filing the document with redaction is not practicable).

[21] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[22] *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In *Kamakana*, the Ninth Circuit identified two categories of documents that fall in the category of those traditionally kept secret: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. 447 F. 3d at 1178 (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

[23] *Kamakana*, 447 F.3d at 1180 (quoting *Foltz,* 331 F.3d at 1136).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 7 of 14
Case 3:23-cv-00146-SLG    Document 115    Filed 10/30/24    Page 7 of 14

produced by a non-party in confidence, are drafts of settlement documents, or are settlement communications.[24] The Court agrees that the inclusion of significant discussion regarding the Horvath settlement in the filings is a compelling reason to seal them. Further, that the exhibits contain confidential non-party information, settlement drafts, and settlement communications are also compelling reasons to seal. The Court also notes that the motion to seal and other public court records adequately inform interested persons of what the sealed filings contain in general terms. Accordingly, the motions to seal are GRANTED, but without prejudice to a member of the public seeking to have a redacted version made available on the public docket.

The Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment lodged under seal at Docket 74-1, the Reply in Support of Cross-Motion for Summary Judgment and Opposition to Defendants' Cross-Motion for Partial Summary Judgment lodged at Docket 90-1, and the associated exhibits lodged at Docket 73, with the exception of Exhibits 6, 48, 49, 51, and 59 shall be sealed. These filings are accepted as filed at Dockets 73 and 74-1. National Union shall file unredacted copies of Exhibits 6, 48, 49, 51, and 59 on the public docket **within 7 days of this order**.

---

[24] Docket 85 at 5–8.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 8 of 14
Case 3:23-cv-00146-SLG   Document 115   Filed 10/30/24   Page 8 of 14

**III.   National Union's Motion for Judicial Notice**

At Docket 75, National Union moves the Court to take judicial notice of certain filings in two cases related to this case: a declaration in *Triumvirate, LLC, d/b/a Tordrillo Mountain Lodge v. David Horvath and Tracey Knutson*, Case No. 3:22-cv-00061-JWS (D. Alaska) and a sealed motion for summary judgment in *David Horvath v. Triumvirate, LLC, et al.*, Case No. 3AN-23-05352CI (Alaska Sup. Ct.). Defendants did not file a response.

Federal Rule of Evidence 201 provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[25] Matters of public record, such as publicly available court records, are subject to judicial notice.[26] However, a court may not take judicial notice of a matter of public record to consider "the truth of the of the facts recited therein."[27] Rather, a court may only take judicial notice of the existence of the matter.[28]

Court records are subject to judicial notice regardless of whether they are

---

[25] Fed. R. Evid. 201(b).

[26] *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018).

[27] *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (internal quotations and citations omitted).

[28] *Id.*

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 9 of 14
Case 3:23-cv-00146-SLG   Document 115   Filed 10/30/24   Page 9 of 14

sealed as they are readily verifiable.[29] Accordingly, this Court takes judicial notice of the declaration and motion at Docket 75-1 and 70-60. National Union's motion at Docket 75 is GRANTED.

## IV. Tracey Knutson's Motion for Sanctions/Fees

A non-party to this suit, Tracey Knutson, moves for sanctions to be imposed against Defendants for causing an unnecessary subpoena to be served on her.[30] She asserts that this subpoena, which the Court eventually quashed, constituted harassment of a non-party, especially given that National Union ultimately produced the documents that she had been subpoenaed to produce.[31] And she asks that she be allowed to file a declaration of the expenses she incurred in connection with her motion to quash.[32] Defendants respond that sanctions are not warranted, as their basis for its subpoena was reasonable and they did not act for an improper purpose or in bad faith, but rather out of necessity.[33]

Federal Rule of Civil Procedure 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to

---

[29] *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d. 741, 746 n.6 (9th Cir. 2006). ("While some of these documents are filed under seal, they nonetheless are readily verifiable and, therefore, the proper subject of judicial notice.").

[30] Docket 87.

[31] Docket 87 at 5–7; *see also* Docket 84 (granting motion to quash).

[32] Docket 87 at 7.

[33] Docket 91 at 1–4.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 10 of 14
Case 3:23-cv-00146-SLG   Document 115   Filed 10/30/24   Page 10 of 14

avoid imposing undue burden or expense on a person subject to the subpoena" and that "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply."

In this instance, Defendants did not take reasonable steps to avoid imposing an undue burden on Ms. Knutsen. At the hearing on Ms. Knutsen's motion to quash, the Court learned that Defendants had not sought the documents for which they subpoenaed Ms. Knutsen from National Union and that National Union was able to produce them. The Court later quashed the subpoena to Ms. Knutsen and noted that many of the items requested from Ms. Knutsen had been produced by others after the hearing after National Union agreed to try to track them down.[34] Defendants unnecessarily burdened Ms. Knutsen—a non-party—because they failed to request this discovery from a party before issuing the subpoena to Ms. Knutsen. Accordingly, Ms. Knutsen's motion is GRANTED. The Court will award the reasonable expenses she incurred in filing her motion to quash. Ms. Knutsen may submit a declaration setting forth those expenses **within 7 days of this order**. Defendants may file a response identifying any portion of the expenses they believe unreasonable **within 7 days of Ms. Knutsen's filing**.

---

[34] Docket 84.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 11 of 14
Case 3:23-cv-00146-SLG    Document 115    Filed 10/30/24    Page 11 of 14

## V. Defendants' Motion to File under Seal

Finally, Defendants move to file under seal their Reply in Support of the Cross-Motion for Partial Summary Judgment and Alternative Rule 56(d) Request at Docket 96 and Exhibits A and C thereto. National Union did not file a response.

As discussed above, a party seeking to file a dispositive motion briefing under seal must establish "compelling reasons" for doing so to rebut the presumption of public access.[35] Here, Defendants seek to seal a reply that quotes confidential settlement documents, communications concerning settlement, and an early draft of a settlement agreement.[36] As discussed above, the inclusion of confidential settlement information provides a compelling reason to seal these filings. Accordingly, the motion at Docket 96 is GRANTED, but without prejudice to a member of the public seeking to have a redacted version made available on the public docket.

## CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. Defendants' Motion for Attorney's Fees at Docket 68 is GRANTED IN PART AND DENIED IN PART. The sum of **$9,500** shall be included in the final judgment to be credited to Defendants at that time.

---

[35] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[36] Docket 97 (SEALED) at ¶¶ 3, 6, 7.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 12 of 14

Case 3:23-cv-00146-SLG   Document 115   Filed 10/30/24   Page 12 of 14

2. National Union's Motion to File under Seal at Docket 72 is GRANTED except as to Exhibits 6, 48, 49, 51, and 59. The Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment is accepted as filed at Docket 74-1. The associated exhibits, with the exception of Exhibits 6, 48, 49, 51, and 59, are accepted as filed at Docket 73. National Union shall file unredacted copies of Exhibits 6, 48, 49, 51, and 59 on the public docket **within 7 days of this order**.

3. National Union's Motion for Judicial Notice at Docket 75 is GRANTED.

4. Tracey Knutson's Motion for Sanctions/Fees at Docket 87 is GRANTED. Ms. Knutsen may file a declaration delineating her reasonable expenses **within 7 days of this order**. Defendants may file a response identifying any portion of the request they believe is unreasonable **within 7 days of Ms. Knutsen's filing**.

5. National Union's Motion to File under Seal at Docket 89 is GRANTED. The reply at Docket 90-1 is accepted as filed.

6. Defendants' Motion to File under Seal at Docket 96 is GRANTED. The Reply in Support of Cross-Motion for Partial Summary Judgment and Alternative Rule 56(D) Request and Exhibits A and C are accepted as filed at Docket 97.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 13 of 14

Case 3:23-cv-00146-SLG    Document 115    Filed 10/30/24    Page 13 of 14

DATED this 30th day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Pending Motions
Page 14 of 14
Case 3:23-cv-00146-SLG    Document 115    Filed 10/30/24    Page 14 of 14