IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>   Plaintiff and Counterdefendant,<br><br>  v.<br><br>TRIUMVIRATE, LLC, d/b/a Tordrillo Mountain Lodge, *et al.*,<br><br>   Defendants and Counterclaimants. | Case No. 3:23-cv-00146-SLG |

## **ORDER RE MOTION TO COMPEL**

Pending at Docket 104 is Defendants and Counterclaimants Triumvirate, LLC d/b/a Tordrillo Mountain Lodge, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe's (collectively "Defendants") Motion to Compel. Plaintiff and Counterdefendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") responded in opposition at Docket 117 and Defendants replied at Docket 120.

## **BACKGROUND**

This is an action for declaratory relief in which National Union, an insurance company, seeks a judgment that it does not have a duty to defend Triumvirate, LLC ("Triumvirate"), Michael Rheam, Michael Overcast, Jennifer Overcast, and

Thomas Moe in a state court action or indemnify them for damages arising from that action.[1]

On March 27, 2021, a helicopter owned by Soloy Helicopters ("Soloy") and chartered by Triumvirate crashed near the Knik Glacier in Alaska, injuring David Horvath and killing the other passengers on board.[2] At the time of the crash, National Union insured Soloy and Triumvirate under an Aviation Policy ("the Soloy policy") and had a duty to defend its insureds in suits for bodily injury and property damage.[3] Following the crash, David Horvath and others asserted claims against Soloy and Triumvirate for injuries they sustained.[4] National Union settled Mr. Horvath's claim for the limits of its policy with Soloy and, in exchange, obtained from Mr. Horvath a release of Triumvirate's liability that would fall within the coverage of the Soloy policy.[5]

In addition to the Soloy Policy, Triumvirate also was insured under a separate commercial liability policy issued by Prime Insurance Company.[6] Mr.

---

[1] Docket 24 at ¶¶ 36–50.

[2] Docket 24 at ¶ 10, 15.

[3] Docket 24 at ¶¶ 11–15, 20–21.

[4] Docket 24 at ¶ 22.

[5] Docket 24 at ¶¶ 23–26.

[6] Docket 24 at ¶ 27.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 2 of 13
Case 3:23-cv-00146-SLG    Document 138    Filed 11/18/24    Page 2 of 13

Horvath also released any claims for liability that may fall within the aviation exclusion of that policy.[7]

Despite the settlement with Soloy and Triumvirate for damages he suffered in the accident, Mr. Horvath filed a lawsuit against Triumvirate, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe in Alaska Superior Court and sought damages for their alleged failure to take appropriate action *after* the accident.[8] Triumvirate demanded that National Union defend it as well as the other Defendants in this state court action.[9] Therefore, National Union filed this suit to determine its obligations to defend.[10]

In response to the instant suit, Defendants answered and counterclaimed.[11] They asserted that, at the time of Mr. Horvath's first lawsuit, National Union did not inform Triumvirate of its settlement negotiations with Mr. Horvath and did not allow any Defendants to participate.[12] They also allege that Triumvirate's counsel objected to the settlement because it failed to include a full release of any claims and potential claims by Mr. Horvath against Triumvirate.[13] Further, they assert

---

[7] Docket 24 at ¶ 28.

[8] Docket 24 at ¶¶ 29–30, 33.

[9] Docket 24 at ¶¶ 31, 35.

[10] Docket 24 at ¶¶ 36–50.

[11] Docket 26.

[12] Docket 26 at ¶ 14.

[13] Docket 26 at ¶¶ 16–18.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 3 of 13
Case 3:23-cv-00146-SLG   Document 138   Filed 11/18/24   Page 3 of 13

that, when Mr. Horvath filed his second suit, National Union refused to defend them.[14] Accordingly, they too seek a judgment declaring National Union's obligations to defend them in state court and indemnify them.[15] Additionally, Defendants assert that National Union should be estopped from denying coverage as a result of its alleged bad faith, including its failure to communicate with them during the settlement negotiations they held with Mr. Horvath, its acceptance of the terms of the settlement, and its refusal to defend them in the second suit.[16]

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery, and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." Under Rule 34, a party may serve requests for production asking for the production of documents and tangible things that are "in the responding party's possession, custody, or control."[17] Documents are "deemed to be within [a party's] 'possession, custody or control' for purposes of Rule 34 if the party has actual

---

[14] Docket 26 at ¶¶ 20–26.

[15] Docket 26 at ¶¶ 27–41.

[16] Docket 26 at ¶¶ 42–48.

[17] Fed. R. Civ. P. 34(a)(1).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 4 of 13
Case 3:23-cv-00146-SLG   Document 138   Filed 11/18/24   Page 4 of 13

possession, custody or control, or has the legal right to obtain the documents on demand."[18]

If a responding party fails to provide requested documents, the other party may move under Rule 37 for an order compelling their production.[19] "The party that resists discovery has the burden to show why the discovery request should be denied."[20]

If a motion to compel is granted, Rule 37(a)(5)(A) provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, a court must not order payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or if "other circumstances make an award of expenses unjust."[21]

## DISCUSSION

Defendants move to compel National Union to produce unredacted copies of its claim file.[22] They assert that an insurer cannot withhold documents based

---

[18] *FDIC v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010) (emphasis omitted) (quoting 8B Wright, Miller & Marcus, *Federal Practice and Procedure* § 2177 (3d ed. 2010)).

[19] Fed. R. Civ. P. 37(a)(3)(B).

[20] *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

[21] Fed. R. Civ. P. 37(a)(5)(A).

[22] Docket 104. Defendants do not seek production of certain documents identified in National

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 5 of 13
Case 3:23-cv-00146-SLG    Document 138    Filed 11/18/24    Page 5 of 13

on the attorney-client and/or work product privileges where, as here, the insurer's bad faith is at issue.[23]

On November 17, 2023, Defendants propounded discovery requests on National Union that sought "all claim files for claims arising out of or related to the [helicopter crash] including, but not limited to, claims on behalf of Soloy or Defendants."[24] Although National Union produced some documents from the claim file, it redacted or withheld many on the bases that the documents contained attorney-client privileged communications or attorney work product.[25]

Alaska substantive law applies with respect to the attorney-client privilege.[26] However, the application of the work product doctrine is governed by federal law in diversity cases.[27]

---

Union's privilege log, which appear to be unrelated to the settlement negotiations between Mr. Horvath and National Union. Docket 104 at 1 n.1.

[23] Docket 104 at 5–11.

[24] Docket 32-1 at ¶ 3, 9.

[25] Docket 105-1; Docket 105-2; Docket 105-3; Docket 105-4.

[26] Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); *Star Editorial, Inc. v. U.S. District Court for Central District of California*, 7 F.3d 856, 859 (9th Cir. 1993).

[27] Fed. R. Civ. P. 26(b)(3); *Kandel v. Brother Int'l Corp.*, 683 F. Supp. 2d 1076, 1083 (C.D. Cal. 2010) (internal citation omitted).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 6 of 13
Case 3:23-cv-00146-SLG   Document 138   Filed 11/18/24   Page 6 of 13

## I. *In Camera* Review to Determine the Application of the Crime-Fraud Exception to the Attorney-Client Privilege Is Warranted

Defendants assert that National Union cannot redact or withhold its claim file on privilege grounds because it has engaged in bad faith conduct. National Union responds that a prima facie showing of fraud and *in camera* review of the materials are required before the Court may order the disclosure of attorney-client privileged communications under the crime-fraud exception to the privilege.[28] Further, National Union maintains that the privileged documents are not related to Defendants' bad faith claim, which is based on National Union's failure to communicate to Defendants about the Horvath settlement.[29] National Union insists that it has produced all communications between itself and Defendants as well as between itself and Tracey Knutson.[30] And National Union insists that Defendants fail to make a prima facie case that satisfies the crime-fraud exception.[31]

"Generally, communications between attorneys and clients for the purpose of providing legal services are privileged."[32] However, "the attorney-client privilege

---

[28] Docket 117 at 7–8.

[29] Docket 117 at 9–11.

[30] Docket 117 at 10–11.

[31] Docket 117 at 11–14.

[32] *Watkinson v. Dep't of Corr.*, 540 P.3d 254, 276 (Alaska 2023) (citing Alaska R. Evid. 503(b), (d)).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 7 of 13
Case 3:23-cv-00146-SLG   Document 138   Filed 11/18/24   Page 7 of 13

cannot be used to protect communications regarding the commission of a crime or civil fraud occurring during or after the establishment of the attorney-client relationship."[33] In *Central Construction Co. v. Home Indemnity Co.*, the Alaska Supreme Court held that this crime-fraud exception applies such that "services sought by a client from an attorney in a crime or a *bad faith breach* of a duty are not protected by the attorney-client privilege."[34] There, the alleged bad faith breach of a duty was an insurer's denial of coverage.[35]

In *Central Construction*, the Alaska Supreme Court also adopted the approach used by the United States Supreme Court in *United States v. Zolin*[36] to determine whether materials a party believes are subject to the crime-fraud exception.[37] Review proceeds in two steps: when a party believes that attorney-client communications are discoverable under the crime-fraud exception, they must make "a showing of a factual basis adequate to support a good faith belief by a reasonable person" that the exception applies.[38] When such a showing is

---

[33] *Munn v. Bristol Bay Hous. Auth.*, 777 P.2d 188, 195 (Alaska 1989) (citing *United Servs. Auto Ass'n v. Werley*, 526 P.2d 28, 32–33 (Alaska 1974)).

[34] 794 P.2d 595, 598 (Alaska 1990) (emphasis in original).

[35] *Id.* at 599–600.

[36] 491 U.S. 554 (1989).

[37] 794 P.2d at 599.

[38] *Id.* (quoting *Zolin*, 491 U.S. at 572).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 8 of 13
Case 3:23-cv-00146-SLG    Document 138    Filed 11/18/24    Page 8 of 13

made, the Court may, in its discretion, conduct an *in camera* inspection to determine whether the crime-fraud exception applies.[39]

The Court finds that *in camera* review of the redacted or withheld documents within National Union's claim file is appropriate to determine whether the crime-fraud exception to the attorney-client privilege applies. Defendants have alleged a bad faith breach of duty as part of their estoppel claim.[40] In support of that claim, they have submitted evidence that the settlement National Union negotiated with Mr. Horvath treated Triumvirate and Soloy differently.[41] Further, they submitted communications that show that counsel for Mr. Horvath specifically sought to negotiate a settlement with Soloy without informing Triumvirate or its counsel and that counsel for Soloy was concerned about the settlement not adequately addressing Mr. Horvath's future claims against Triumvirate, among others.[42] The terms of the Horvath settlement as well as these communications provide a "factual basis adequate to support a good faith belief by a reasonable person" that National Union may have breached duty of good faith and fair dealing with respect to its insured at the time of the Horvath settlement and when it later declined to defend

---

[39] *Id.* (citing *Zolin*, 491 U.S. at 572).

[40] Docket 26 at ¶ 44.

[41] Docket 53-2 (SEALED).

[42] Docket 122-1 (SEALED) AT 5; Docket 122-2 (SEALED) at 2.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 9 of 13
Case 3:23-cv-00146-SLG   Document 138   Filed 11/18/24   Page 9 of 13

Triumvirate and others in a subsequent state court action and that its claim file may contain related discoverable information.

In *Central Construction*, the Alaska Supreme Court concluded that an insurer's actions "passing up opportunities for settlement and acting adversely to [the insured's] interest," "would . . . constitute a bad faith breach of [the insurer's] duty to defend the suit in the best interest of the insured."[43] In this case, evidence suggest that National Union's negotiation of the Horvath settlement may have favored one of its insured at the expense of another. Under the Soloy Policy and Alaska law, National Union had duties to each of its insureds, Soloy and Triumvirate.[44] National Union's alleged settlement conduct, if proven, could constitute bad faith.

## II. The Work Product Doctrine Does Not Preclude the Disclosure of the Claim File

National Union also asserts that portions of its claim file are protected by the work product doctrine and that Defendants have not demonstrated a compelling need such that those documents are discoverable.[45] National Union contends that the facts underlying the protected work product could be developed through other discovery, including depositions of National Union witnesses, including a Rule

---

[43] 794 P.2d at 599–600.

[44] Docket 51-4 at 17; *see also Williams v. GEICO Cas. Co.*, 301 P.3d 1220, 1226 (Alaska 2013) (noting insurers have a duty to seek release of all insureds).

[45] Docket 117 at 16–17.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 10 of 13
Case 3:23-cv-00146-SLG   Document 138   Filed 11/18/24   Page 10 of 13

30(b)(6) witness who will testify as to the insurer's claims handling.[46] Defendants respond that their claims put National Union's attorney's mental impressions at issue and that the documents National Union has produced are so redacted as to make depositions ineffective.[47]

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."[48] "But . . . those materials may be discovered if . . . they are otherwise discoverable . . . and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."[49] Heightened protection is afforded "opinion" or "core" work product, that is, materials that reveal an attorney's mental impressions or opinions.[50] This work product is discoverable only "when mental impressions are at issue in a case and the need for the material is compelling."[51]

---

[46] Docket 117 at 16–17.

[47] Docket 120 at 8–10.

[48] Fed. R. Civ. P. 26(b)(3).

[49] Fed. R. Civ. P. 26(b)(3).

[50] *McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc.*, 333 F.R.D. 638, 641 (D. Or. 2019) (citing *Admiral Ins. Co. v. United States District Court for the District of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989)).

[51] *Holmgren v. State Farm Mutual Ass'n. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 11 of 13
Case 3:23-cv-00146-SLG    Document 138    Filed 11/18/24    Page 11 of 13

"[T]he party asserting protection under the work-product doctrine generally has the burden to show that the elements of the doctrine have been established."[52]

As part of their bad faith claim, Defendants seek punitive damages for National Union's allegedly bad faith conduct related to settlement. "To support punitive damages, the wrongdoer's conduct must be outrageous, such as acts done with malice or bad motives or reckless indifference to the interests of another."[53] Similarly, Defendants' claim for estoppel may require proof of intent.[54] As such, "[t]he 'strategy, mental impressions and opinion' of [the insurer's] adjusters are therefore at issue' in this case."[55]

Additionally, there is a compelling need for this work product. Depositions, including of National Union's Rule 30(b)(6) witness, cannot provide discovery of the intent of the attorneys and adjusters who handled the claims under the Soloy Policy and ensuing settlement.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel at Docket 104 is GRANTED as follows: National Union shall submit to the Court the portions of its

---

[52] *Ruby Receptionists, Inc.*, 333 F.R.D. at 641.

[53] *Heynen v. Allstate Ins. Co.*, Case No. 1:11-CV-00010-TMB, 2013 WL 12171613, at *4 (D. Alaska Dec. 10, 2013) (quoting *State Farm Fire & Cas. Co. v. Nicholson*, 777 P.2d 1152, 1158 (Alaska 1989)).

[54] *See Gefre*, 306 P.3d at 1280.

[55] *Heynen*, 2013 WL 12171613, at *4 (quoting *Holmgren*, 976 F.2d at 577).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 12 of 13

Case 3:23-cv-00146-SLG   Document 138   Filed 11/18/24   Page 12 of 13

claim file it redacted or withheld on attorney-client privilege grounds for *in camera* review **within 7 days of this order**.[56]  Additionally, National Union shall produce to Defendants unredacted copies of the portions of its claim file it redacted or withheld solely on work product grounds **within 7 days of this order**.

DATED this 15th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[56] *But see* Docket 104 at 1 n.1 (specifying documents identified in National Union's privilege log with respect to which Defendants do not seek production and National Union need not produce).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, et al.*
Order re Motion to Compel
Page 13 of 13
Case 3:23-cv-00146-SLG      Document 138      Filed 11/18/24      Page 13 of 13