Michael A. Grisham, ABA #9411104
grisham.michael@dorsey.com
Nathan Bishop, ABA #2305051
bishop.nathan@dorsey.com
Brittany Garza, pro hac vice
garza.brittany@dorsey.com
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501
(907) 276-4557

Attorneys for Defendants and Counterclaimants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>    Plaintiff and Counter-Defendant,<br><br>vs.<br><br>TRIUMVIRATE, LLC d/b/a TORDRILLO MOUNTAIN LODGE, MICHAEL RHEAM, MICHAEL OVERCAST, JENNIFER OVERCAST, and THOMAS MOE,<br><br>    Defendants and Counterclaimants. | Case No. 3:23-cv-00146-SLG<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FRCP 26(c) AND TO QUASH SUBPOENAS PURSUANT TO FRCP 45(d)(3)** |

Defendants[1] request that this Court deny Plaintiff National Union's[2] Motion for Protective Order Pursuant to FRCP 26(c) and to Quash Subpoenas Pursuant to FRCP 45(d)(3). Triumvirate should be permitted to depose attorneys Andrew T. Houghton

---

[1] Triumvirate, LLC d/b/a Tordrillo Mountain Lodge, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe (collectively, "Defendants" or "Triumvirate").
[2] National Union Fire Insurance Company of Pittsburg, PA ("National Union").

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS
Page 1 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

Case 3:23-cv-00146-SLG     Document 142     Filed 11/20/24     Page 1 of 13

and Karen Schnur as they are both material fact witnesses who participated in the events that led to the parties' present dispute. National Union's tactical decision to use attorneys to investigate claims, negotiate settlements, and deny claims should not foreclose the insureds' ability to depose witnesses. As one federal court explained when permitting the depositions of opposing counsel:

> [A party] should not be foreclosed from deposing the individuals at the heart of [the insurer's] investigation solely because they happen presently to serve as the [insurer's] trial counsel. Such a rule would permit insurers to circumvent the limitations on attorney-client privilege and shield critical evidence relating to their investigations from discovery by hiring lawyers when they receive a notice of claim.[3]

Mr. Houghton and Ms. Schnur have knowledge of conversations and decisions that are central to Triumvirate's bad-faith claim. This Court should refuse National Union's attempt to prevent Triumvirate from discovering these facts.

## I. BACKGROUND

This case is an insurance dispute stemming from a 2021 helicopter crash that occurred near the Knik Glacier in Alaska.[4] The helicopter was owned and operated by Soloy Helicopters, LLC ("Soloy").[5] Defendant Triumvirate had chartered Soloy's helicopter to transport clients to conduct heli-ski operations.[6] Plaintiff National Union

---

[3] *Aerojet Rocketdyne, Inc. v. Glob. Aero., Inc.*, No. 2:17-cv-01515-KJM-AC, 2022 U.S. Dist. LEXIS 1595, at *20 (E.D. Cal. Jan. 4, 2022).
[4] Doc. 26 at 13, ¶ 11 (Triumvirate et al.'s Answer to First Amended Complaint and Counterclaims).
[5] *Id.*
[6] *See generally* Doc. 51-3 (Ex. B to Defendant's Motion for Summary Judgment).

OPPOSITION TO PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENAS
Page 2 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

provided coverage to Soloy and Triumvirate under an insurance policy (the "Soloy Policy").[7]

Following the helicopter accident, survivor David Horvath asserted claims against Soloy and Triumvirate seeking damages for injuries sustained in the crash.[8] Initially, National Union conducted the negotiations with Mr. Horvath through counsel it hired for Soloy.[9] For reasons National Union has refused to explain, though, it eventually engaged its own attorneys Andrew Houghton and Karen Schnur to attempt to finalize a settlement with Mr. Horvath.

Shortly before Mr. Horvath signed the settlement, Mr. Houghton finally notified Triumvirate about the release National Union was negotiating for Triumvirate.[10] After Triumvirate objected, Mr. Houghton again corresponded with Triumvirate in an attempt to justify National Union's actions.[11]

Ultimately, National Union and Mr. Horvath's counsel crafted a skewed settlement that fully released Soloy from all of Mr. Horvath's potential claims, yet provided only a limited release for Triumvirate.[12] The limited release of claims against Triumvirate excluded a category of damages created by Mr. Horvath and National Union—so called "post-crash injuries"—for the specific purpose of allowing Mr. Horvath to pursue

---

[7] Doc. 26 at 4, ¶ 15.
[8] Doc. 26 at 13, ¶ 11.
[9] *Cf.* Doc. 50 (ordering National Union to produce "communication between Horvath and Soloy").
[10] Counsel Declaration, Exhibit A.
[11] Counsel Declaration, Exs B & C.
[12] *See* Doc. 24 at 5-6, ¶¶ 23-25.

OPPOSITION TO PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENAS
Page 3 of 13

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

Case 3:23-cv-00146-SLG   Document 142   Filed 11/20/24   Page 3 of 13

4859-0364-6717\2

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

additional claims against Triumvirate and its owners.[13] When Mr. Horvath later brought additional claims against Triumvirate, National Union denied coverage to Triumvirate and its owners.[14] National Union subsequently filed this claim for declaratory judgment, and Triumvirate and its owners filed a counterclaim for wrongful denial of coverage and for bad faith in both the denial of coverage and in the negotiations with Mr. Horvath.[15]

In March 2024, after National Union produced documents from its negotiation of the Horvath Settlement, Triumvirate informed National Union that it was clear "that Mr. Houghton was directly involved in the settlement negotiations with Mr. Horvath's counsel" and that he was "a material witness."[16] Given that he would likely be called to testify at trial, Triumvirate requested that Mr. Houghton withdraw from representation of National Union.[17] National Union refuse to have Mr. Houghton withdraw.[18]

On October 4, 2024, Triumvirate requested that National Union suggest dates for the depositions of Mr. Houghton and Ms. Schnur.[19] On October 15, National Union responded by objecting to the deposition requests.[20] On October 24, the parties held a meet and confer.[21] During this call, Triumvirate noted that, at minimum, testimony regarding what occurred during National Union's various meetings with Mr. Horvath's counsel

---

[13] Doc. 26 at 14, ¶ 13.
[14] *Id*. at 15-16, ¶¶ 19-26.
[15] *See generally* Doc. 26.
[16] Declaration of Counsel, Exhibit D.
[17] *Id*.
[18] Declaration of Counsel, Exhibit E.
[19] Doc. 127-4 at 2.
[20] Doc. 127-3 at 4.
[21] Declaration of Counsel, ¶ 8.

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS
Page 4 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

Case 3:23-cv-00146-SLG   Document 142   Filed 11/20/24   Page 4 of 13

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

would be highly relevant to Triumvirate's claims.[22] National Union suggested that testimony from Mr. Horvath's counsel would explain what occurred during those meetings and so the depositions of National Union's representatives would not be necessary.[23] Triumvirate asked if National Union would call those same representatives to be rebuttal witnesses, but National Union was unwilling to confirm its position as to whether it would call Mr. Houghton or Ms. Schnur as witnesses.[24]

## II. ARGUMENT

This Court should deny National Union's Motion. Testimony from Mr. Houghton and Ms. Schnur is undeniably relevant as they were active participants in the Horvath Settlement negotiations. National Union has known for months that Mr. Houghton is a material witness to the case. Yet National Union claims that Mr. Houghton and Ms. Schnur's status as attorneys prohibits Triumvirate from deposing them. This Court should reject National Union's attempt to hide relevant testimony.

To be perfectly clear, Triumvirate is <u>not</u> seeking testimony about National Union's present litigation strategy. Triumvirate only seeks testimony on what happened during the Horvath Settlement negotiations and surrounding National Union's denial of coverage. Namely, Triumvirate seeks to learn what National Union did in its claim investigation, what was said during calls with Mr. Horvath's counsel, National Union's mental impressions in light of relevant facts, and National Union's motivation for devising a

---

[22] *Id.*
[23] *Id.*
[24] *Id.*

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS
Page 5 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

Case 3:23-cv-00146-SLG    Document 142    Filed 11/20/24    Page 5 of 13

skewed settlement with Mr. Horvath and denying Triumvirate's tenders. As this information is relevant to Triumvirate's bad-faith claim and punitive damages, this Court should not quash Triumvirate's subpoenas to Mr. Houghton and Ms. Schnur.

### A. Standard.

Rule 30 permits a party to depose "any person."[25] A court may nonetheless issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[26] The decision whether to issue a protective order and its terms are committed to the trial court's discretion.[27] Similarly, a court "may quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies [or that] subjects a person to undue burden"[28] and the court's decisions in this regard are afforded broad discretion.[29]

### B. Alaska Law Permits Triumvirate to Depose National Union's Attorneys.

This Court should decline to apply either the *Shelton* or *Friedman* tests, and instead should follow the Alaska Supreme Court's guidance on attorney depositions. As National Union acknowledges, the Ninth Circuit has not adopted the *Shelton* or *Friedman* tests. Given that this is an Alaska case applying Alaska law, it would be most appropriate to follow Alaska law rather than apply tests from other jurisdictions.

---

[25] Fed. R. Civ. P. 30(a)(1).
[26] Fed. R. Civ. P. 26(c).
[27] *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992).
[28] Fed. R. Civ. P. 45(d)(3)(A).
[29] *In re Cal. Pub. Utils. Com.*, 892 F.2d 778, 780 (9th Cir. 1989).

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS
Page 6 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

The Alaska Supreme Court has explicitly rejected the *Shelton* test and held "that an attorney is no more entitled to withhold information than any other potential witness, and may be required to testify at a deposition or trial as to material, non-privileged matters."[30] The Court further held that a party may depose an opposing attorney if the civil fraud exception to the attorney-client privilege applies.[31]

While the Alaska Supreme Court's conclusion was not directly related to an insurance dispute, its conclusion is consistent with other trial courts that have recognized that attorney depositions are appropriate in insurance bad faith disputes. For example, the Washington Western District noted that it has never applied the *Shelton* test "in the context of insurance bad faith litigation."[32] The Court instead follows the Washington Supreme Court's guidance that documents are presumptively not afforded any attorney-client privilege given an insurance company's quasi-fiduciary duties to its insureds.[33] Applying this standard, Washington Federal Courts have repeatedly allowed the depositions of the insurance company's attorney.[34] Other district courts in the Ninth Circuit have reached the

---

[30] *Munn v. Bristol Bay Hous. Auth.*, 777 P.2d 188, 196 (Alaska 1989).
[31] *Id*. 195-96 (citing *United Servs. Auto. Ass'n v. Werley*, 526 P.2d 28, 33 (Alaska 1974) (finding civil fraud exception applied to insurer's bad faith conduct)).
[32] *Water's Edge, A Condo. Owners Ass'n v. Affiliated FM Ins. Co.*, No. C19-1553JLR, 2022 U.S. Dist. LEXIS 138343, at *5 (W.D. Wash. Aug. 2, 2022) (quoting *Bagley v. Travelers Home & Marine Ins. Co.*, No. C16-0706JCC, 2016 U.S. Dist. LEXIS 191128, 2016 WL 8738672, at *2 (W.D. Wash. July 5, 2016)).
[33] *Id*. (citing *Cedell v. Farmers Ins. Co. of Wash.*, 295 P.3d 239, 246 (Wash. 2013)).
[34] *See, e.g., id*. at *7; *Bagley v. Travelers Home & Marine Ins. Co.*, No. C16-0706 JCC, 2016 U.S. Dist. LEXIS 191128, at *15 (W.D. Wash. July 5, 2016).

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS
Page 7 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

same conclusion that *Shelton* is inapplicable in the insurance bad-faith context and permitted attorney depositions.[35]

This Court should reach the same conclusion and permit the depositions of Mr. Houghton and Ms. Schnur. National Union owed special duties to Triumvirate and attempted to fulfill those duties through attorneys. It would be highly prejudicial to Triumvirate (and similarly situated insureds) to prohibit Triumvirate from seeking testimony from National Union's agents simply because National Union strategically conducted its business through attorneys. Thus this Court should deny National Union's motion for a protective order and motion to quash.

### C. Triumvirate May Depose Mr. Houghton and Ms. Schnur Under the *Shelton* Test.

Even if this Court were to apply the *Shelton* test, Triumvirate would still be permitted to depose Mr. Houghton and Ms. Schnur. The *Shelton* test considers three conditions:

> (1) [There are] no other means exist to obtain the information than to depose opposing counsel;
> (2) the information sought is relevant and nonprivileged; and
> (3) the information is crucial to the preparation of the case.[36]

Here, all three conditions are met.

First, Triumvirate has no other secured means of obtaining the relevant information other than deposing Mr. Houghton and Ms. Schnur. National Union posits that all relevant

---

[35] *See, e.g.*, *Aerojet Rocketdyne, Inc. v. Glob. Aero., Inc.*, No. 2:17-cv-01515-KJM-AC, 2022 U.S. Dist. LEXIS 1595, at *20 (E.D. Cal. Jan. 4, 2022).
[36] *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS
Page 8 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

information may be acquired from the testimony of Mr. Horvath's counsel. Yet Mr. Horvath's counsel has not confirmed their willingness to participate in a deposition.

National Union also contends that relevant information may be gleaned from documents it has already produced. It is unreasonable to conclude that the entirety of conversations with an adverse party are reflected in written correspondence. To determine if National Union acted in bad faith during the negotiations, the jury should consider what Mr. Horvath's counsel said in negotiations and National Union's response (including any evidence that they vigorously advocated on behalf of Triumvirate). The documents National Union has produced reflect the conclusions from conferences with Mr. Horvath's counsel, not the content of the discussions that yielded those conclusions. Testimony from National Union's agents is still necessary to learn what occurred during the settlement negotiations.

Importantly, National Union has not indicated that their agents will not testify at trial. Even if Mr. Horvath's counsel willingly testifies, National Union has refused to definitively state that their agents will not provide rebuttal testimony. Triumvirate has no other means of anticipating what that rebuttal testimony will be absent a deposition. Thus the first *Shelton* consideration is met.

Second, the information Triumvirate seeks is relevant. National Union acted in bad faith when it investigated the claims arising out of the helicopter crash, made its coverage determinations, and negotiated the Horvath Settlement. It knew that Mr. Horvath sought to assert rescue-related claims against Triumvirate but did not inform Triumvirate of

OPPOSITION TO PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENAS
Page 9 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

Case 3:23-cv-00146-SLG   Document 142   Filed 11/20/24   Page 9 of 13

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Mr. Horvath's intent or its (erroneous) conclusion that such claims would not be covered under the Soloy Policy. Instead, it made sure that the Horvath Settlement fully released Soloy, even for rescue-related claims, and exhausted the policy limits in an attempt to extinguish its duty to defend Triumvirate from the claims it knew Mr. Horvath would allege. National Union "deliberately kept [Triumvirate] in the dark about the [negotiations] so that [National Union] could exercise sole control over the process."[37] The conduct of National Union's agents, both in the negotiation of the Horvath Settlement and in its denial of Triumvirate's tender, is therefore at issue. As Triumvirate is seeking punitive damages for its bad-faith claim, the mental impressions of National Union's agents are also directly at issue.

National Union's privilege claims are also insufficient to prohibit the depositions of Mr. Houghton and Ms. Schnur. At the outset, there is no privilege for communications with an adverse party,[38] so Mr. Houghton and Ms. Schnur's conversations with Mr. Horvath's counsel would not be privileged. To the extent Mr. Houghton and Ms. Schnur were involved in National Union's investigation of Mr. Horvath's claims, their testimony is also discoverable. As this Court has already found, under federal law, "the 'strategy, mental impressions and opinion' of the insurer's adjusters are . . . at issue' in this case" and "there is a compelling need for [National Union's] work product" given

---

[37] *Cent. Constr. Co. v. Home Indem. Co.*, 794 P.2d 595, 599 (Alaska 1990).
[38] *See Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 328 (N.D. Cal. 1985) (holding that disclosure of attorney-client and work-product privileged materials to adverse party waives privilege as such disclosure "is inherently inconsistent with the adversary system").

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS
Page 10 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

Case 3:23-cv-00146-SLG   Document 142   Filed 11/20/24   Page 10 of 13

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Triumvirate's claims for punitive damages for National Union's bad-faith conduct.[39] Similarly, under Alaska law, the crime-fraud exception to attorney-client privilege applies to an insurer's "bad faith breach of a duty."[40] As the Court's *in camera* review of National Union's claim file will show, National Union worked with its attorneys to prioritize Soloy's and its own interests above Triumvirate's during the Horvath Settlement negotiations. National Union's communications with their attorneys surrounding the negotiations to facilitate their bad faith are not privileged. Thus, as the information Triumvirate seeks is relevant and not privileged, attorney depositions are appropriate under the second *Shelton* factor.

Finally, the third *Shelton* factor is met because the information sought is crucial to Triumvirate's case. Mr. Houghton and Ms. Schnur's conduct goes to the core of Triumvirate's bad-faith claim. In the Horvath Settlement negotiations, National Union had the opportunity to fulfill their quasi-fiduciary duties to Triumvirate by advocating for a full release of any claims against Triumvirate. They failed to do so. The events that led them to that failure and the basis for their flawed reasoning are directly at issue. Similarly, National Union's basis for failing to rectify its mistakes when evaluating Triumvirate's tender are at issue. Triumvirate should not be handicapped at trial by limiting its access to witnesses who can testify to these issues.

---

[39] Doc. 138 at 12 (quoting *Heynen v. Allstate Ins. Co.*, Case No. 1:11-CV-00010-TMB, 2013 WL 12171613, at *4 (D. Alaska Dec. 10, 2013)) (cleaned up).
[40] Doc. 138 at 8 (citing *Central Constr.*, 794 P.2d at 599).

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS
Page 11 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

As all the *Shelton* factors are met, this Court should not prohibit Triumvirate from deposing Mr. Houghton and Ms. Schnur.[41]

**D.     Triumvirate May Depose Mr. Houghton and Ms. Schnur Under the *Friedman* Test.**

Triumvirate is also entitled to depose National Union's agents under the infrequently used *Friedman* test.[42] The "relevant facts and circumstances" recommend the conclusion that depositions of Mr. Houghton and Ms. Schnur are appropriate.[43] As noted above, Mr. Houghton and Ms. Schnur were active participants in the Horvath Settlement negotiation and at least Mr. Houghton took an active role in denying Triumvirate's coverage. National Union also cannot earnestly represent that the documents it has produced reflect the entirety of the negotiations and National Union's intent. There is minimal risk in encountering privilege and work-product issues given National Union's bad faith renders their communications excepted from attorney-client privilege and Triumvirate's compelling need for evidence of National Union's mental impressions and intent. In the context of this bad faith insurance dispute, it is entirely appropriate for Triumvirate to depose Mr. Houghton and Ms. Schnur as material fact witnesses.

---

[41] *Cf. Roberts v. City of Fairbanks*, No. 4:17-cv-00034-SLG, 2022 U.S. Dist. LEXIS 54774, at *22 (D. Alaska Mar. 25, 2022) (granting motion to compel where "*Shelton* test weighs strongly in favor of disclosure").

[42] Within the Ninth Circuit, federal district courts have cited to *Shelton* more than 200 times compared to approximately 50 citations to *Friedman*. Especially within the insurance bad-faith context, the *Friedman* test is likely inappropriate to evaluate a party's request to depose an attorney.

[43] *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman (In re Subpoena Issued to Dennis Friedman)*, 350 F.3d 65, 72 (2d Cir. 2003).

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS
Page 12 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

## II. CONCLUSION

For the foregoing reasons, Triumvirate respectfully requests that the Court deny National Union's Protective Order Pursuant to FRCP 26(c) and to Quash Subpoenas Pursuant to FRCP 45(d)(3).

DATED this 20th day of November, 2024.

DORSEY & WHITNEY LLP

By: */s/ Nathan Bishop*
    Michael A. Grisham, ABA #9411104
    Nathan Bishop, ABA # 2305051
    Brittany Garza, pro hac vice

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing was served this 20th day of November, 2024, through the court's CM/ECF system.

By: */s/ Nathan Bishop*
    Nathan Bishop

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS
Page 12 of 13
4859-0364-6717\2

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
3:23-cv-00146-SLG

Case 3:23-cv-00146-SLG   Document 142   Filed 11/20/24   Page 13 of 13