IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>    Plaintiff and Counterdefendant,<br><br>    v.<br><br>TRIUMVIRATE, LLC, d/b/a Tordrillo Mountain Lodge, *et al.*<br><br>    Defendants and Counterclaimants. | Case No. 3:23-cv-00146-SLG |

## ORDER ON MOTION AND MEMORANDUM SEEKING CLARIFICATION AND/OR RECONSIDERATION OF THE COURT'S JANUARY 14, 2024 ORDER

Before the Court at Docket 169 is non-party David Horvath's Motion and Memorandum Seeking Clarification and/or Reconsideration of the Court's January 14, 2024 Order. The Court did not request responses from the parties.

## LEGAL STANDARDS

### I. Permissive Intervention Pursuant to Rule 24

Rule 24(b) allows a district court to permit a movant to intervene permissively if the movant "has a claim or defense that shares with the main action a common question of law or fact."[1] The Ninth Circuit has held that permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely

---

[1] Fed. R. Civ. P. 24(b)(1)(B).

motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[2] "If the trial court determines that the initial conditions for permissive intervention under rule . . . 24(b)(2) are met, it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention."[3] Relevant additional factors include:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case, . . . whether the intervenors' interests are adequately represented by other parties, . . . , and whether parties seeking intervention will significantly contribute to . . . the just and equitable adjudication of the legal questions presented.[4]

Ultimately, the decision to allow permissive joinder is discretionary and courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[5]

## II. Reconsideration

Reconsideration requires "showing of . . . manifest error of the law or fact; discovery of new material facts not previously available; or intervening change in

---

[2] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citations omitted). The first requirement of an independent jurisdictional ground "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." *Id.* at 844.

[3] *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

[4] *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (citations omitted).

[5] Fed. R. Civ. P. 24(b)(3).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motion for Clarification and/or Reconsideration
Page 2 of 7
Case 3:23-cv-00146-SLG    Document 172    Filed 01/21/25    Page 2 of 7

the law."[6] A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[7] Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[8]

## DISCUSSION

Mr. Horvath, a non-party, seeks permissive intervention "on the issue of the Court's January 14, Order as it succinctly relates to the Court's finding of a 'single unforeseen event' as it relates to the March 27, 2021 helicopter accident."[9] Additionally, he requests that the Court reconsider its January 14, 2025 Order on Motions for Summary Judgment at Docket 168.

### I. Permissive Intervention Is Denied

Mr. Horvath seeks to intervene permissively in this case pursuant to Rule 24. He asserts that there are common questions of law and fact between the claims in his pending state court matter and this case.[10] He further claims that "the District Court's Order makes clear that it is operating in something of a factual

---

[6] Local Civil Rule 7.3(h)(1).

[7] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[8] *Id.* (quotations omitted).

[9] Docket 169 at 1.

[10] Docket 169 at 12.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motion for Clarification and/or Reconsideration
Page 3 of 7
Case 3:23-cv-00146-SLG   Document 172   Filed 01/21/25   Page 3 of 7

vacuum that is clearly impacting its holdings" and seeks to supply additional facts and arguments related to Alaska law.[11]

Before a court may consider whether it should exercise its discretion to allow intervention, a putative intervenor must show an independent ground for jurisdiction and file a timely motion.[12] Mr. Horvath has done neither here. The Court has diversity jurisdiction in this case, so an independent jurisdictional basis is required.[13] Mr. Horvath does not offer any independent basis for this Court's jurisdiction. Additionally, Mr. Horvath's motion to intervene is not timely. Courts consider three factors in determining whether a motion for permissive intervention is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.[14] "Any substantial lapse of time weighs heavily against intervention."[15] "In the context of permissive intervention, . . . [courts] analyze the timeliness element more strictly than [they] do with intervention as of right."[16] Mr. Horvath moves to intervene in order to supplement the record on summary judgment with additional

---

[11] Docket 169 at 12.

[12] *Freedom from Religion Found., Inc.*, 644 F.3d at 843.

[13] *Id.* at 844.

[14] *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303, 1308 (9th Cir. 1997).

[15] *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996) (quotation marks and citation omitted).

[16] *League of United Latin Am. Citizens*, 131 F.3d at 1308.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motion for Clarification and/or Reconsideration
Page 4 of 7
Case 3:23-cv-00146-SLG    Document 172    Filed 01/21/25    Page 4 of 7

facts more than six months after the briefing on the three motions began, over three months after the briefing was complete, and after the Court issued its order.[17] Although he apologizes that "he was not more closely following the above-entitled case before the District Court's recent order," he offers no reason for this significant delay.[18] Most importantly, allowing intervention at this time would severely prejudice the parties who have spent significant time and resources litigating three motions, on which Mr. Horvath now seeks to offer input. For the foregoing reasons, Mr. Horvath's motion to intervene is DENIED.

## II. Reconsideration Is Denied

Even assuming the Court permitted intervention, Mr. Horvath's motion for reconsideration would fail. As an initial matter, the motion is procedurally infirm, which itself would warrant denial. Local Civil Rule 7.1(e) requires that, where a party files multiple motions, they must each be filed separately. Here, Mr. Horvath presents two motions—a motion to intervene and a motion to reconsider—in a single motion. Further, Local Civil Rule 7.3(h) also limits motions for reconsideration to 5 pages. Mr. Horvath's motion is 17 pages.

Putting these procedural issues aside, Mr. Horvath's motion for reconsideration fails on the merits. Reconsideration requires "showing of . . .

---

[17] *See* Docket 51 (motion for summary judgment filed July 3, 2024); Docket 97 (SEALED) (reply filed September 25, 2024); Docket 168 (Court's order).

[18] Docket 169 at 17.

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motion for Clarification and/or Reconsideration
Page 5 of 7

manifest error of the law or fact; discovery of new material facts not previously available; or intervening change in the law."[19] A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[20] Mr. Horvath does not assert any manifest error of law or fact. Instead, he "thinks it is important that the Court understand the extrinsic evidence surrounding the undisputed facts of the heli ski operators duties and why those extrinsic facts and Alaska case law support a modification or reconsideration of the District Court's holding that what happened on March 27, 2021 was a 'single unforeseen event' or one occurrence."[21] He then offers extensive evidence outside the Court's record and arguments related to Alaska tort law.[22] Notably, Mr. Horvath's lengthy memorandum does not contain any citation to, nor discussion of, the relevant provisions of the insurance policy at issue in this case.

Finally, Mr. Horvath does not contend that he recently discovered new evidence that warrants reconsideration. Rather, Mr. Horvath seeks to add considerable evidence that neither party to this litigation included with their summary judgment briefings that was focused on the interpretation of the relevant

---

[19] Local Civil Rule 7.3(h)(1).

[20] *Carroll*, 342 F.3d at 945.

[21] Docket 169 at 3.

[22] Docket 169 at 3–12; *see also* Dockets 169-1–13 (over 270 pages of exhibits).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motion for Clarification and/or Reconsideration
Page 6 of 7
Case 3:23-cv-00146-SLG   Document 172   Filed 01/21/25   Page 6 of 7

insurance policy. The Court's review of Mr. Horvath's exhibits confirms that his proposed evidence is not newly discovered.[23] Accordingly, Mr. Horvath presents no basis for the Court to reconsider its prior order. The motion for reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, the motion at Docket 169 is DENIED. Additionally, all of the exhibits attached at Docket 169-1 through 169-13, totaling over 270 pages, are STRICKEN FROM THE RECORD pursuant to Local Civil Rule 1.1(b)(8).

DATED this 21st day of January, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[23] *See, e.g.,* Docket 169-1 (Mr. Horvath's state court filing dated August 13, 2024); Docket 169-2 (declaration dated March 14, 2018); Docket 169-3 at 1–44 (deposition conducted by Mr. Horvath's attorney in May 2024); Docket 169-4 (deposition conducted by Mr. Horvath's attorney on June 3, 2024); Docket 169-5 (deposition conducted by Mr. Horvath's attorney June 4, 2024).

Case No. 3:23-cv-00146-SLG, *National Union Fire Insurance Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motion for Clarification and/or Reconsideration
Page 7 of 7
Case 3:23-cv-00146-SLG   Document 172   Filed 01/21/25   Page 7 of 7