Kristin E. Crabb
Guess & Rudd P.C.
1029 W. 3rd Ave., Suite 400
Anchorage, Alaska 99501
Telephone: (907) 793-2200
Facsimile: (907) 793-2299
Email: kcrabb@guessrudd.com

Andrew T. Houghton (*pro hac vice*)
David J. Altschuler (*pro hac vice*)
Paul R. Dehmel (*pro hac vice*)
Logan P. McIntyre (*pro hac vice*)
Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor
New York, New York 10004
Telephone: (212) 820-7700
Email: ahoughton@skarzynski.com
Email: daltschuler@skarzynski.com
Email: pdehmel@skarzynski.com
Email: lmcintyre@skarzynski.com

Attorneys for National Union Fire Insurance Company of Pittsburgh, PA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiff,<br><br>v.<br><br>TRIUMVIRATE, LLC, D/B/A TORDRILLO MOUNTAIN LODGE, MICHAEL RHEAM, MICHAEL OVERCAST, JENNIFER OVERCAST, and THOMAS MOE,<br><br>Defendants. | Case No.: 3:23-cv-00146-SLG<br><br>**MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO RULE 37(a)(5)(A)** |

Pursuant to Rule 37(a)(5)(A), Plaintiff/Counter-Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), by and through counsel Guess & Rudd P.C. and Skarzynski Marick & Black LLP, hereby requests that the Court award

its attorneys' fees incurred in bringing its Motion to Compel [Doc. 101], which was granted.

## I. PRELIMINARY STATEMENT

Though Defendants Triumvirate, LLC d/b/a Tordrillo Mountain Lodge, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe (collectively "Defendants") continue to abuse the discovery process by failing to comply with their obligation to produce responsive documents to National Union as required by the Court's orders [Doc. 148 and Doc. 181] (collectively, the "Discovery Orders"), the instant motion only concerns National Union's Motion to Compel and the associated costs and fees that National Union incurred in bringing said motion.[1] Under FRCP Rule 37(a)(5), National Union must be awarded the reasonable expenses that it incurred because Defendants had no substantial justification for their failure to produce documents responsive to National Union's discovery requests. While Defendants incorrectly asserted that such documents were not relevant or were non-responsive, the Court has since definitively held that the documents National Union seeks are both relevant and discoverable by National Union. This includes all documents that reflect Defendants' knowledge of the existence and status Horvath settlement, including documents relating to other claims or settlements. The Court further held that, by affirmatively putting their alleged lack of knowledge at

[1] Defendants' continued failure to produce documents pursuant to the Discovery Orders is not the subject of this motion under Rule 37(a)(5)(A) for costs incurred in making the Motion. Separately, National Union has moved for sanctions under Rule 37(b) based on Defendants' failure to comply with the Discovery Orders.

issue in asserting their bad faith claim, under Alaska law, Defendants waived the attorney-client privilege with respect to all documents reflecting their knowledge of the Horvath settlement. Accordingly, irrespective of their attorney-client designations, Defendants had no reasonable basis in law or fact for failing to produce all documents reflecting their knowledge of the Horvath settlement negotiations.

## II. PROCEDURAL BACKGROUND

On October 8, 2024, National Union moved to compel Defendants to produce documents in response to National Union's requests for production and subpoena to non-party Delaney Wiles, Inc. (the "Motion"). The Court granted National Union's Motion.

In the Order granting National Union's Motion to Compel dated November 26, 2024 [Doc. 148], the Court held that "Defendants shall produce all unredacted documents and communications responsive to National Union's RFPs numbered 11–22 and the subpoena to Delaney Wiles within 7 days."[2] Subsequently, in the Order on Pending Motions dated February 6, 2025 [Doc. 181], the Court denied Defendants' Motion for Reconsideration and again ordered Defendants to produce the documents, as clarified, within 7 days. National Union is therefore entitled to an award of its reasonable expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

[2] [Doc. 148] at page 17.

## III. ARGUMENT

Fed. R. Civ. P. 37(a)(5)(A) provides:

> If the motion is granted […] the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.[3]

As none of the three exceptions listed in 37(a)(5)(A) apply, Defendants must be required to pay the reasonable expenses that National Union incurred in making the Motion.

First, National Union sent three letters beginning on September 3, 2024 and held two separate Meet and Confer meetings with Defendants' counsel Nathan Bishop on September 19, 2024 and September 27, 2024, seeking to obtain the discovery prior to filing the Motion.[4] In these letters and during these meetings, National Union pointed out key communications that were missing from Defendants' document productions, including key communications reflecting Defendants' knowledge of the existence and status of Horvath settlement negotiations, which are necessary for National Union's defense of Defendants' bad faith counterclaim.[5] Accordingly, National Union expended considerable good faith efforts for over a month in an attempt to obtain documents from

[3] Fed. R. Civ. P. 37(5)(A).
[4] [Doc. 101-1] at pages 3-5.
[5] *Id.*

Defendants voluntarily before filing the Motion, which the Court granted in the Discovery Orders.[6]

Second, Defendants' failure to produce any documents in response to National Union's repeated requests is not substantially justified. The Ninth Circuit has held that "[t]he burden of establishing substantial justification is on the party being sanctioned."[7] This Court has held that a "position on a discovery issue is 'substantially justified' if the parties had a 'genuine dispute' or if 'reasonable people could differ as to the appropriate outcome." *Samson Tug & Barge Co. v. Int'l Longshore & Warehouse Union*, *Alaska Div.*, No. 3:20-CV-00108-TMB, 2023 WL 4273702, at *10 (D. Alaska June 29, 2023) (holding there was no substantial justification for a party's refusal to provide sufficient information to assesses its assertions of privilege), *citing Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (elaborating that substantial justification requires more than a showing that a party is "merely undeserving of sanctions for frivolousness"). This Court has further held that "substantially justified" "describes a position that has a reasonable basis both in law and in fact."[8]

---

[6] The instant motion excludes the costs National Union incurred for the substantial amount of time it expended reviewing Defendants' document productions and identifying deficiencies during this month-long meet and confer process.

[7] *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir.1995).

[8] *E.E.O.C. v. Parker Drilling Co.*, No. 3:13-CV-00181-SLG, 2014 WL 5410661, at *6 (D. Alaska Oct. 22, 2014) *citing Timms v. United States*, 742 F.2d 489, 492 (9th Cir.1984) (holding that "substantially justified" means "justified in substance or in the main" and that this formulation "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit").

Here, Defendants' deliberately withheld and failed to produce documents responsive to National Union's discovery demands on several improper bases.

Defendants refused to produce "hundreds" of documents on the basis that they related to other claims arising out of the accident, asserting that the documents were neither relevant to the instant action nor responsive to National Union's discovery demands.[9] These documents included "extensive communications regarding settlement negotiations" referenced in Delaney Wiles' invoices that National Union identified as missing from Defendants' document productions. As the Court has now held that documents relating to other claimants are both relevant and discoverable by National Union under Rule 26(b)[10], Defendants' assertion that "there [were] no other discoverable documents Triumvirate can produce" is baseless. Therefore, Defendants' basis for failing to produce these documents prior to the Motion is meritless, and there is no justification for Defendants' failure to produce them.

In addition, Defendants withheld (and continue to withhold) documents reflecting their knowledge of the Horvath settlement negotiations on the facially meritless basis that they did not put their knowledge and their counsel's knowledge at issue. The Court has since expressly held Defendants have put their knowledge, which is reflected in attorney-client communications, "directly at issue" because "it is clear that under Alaska law,

---

[9] [Doc. 109] at pages 13-14; Defendants sought to withhold documents relating to other claims arising out of the accident even though they had already sought and obtained an order compelling National Union to produce its entire claims file including portions related to other claims.

[10] *Id*. at 16.

Triumvirate's lack of knowledge is an essential element of its estoppel claim and thus evidence with respect to that knowledge is integral to that claim."[11] The Court later clarified that "the factual allegations underlying Triumvirate's bad faith claim mean that Triumvirate has waived the attorney-client privilege with respect to its knowledge of the Horvath settlement negotiations."[12] Therefore, Defendants' intentional conduct in asserting a bad faith claim, which put their knowledge at issue, and their subsequent refusal to produce documents related to their unsubstantiated factual allegations, is not substantially justified because it is based on Defendants' misrepresentation of the facts and their mistaken understanding of Alaska law. The Court has ruled that Alaska law is "clear" that Defendants have put their knowledge at issue by asserting a bad faith estoppel claim from their very first pleading in the instant litigation, and, even aside from estoppel, there is no genuine dispute that Defendants have an obligation to produce documents reflecting their knowledge and their counsel's knowledge of the Horvath settlement negotiations, including documents they withheld or redacted as attorney-client communications.

While Defendants' admittedly have an interest in protecting materials that were timely and properly designated as privileged, National Union did not demand, prior to filing the Motion, that Defendants produce *all* privileged materials or suggest that Defendants made a "blanket" waiver of all privileges. Rather, National Union expressly

---

[11] [Doc. 148] at page 11.
[12] [Doc. 181] at page 23.

limited its demand to the production of documents reflecting Defendants' and their counsel's knowledge of Horvath settlement negotiations based on the well-established principal under Alaska law that parties "cannot be permitted to thrust their lack of knowledge into the litigation while simultaneously retaining the attorney-client privilege to frustrate proof of knowledge that negates the very foundation necessary to their positions."[13] Defendants nevertheless refused to produce documents reflecting their alleged lack of knowledge on the basis that "Triumvirate's knowledge is entirely irrelevant."[14] Again, the Court has directly refuted Defendants' basis for withholding these documents by stating that "Defendants put the protected information at issue by making it relevant in this case."[15] Accordingly, Defendants were not justified in withholding documents reflecting their knowledge, as they are indisputably relevant to their bad faith claim and National Union's defenses. Likewise, because under Alaska law attorney-client privilege does not apply to the instant circumstances when the asserting party has put their alleged lack of knowledge at issue, Defendants' failure to produce even privileged documents relating to their knowledge had no reasonable basis in law or fact.

Third, there are no other circumstances that would make the award of expenses unjust. Under similar willful and abusive discovery tactics, this Court has awarded costs incurred in bringing motions to compel for evasive or incomplete discovery responses.

---

[13] [Doc 181] at page 20.
[14] [Doc. 109] at page 12.
[15] [Doc. 148] at page 9.

*See Smith v. Texas San Marcos Treatment Ctr., LP*, No. 3:09-CV-00141-TMB, 2010 WL 11508319, at *10 (D. Alaska Oct. 4, 2010) (holding that "Defendants appear to have deliberately chosen to pursue a strategy of stonewalling and obstruction in this case. Many of the positions they have asserted here are meritless, and severely prejudicial to Plaintiffs, who have been deterred from their efforts to uncover the facts of this case by several unnecessary and unwarranted discovery disputes."); *see also Samson v. Int'l Longshore*, *supra* at *11 ("These repeated failures reflect a mistaken understanding of the law and cannot be attributed to the discovery process in this case"). Defendants' deliberate decision to withhold documents responsive to National Union's discovery demands based on a mistaken understanding of clearly established Alaska law concerning their discovery obligations is unjustified and cannot be attributed to the discovery process. As the Court has recognized, the documents National Union sought are necessary for National Union's defense of the bad faith claims that Defendants are pursuing, and there is no justification for withholding the documents.

As detailed in the attached Declaration of David J. Altschuler, National Union incurred $32,318 in attorneys' fees in the preparing the Motion [Doc. 101], a Reply to Defendants Opposition to the Motion [Doc. 114], and a Motion For Leave to File Sur-Surreply [Doc. 143].[16] Moreover, no adjustment to this amount is necessary under

[16] Even though Defendants made numerous related filings after the Court granted National Union's Motion to Compel on November 26, 2024 seeking to avoid the ordered production of documents, the instant motion does not seek an award of the substantial fees incurred in opposing such filings, including Defendants' Motion for Leave to Amend Counterclaim [Doc. 155], Defendants' Motion for Reconsideration/Clarification [Doc. 156], or Defendants' Notice of Supplemental Authority [Doc. 179].

consideration of the relevant factors articulated in *Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which include "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, […] (8) the amount involved and the results obtained, […] and (12) awards in similar cases." National Union's fees are reasonable, consistent with market rates, and less than the rates charged by Defendants' counsel (*See* Altschuler Declaration at ¶ 6). The amount of time and labor expended in National Union's efficient research on discovery obligations under Alaska law and its subsequent motion papers constitute reasonable expenses incurred in making the Motion under Rule 37(a)(5)(A). The amount of legal work involved is further substantiated by the results obtained in the Discovery Orders, which require Defendants to produce documents critical for National Union's defense of their bad faith counterclaim. This work includes the additional briefing to respond to Defendants' incorrect assertion in its Sur-Reply that "Triumvirate has never asserted a bad faith estoppel claim."[17] The Court ultimately agreed with National Union's position outlined in its Sur-Surreply, holding that Defendants' assertion is "directly at odds" with the language used in Defendants' counterclaim and their allegations of bad faith which "are consistent with a counterclaim for bad faith estoppel."[18] Since this briefing was necessary for National Union to respond to Defendants' misstatements and it

[17] [Doc. 136-1] at page 1.
[18] [Doc. 148] at page 14.

was directly related to the Motion, the fees related to the briefing also qualify as reasonable expenses under Rule 37(a)(5).

Lastly, federal district courts in the Ninth Circuit have awarded comparable fees and costs in similar cases involving discovery misconduct. *See Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305 (C.D. Cal. 2020), *aff'd*, No. 22-56070, 2024 WL 3631140 (9th Cir. Aug. 2, 2024) (awarding $38,932 in attorneys' fees following a motion to compel); *see also Puckett v. Cnty. of Sacramento,* No. 2:22-CV-0350 KJM DB, 2024 WL 2304885, at *4 (E.D. Cal. May 21, 2024), *reconsideration stricken*, No. 2:22-CV-00350-KJM-DB, 2024 WL 3831837 (E.D. Cal. Aug. 15, 2024) (calculation using rate of $400 per hour for 67.75 hours of attorney time results in a lodestar of $27,100.); *see also Roush v. Berosini*, 66 F. App'x 725 (9th Cir. 2003) (affirming district court's award of $256,087 in attorneys' fees and costs pursuant to FRC Rule 37).

## IV. <u>CONCLUSION</u>

WHEREFORE, National Union respectfully requests that the Court award it $32,318 in attorneys' fees incurred in connection with its Motion to Compel [Doc. 101] and grant such further relief as is appropriate under the circumstances.

DATED at Anchorage, Alaska, this 7th day of March, 2025.

**ATTORNEYS FOR PLAINTIFF**
*National Union Fire Insurance Company of Pittsburgh, PA*

GUESS & RUDD P.C.

By: s/Kristin E. Crabb
Kristin E. Crabb, AK Bar No. 1011070

SKARZYNSKI MARICK & BLACK LLP
Andrew T. Houghton (*pro hac vice*)
David J. Altschuler (*pro hac vice*)
Paul R. Dehmel (*pro hac vice*)
Logan P. McIntyre (*pro hac vice*)

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2025, a copy of the foregoing document was served electronically on:

Michael Grisham, Esq.
Nathan Bishop, Esq.

Guess & Rudd P.C.

s/Kristin E. Crabb
F:\DATA\6968\1\Pleadings\78 Motion for Rule 37(a) Attorneys' Fees for National Union's Motion to Compel, 4925-6742-1216 v.docx