Michael A. Grisham, ABA #9411104
grisham.michael@dorsey.com
Nathan Bishop, ABA #2305051
bishop.nathan@dorsey.com
Brittany Garza, pro hac vice
garza.brittany@dorsey.com
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501
(907) 276-4557

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

Plaintiff and Counter-Defendant,

vs.

TRIUMVIRATE, LLC d/b/a TORDRILLO MOUNTAIN LODGE, MICHAEL RHEAM, MICHAEL OVERCAST, JENNIFER OVERCAST, and THOMAS MOE,

Defendants and Counterclaimants.

Case No. 3:23-cv-00146-SLG

**OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO RULE 37(a)(5)(A)**

Triumvirate[1] did not abuse the discovery process by safeguarding documents that were justifiably withheld on the basis of attorney-client privilege. Triumvirate was also justified in withholding documents concerning other passengers on the basis that those claims are irrelevant to Triumvirate's bad faith claim against National Union for its conduct

[1] Triumvirate, LLC d/b/a Tordrillo Mountain Lodge, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe (collectively, "Defendant" or "Triumvirate").

during settlement negotiations with David Horvath. Each of these issues presented close questions of law and fact that could not have been decided through the parties' meet-and-confer efforts, but instead required Court intervention. Therefore, National Union's[2] Motion for Award of Attorneys' Fees ("Motion for Fees"),[3] seeking attorneys' fees in connection with its Motion to Compel,[4] should be denied. However, if this Court finds that fees are warranted (they are not), National Union's requested fees are excessive.

## BACKGROUND

On March 13, 2024, National Union served its Second Set of Requests for Production ("Requests") on Triumvirate,[5] and served a subpoena duces tecum on Delaney Wiles, Inc. ("Delaney Wiles") on May 10, 2024.[6] Triumvirate responded with objections to National Union's Requests, including objections based on attorney-client privilege and proportionality as some of the Requests were not relevant to the issues raised in this litigation.[7] Following a meet and confer, Triumvirate agreed to produce documents "relating to Mr. Horvath's claim[s],"[8] and agreed to produce a privilege log.[9] Triumvirate also produced all non-privileged, relevant documents responsive to National Union's Requests that it received from Delaney Wiles, along with a supplemental privilege log.

---

[2] Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's ("National Union").
[3] Doc. 190.
[4] Doc. 101.
[5] Doc. 101-2.
[6] Doc. 101-3.
[7] Doc. 101-2.
[8] *Id.*
[9] Doc. 101-11

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

On October 8, 2024, National Union filed its Motion to Compel, seeking production of two categories of documents: (1) documents withheld on the basis of attorney-client privilege that relate to Triumvirate's knowledge of Horvath's claim and settlement with National Union; and (2) documents relating to the separate claims of other passengers involved in the helicopter crash.[10]

Triumvirate opposed the Motion to Compel, arguing first that Triumvirate did not put its knowledge of National Union's settlement negotiations at issue such that it waived attorney-client privilege under the *Hearn*[11] factors.[12] Triumvirate also argued that the other passengers' claims are not relevant to Triumvirate's claim of bad faith against National Union based on its settlement negotiations with Mr. Horvath.[13] Notably, in its Reply, National Union raised for the first time the argument that Triumvirate brought a bad faith estoppel claim.[14] The Court granted Triumvirate's Motion to File a Sur-Reply, in which Triumvirate explained that it did not bring a bad faith estoppel claim, but instead raised a quasi-estoppel argument—not a separate claim—addressing National Union's interpretation of the Soloy Policy.[15] The Court, however, adopted National Union's estoppel argument and granted its Motion to Compel, ordering Triumvirate to "produce all unredacted documents and communications responsive to National Union's RFPs

[10] *See generally*, Doc. 101.
[11] *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975).
[12] Doc. 109 at 7-13
[13] *Id*. at 13-14.
[14] Doc. 114 at 4-6.
[15] Doc. 136-1.

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

numbered 11–22."[16]

On December 3, 2024, Triumvirate filed a Motion for Clarification and Reconsideration of the Court's order granting National Union's Motion to Compel.[17] Triumvirate again clarified that it did not bring a bad faith estoppel claim or any claim that had an element of detrimental reliance, but instead a bad faith tort claim.[18] Triumvirate also sought clarification regarding the scope of the Court's order.[19] On February 6, 2025, this Court granted, in part, Triumvirate's Motion for Clarification and Reconsideration, clarifying that "Triumvirate shall produce all documents concerning the other settlements but may limit its production to only those documents that reflect knowledge of the National Union/Horvath settlement negotiations."[20] On February 13, 2025, as ordered by the Court, Triumvirate produced attorney-client privileged documents reflecting its "knowledge of the National Union/Horvath settlement negotiations," as well as a supplemental privilege log.[21]

## ARGUMENT

National Union is not entitled to attorney fees pursuant to Federal Rule of Procedure 37(a)(5)(A). First, Triumvirate was substantially justified in withholding documents based on attorney-client privilege, a designation that National Union does not dispute. Second,

[16] Doc. 148.
[17] Doc. 156.
[18] *Id*. at 4-6.
[19] *Id*. at 2-4.
[20] Doc. 181 at 16.
[21] Doc. 191 at 7. Triumvirate supplemented this production on March 6, 2025. *Id*. at 11.

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Triumvirate's argument that the documents concerning the other passengers are irrelevant to the claims and defenses at issue was also substantially justified. However, should the Court find that attorneys' fees are warranted, the total amount of requested fees is unreasonable because the request is based on an excessive number of attorney work hours.

### A. Triumvirate's Contention That It Did Not Waive Attorney-Client Privilege Was Substantially Justified.

Because it is undisputed that the documents at issue in National Union's Motion to Compel are privileged, Triumvirate's actions to safeguard these privilege documents was substantially justified. In fact, National Union acknowledges that Triumvirate has an "interest in protecting materials that were timely and properly designated as privileged."[22] Therefore, National Union is not entitled to attorneys' fees.

Rule 37(a)(5)(A) provides that:

> If [a motion to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court ***must not order*** this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was ***substantially justified***; or
> >
> > (iii) other circumstances make an award of expenses unjust.

(Emphasis added.)

[22] Doc. 190 at 7.

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

The substantial justification standard is not a high burden.[23] Rather, the Supreme Court concluded that the substantial justification standard "has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or 'if reasonable people could differ as to [the appropriateness of the contested action].'"[24] Here, there was a genuine dispute regarding whether Triumvirate waived Triumvirate's attorney-client privilege.

Although National Union claims that Alaska law is "clear" that Triumvirate put its knowledge at issue sufficient to waive attorney-client privilege, National cites to no Alaska authority finding that an *insured* waived attorney-client privilege by asserting a bad faith *tort* claim. National Union, instead, relies on the elements of a bad faith estoppel claim, a claim that Triumvirate has repeatedly stated it has not brought, to assert that it is in entitled to fees. However, in this Court's order on Triumvirate's Motion for Clarification and Reconsideration, the Court addressed Triumvirate's contention that it has brought a bad faith tort claim, not a bad faith estoppel claim. The Court acknowledged that the "Alaska Supreme Court has not precisely defined the element of the tort of bad faith in [the insurance] context."[25] The Court, therefore, relied on Triumvirate's factual allegations—not the law—to find that Triumvirate put its knowledge of the settlement negotiations at issue, thereby "impliedly waived the attorney-client privilege with respect to

[23] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[24] *Id*. (internal citations omitted) (alteration in original).
[25] Doc. 181 at 18-19 (citing *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 (Alaska 2014)).

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

communications that may reflect that knowledge."[26] In such circumstances where there is no controlling caselaw, courts in this Circuit have routinely declined to award fees.[27]

Further, courts are hesitant to award fees in similar cases where privileged information was put at issue in a motion to compel and production of the same was subsequently ordered by the court. For example, in *Carlson v. Lewis Cnty. Hosp. Dist. No.1*, after applying the *Hearn* factors, the Court found that that the opposing party impliedly waived attorney-client privilege as to basis of termination.[28] However, the Court denied the moving party's request for fees under Rule 37(a)(5)(A) because "whether Defendants waived the attorney-client privilege is a close question," making the defendants' nondisclosure and objection "substantially justified."[29]

Like *Carlson*, whether Triumvirate waived attorney-client privilege was a close question.[30] In its opposition to National Union's Motion to Compel, Triumvirate argued

---

[26] *Id*.

[27] *See, e.g.*, *Hahn v. Massage Envy Franchising, LLC*, 2014 U.S. Dist. LEXIS 201610, at *6 (S.D. Cal. Aug. 22, 2014) ("Whereas here, there is an absence of controlling authority, and the issue presented is one not free from doubt and could engender a responsible difference of opinion among conscientious, diligent but reasonable advocates, then the opposing positions taken by them are substantially justified.") (quotations omitted); *Moore v. Garnand*, 2020 U.S. Dist. LEXIS 120496, at *8 (D. Ariz. July 9, 2020) ("The court finds that the defendants' objection to the plaintiffs' request for production was substantially justified. This case presents unusual circumstances, and there does not appear to be any controlling case law directly on point. Reasonable minds could differ about the plaintiffs' right to discovery.").

[28] 2016 U.S. Dist. LEXIS 173044, at *10-11 (W.D. Wash. Dec. 14, 2016).

[29] *Id*. at *13.

[30] Contrary to National Union's contention that the attorney-client privilege "does not apply" in this scenario (Doc. 190 at 8), the issue raised in the Motion to Compel had nothing to do not with whether the privilege existed or applied, but whether it had been waived.

that its knowledge of National Union's settlement negotiations with Mr. Horvath was irrelevant to its bad faith tort claim because National Union had a duty, regardless of Triumvirate's independent knowledge, to (1) notify Triumvirate that a conflict of interest had arisen in the settlement negotiations, and (2) to initiate a declaratory action once it knew that Mr. Horvath would not agree to a release of all claims he sought to assert against Triumvirate.[31] Further, Triumvirate's bad faith tort claim does not require proof of knowledge or detrimental reliance.[32] While National Union ultimately prevailed in its Motion to Compel, the Court found it necessary to partially grant Triumvirate's Motion for Clarification and Reconsideration.[33] The Court both narrowed its prior order by clarifying that it had not found a broad waiver of privilege and further reconsidered the issue of waiver based on the lack defined elements to a bad faith tort claim in Alaska.[34] Accordingly, the question of waiver was a close one about which reasonable minds could (and did) differ. Thus, Triumvirate's nondisclosure without Court intervention was substantially justified and an award of fees is not warranted.

### B. Triumvirate Contention That Documents Concerning The Other Passengers Is Irrelevant To The Claims and Defenses In This Lawsuit Was Substantially Justified.

Triumvirate's bad faith tort claim against National Union is based on National Union's bad faith conduct when negotiation the Horvath Settlement Release. Triumvirate, therefore, did not produce documents regarding claims made by the other passengers

---

[31] Doc. 109 at 11-12.
[32] *See Lockwood*, 323 P.3d at 697.
[33] Doc. 181 at 15-20.
[34] *Id*. at 17.


DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

because they were irrelevant to its bad faith claim and not relevant to its knowledge of National Union's settlement negotiations with Mr. Horvath. Notably, none of the settlement releases for the other passengers resulted in disparate treatment between Triumvirate and Soloy, so it was unclear why Triumvirate's settlement negotiations with other claimants would be pertinent to National Union's negotiations with Mr. Horvath.

During the parties' meet-and-confer efforts, National Union did not provide a plausible explanation as to why Triumvirate's awareness of the other passengers' claims was relevant to Horvath's Settlement Release. Rather, National Union waited until briefing its Motion to Compel to explain its reasoning that these documents are relevant to this litigation. Although the Court ultimately agreed that documents regarding the other passengers' claims is relevant under the broad scope of discoverable information, a genuine dispute existed as to whether these documents were relevant to the claims and defenses in this litigation. Accordingly, an award of fees is therefore not warranted. [35]

**C. National Union's Requested Attorneys' Fees Are Excessive.**

Should this Court find that attorneys' fees are warranted here (they are not), National Union's request for $32,318 for researching and briefing its Motion to Compel and subsequent related filings, reflecting 93 hours of work, is excessive and unreasonable.

Courts have discretion to determine whether the reasonableness of an attorneys' fees

---

[35] *See, e.g.*, *Lifschutz v. Am. Bd. of Surgery*, 2015 U.S. Dist. LEXIS 200757, at *7 (C.D. Cal. Apr. 24, 2015) (declining to award fees even though the court disagreed with the plaintiff's relevance objection because it "recognize[d] the logical appeal of plaintiff's argument").

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

request, and may decline to grant the full amount requested if the requested fees are excessive.[36] In connection with a prior motion for fees, this Court found that no more than 20 total hours of attorney work was reasonable for Triumvirate's motion to compel.[37] The Court, therefore, reduced the requested fee award because the issues presented in the motion to compel were "straightforward and required only limited legal and factual analysis."[38]

Here, while the issues raised by the Motion to Compel presented genuine disputes, in no way were the disputes so unique as to justify 93 hours of work. Moreover, the 17.8 hours attributed to National Union's Motion to File a Sur-Surreply[39] (a document that is only six pages) should not be awarded because the Court did not grant this motion.[40] More importantly, this Motion to File a Sur-Surreply was filed because National Union improperly raised an argument for the first time in its Reply Brief,[41] triggering Triumvirate's granted Motion to File a Sur-Reply to address this newly raised argument.[42] National Union should not be rewarded for its improper conduct. That leaves 55.9 hours spent preparing the Motion to Compel[43] and 19.3 hours spent preparing its nine-page reply

[36] *See Kerr v. Borough of Petersburg*, 2024 U.S. Dist. LEXIS 195719, at *5 (reducing the movant's fee award to 20 hours of attorney work time, as the original amount requested was "excessive").
[37] Doc. 115 at 5.
[38] *Id.*
[39] Doc. 143; Doc. 190-03 at 15-23.
[40] Doc. 148 at 1.
[41] Doc. 144.
[42] Doc. 136.
[43] Doc. 190-02 at 1-20.

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

in support of the Motion to Compel.[44] These amounts far exceed this Court's prior finding, and the findings of other courts, on the amount of hours that is reasonable for a motion to compel.[45] Thus, National Union's 75.2 attorney hours[46] is manifestly excessive and unreasonable.[47]

Finally, the cases cited by National Union are inapplicable here. In *Infanzon v. Allstate Ins. Co.*, the case involved not only a motion to compel, but also a motion for reconsideration, a response to an order to show cause, a response to an application to continue dates, and a discovery conference.[48] Notably, the plaintiff in *Infanzon* spent only 22.4 hours preparing its motion to compel.[49] By contrast, National Union spent 55.9 hours just on its Motion to Compel, plus an additional 19.3 hours on its Reply Brief. Therefore, *Infanzon* is distinguishable here.

---

[44] Doc. 190-02 at 26-30; Doc. 190-03 at 1-15.

[45] *See, e.g.*, *Droz v. Boston Sci. Corp.*, 2020 U.S. Dist. LEXIS 184476, at *5-6 (W.D. Wash. Oct. 5, 2020) ("Having reviewed the facts of this case, the Court agrees with Defendant that the hours claimed are not reasonable. Expending 28.9 hours on a straightforward motion to compel and reply is excessive… In sum, the Court finds 15.4 hours for filing the Motion to Compel (9 hours) and Reply (6.4 hours) is reasonable."); *Kerr*, 2024 U.S. Dist. LEXIS 195719, at *5 (D. Alaska Oct. 28, 2024) ("But the Court agrees with Plaintiff that the attorney time spent on the motion to compel and reply is excessive. Upon review, the Court finds that no more than a total of 20 hours of attorney time for the motion and reply is reasonable.").

[46] This amount represents only those hours worked on the Motion to Compel and Reply in Support of the Motion to Compel.

[47] National Union also fails to explain why its requested fees must be paid within 15 days. Any fee request should be consistent with the Court's prior Order granting attorneys' fees and assessed in the same manner; namely, that any awarded fees should be incorporated into the final judgment and paid at that time. Doc. 115 at 5.

[48] 335 F.R.D. 305, 314 (C.D. Cal. 2020).

[49] *Id.*



DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Similarly unavailing is *Roush v. Berosini*.[50] First, National Union has inappropriately cited to this case, as memorandums issued by the Ninth Circuit before January 1, 2007, are not precedent and cannot be cited to as such.[51] However, even if the Court were to consider the fee award in *Roush*, the award was based on four motions to compel in connection with "trac[ing] and pursu[ing] the Cataluna investments."[52] Here, National Union only filed one Motion to Compel in its pursuit of privileged documents.

Accordingly, National Union's request for $32,318.00 for 93 hours of work, including 17.8 hours for work attributed to its Motion for a Sur-Surreply that was unnecessary and not granted, is excessive and unreasonable for this Motion to Compel. The Court should, therefore, decline to award the full amount requested and reduce the fees awarded, if any, to a reasonable sum.

## CONCLUSION

For the foregoing reasons, Triumvirate respectfully requests that the Court deny National Union's Motion for Fees.

DATED this 21st day of March, 2025.

[50] 66 Fed. App'x. 725 (9th Cir. 2003).
[51] *See* Fed. R. App. P. 32.1; Circuit Rule 36-3.
[52] *Id*. at 725.

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

DORSEY & WHITNEY LLP

By: */s/ Nathan Bishop*
Michael A. Grisham, ABA #9411104
Nathan Bishop, ABA #2305051
Brittany Garza, pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 21st day of March, 2025, through the court's CM/ECF system.

By: */s/ Nathan Bishop*
Dorsey & Whitney LLP

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557