**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

            Plaintiff and
            Counterdefendant,

      v.

TRIUMVIRATE, LLC, d/b/a Tordrillo
Mountain Lodge, *et al.*,

            Defendants and
            Counterclaimants.

Case No. 3:23-cv-00146-SLG

## ORDER ON PENDING MOTIONS

This order addresses five pending motions:

1. At Docket 190 is Plaintiff/Counterdefendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") Motion for Award of Attorneys' Fees Pursuant to Rule 37(a)(5)(A). Defendants/Counterclaimants Triumvirate, LLC d/b/a Tordrillo Mountain Lodge, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe (collectively, "Triumvirate") responded in opposition at Docket 197, and National Union replied at Docket 201.

2. At Docket 191 is National Union's Motion for Discovery Sanctions Pursuant to Rule 37(b). Triumvirate responded in opposition at Docket 199, and National Union replied at Docket 200.

3. At Docket 203 is Triumvirate's Motion to File Under Seal. National Union

did not file a response to the motion.

4. At Docket 214 is National Union's Motion to File Under Seal. Triumvirate responded in partial opposition at Docket 221, and National Union replied at Docket 222.

5. At Docket 216 is National Union's Motion for Judicial Notice. Triumvirate did not file a response to the motion.[1]

## BACKGROUND

The Court assumes the readers' familiarity with the facts of this case, which are set forth in detail in the Court's order at Docket 168. The procedural history, as relevant here, is as follows: On October 8, 2024, National Union filed a motion to compel certain documents responsive to its Requests for Production Nos. 11–22 ("RFPs") and its subpoena to the law firm Delaney Wiles,[2] which Triumvirate had withheld on the basis of attorney-client privilege and relevance.[3] Both the RFPs and the subpoena to Delaney Wiles sought documents and communications related to Triumvirate's knowledge of National Union's settlement efforts with David Horvath,

---

[1] Triumvirate's pending Motion for Partial Summary Judgment at Docket 202 and National Union's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment at Docket 215 will be addressed separately in due course.

[2] National Union properly moved to compel the Delaney Wiles subpoena documents from Triumvirate because, although National Union initially subpoenaed these documents from Delaney Wiles, counsel for Delaney Wiles subsequently informed National Union that the firm had ceased operations and that Triumvirate now possesses all of the subpoenaed documents. Docket 148 at 7–8 (citing Docket 101-4 at 17).

[3] Docket 101.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 2 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 2 of 38

including documents and communications between the attorneys for Soloy, Triumvirate, and Prime related to that settlement.[4]

On November 26, 2024, at Docket 148, the Court granted National Union's motion to compel and ordered Triumvirate to "produce all unredacted documents and communications responsive to National Union's RFPs numbered 11–22 and the subpoena to Delaney Wiles within 7 days."[5] The Court found that Triumvirate "impliedly waived the attorney-client privilege with respect to documents and communications between Soloy, Triumvirate and Prime related to the National Union/Horvath settlement" by asserting a bad faith estoppel claim against National Union.[6] The Court also found that "discussions of the settlement terms of other passengers' claims arising from the helicopter crash are relevant" to Triumvirate's bad faith estoppel claim and "must also be produced" by Triumvirate.[7]

Triumvirate thereafter moved for clarification and reconsideration of the Court's November 26, 2024 order.[8] In an order dated February 6, 2025, at Docket 181, the Court clarified three issues not previously raised by the parties and denied reconsideration of the Court's conclusions regarding waiver of the attorney-client

---

[4] Docket 148 at 4 (citing Docket 101-2 at 8–17 (RFPs); Docket 101-3 at 3 (subpoena to Delaney Wiles)).

[5] Docket 148 at 17.

[6] Docket 148 at 14–15.

[7] Docket 148 at 16–17.

[8] Docket 156.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 3 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 3 of 38

privilege based on Triumvirate's bad faith claim.[9]  First, with respect to work product, the Court clarified that "Triumvirate need not produce documents over which it asserted work product protection at this time," but allowed that "National Union may file a renewed motion to compel that addresses this topic."[10]  Second, with respect to documents relating to the settlements of passengers other than Mr. Horvath, the Court clarified that Triumvirate "must produce all documents concerning the other settlements but may limit its production to only those documents that reflect knowledge of the National Union/Horvath settlement negotiations, including all privileged documents but not documents for which work product protection was asserted."[11]  Third, with respect to the scope of the attorney-client privilege waiver, the Court clarified that it "did not find a broad waiver of privilege," but rather only waiver "with respect to documents and communications between Soloy, Triumvirate and Prime related to the National Union/Horvath settlement."[12]  Finally, the Court reiterated its conclusion that Triumvirate had put its attorneys' knowledge at issue by asserting a bad faith counterclaim,[13] and ordered Triumvirate to "produce the

---

[9] Docket 181 at 15–17. Triumvirate also sought an extension of the deadline for it to comply with the Court's November 26, 2024 order.  The Court noted on reconsideration that the requested 30-day extension had elapsed and stated that it would not "extend the deadline further beyond 7 days from the date of this order." Docket 181 at 18.

[10] Docket 181 at 15–16.

[11] Docket 181 at 16.

[12] Docket 181 at 17 (quoting Docket 148 at 15).

[13] Docket 181 at 18–20.   Defendants have repeatedly asserted that their bad faith counterclaim sounds in tort rather than estoppel.  *See* Docket 148 at 13; Docket 181 at 18–20.  The Court has noted that this assertion is "hard to square with the language of Defendants' counterclaim." Docket

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 4 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 4 of 38

documents specified in this Court's order at Docket 148, as clarified [in Docket 181], within 7 days of [the Court's February 6, 2025 order,] except that those documents Triumvirate identified as protected work product at Docket 101-11 need not be produced at this time."[14]

National Union now moves for an award of attorneys' fees it incurred in connection with its October 8, 2024 motion to compel, and separately moves for sanctions for Triumvirate's alleged failure to comply with the Court's November 26, 2024 and February 6, 2025 orders at Dockets 148 and 181 (the "Discovery Orders").[15] In addition, on March 28, 2025, Triumvirate filed a motion for partial summary judgment.[16] Triumvirate moves to file that motion and certain related exhibits under seal.[17] National Union moves to seal its opposition to the motion for

---

148 at 14. And the Court has also found that Triumvirate's knowledge of the settlement negotiations is relevant regardless of how the Court construes its bad faith counterclaim. *See* Docket 148 at 15 (finding that Triumvirate's knowledge is relevant based on a quasi-estoppel analysis); Docket 181 at 18–20 ("Even accepting Triumvirate's contention that the Court misinterpreted Triumvirate's estoppel allegation in its counterclaims, Triumvirate nonetheless waived the attorney-client privilege as the Court's order determined . . . . Triumvirate's knowledge of the progress of settlement negotiations, the proposed terms of the releases between Mr. Horvath, Triumvirate, and Soloy, and the timing of this knowledge is certainly relevant to determining whether Triumvirate was damaged by National Union's alleged conduct. Indeed, Triumvirate alleges that National Union acted in an objectively unreasonable manner, and thus in bad faith, by failing to adequately communicate with Triumvirate.").

[14] Docket 181 at 24. At Docket 193, the Court granted a motion for clarification and reconsideration of a portion of its February 6, 2025 order. The two sentences stricken from the February 6, 2025 order by that subsequent order are irrelevant to the issues discussed in this order.

[15] Docket 190 at 1–2; Docket 191 at 1–2.

[16] Docket 202, Docket 204 (SEALED).

[17] Docket 203.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 5 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 5 of 38

partial summary judgment and certain related exhibits,[18] and for the Court to take judicial notice of two exhibits.[19]

## DISCUSSION

### I. National Union's Motion for Attorneys' Fees Pursuant to Rule 37(a)(5)(A)

When a motion to compel is granted, Federal Rule of Civil Procedure 37(a)(5)(A) provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, a court must not order payment if (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," (2) "the opposing party's nondisclosure, response, or objection was substantially justified," or (3) "other circumstances make an award of expenses unjust."[20]

National Union moves for an award of attorneys' fees it incurred in connection with its October 8, 2024 motion to compel.[21] The Court granted that motion and denied reconsideration in relevant part.[22] National Union is thus entitled to an award

---

[18] Docket 214.

[19] Docket 216. National Union has also filed an Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment at Docket 215.

[20] Fed. R. Civ. P. 37(a)(5)(A).

[21] Docket 190.

[22] Docket 148 (granting motion to compel); Docket 181 at 18–20 (denying reconsideration of the Court's conclusion that Triumvirate put its attorneys' knowledge at issue by asserting a bad faith

of its reasonable expenses incurred in bringing the motion, including attorney's fees, unless an exception applies.

Triumvirate contends an exception does apply; namely, that its nondisclosure of the documents at issue was substantially justified, and thus attorney's fees should not be awarded.[23]  Triumvirate further asserts that National Union's requested fee award of $32,318 is unreasonable because it includes fees for work on a motion for leave to file a sur-surreply that the Court denied and because it reflects an "excessive" 93 hours of attorney work.[24]  The Court addresses each issue in turn.

### A. Triumvirate was substantially justified in withholding documents based on attorney-client privilege

In granting National Union's motion to compel, the Court found that Triumvirate waived the attorney-client privilege for communications reflecting Triumvirate's knowledge of the National Union/Horvath settlement negotiations by asserting a counterclaim for bad faith.[25]  Triumvirate contends that it was substantially justified in withholding those communications based on the attorney-client privilege because it is undisputed that the communications were privileged and because there was no controlling caselaw on whether the attorney-client privilege is waived in the context

_____

counterclaim).

[23] Docket 197 at 5–9.

[24] Docket 197 at 9–12.

[25] *See* Docket 148 at 8–15; Docket 181 at 16–20.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 7 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 7 of 38

of a bad faith tort claim by an insured against their insurer.[26]

The Court finds that Triumvirate was substantially justified in withholding attorney-client privileged documents and communications between Soloy, Triumvirate, and Prime. A position on a discovery dispute is "substantially justified" if "reasonable people could differ" as to the appropriate outcome[27] or, stated differently, if the position "has a reasonable basis both in law and fact."[28] Here, Triumvirate had a reasonable basis for asserting that the attorney-client privilege applied because it is undisputed that the withheld documents were privileged. And Triumvirate had a reasonable basis to maintain that it had not waived that privilege, because, as the Court noted on reconsideration, the Alaska Supreme Court has not precisely defined the elements of the tort of bad faith in this context.[29] Thus, there was some ambiguity in the controlling authority about whether Defendants waived the privilege by asserting the particular claim at issue here, and "reasonable people could differ as to the appropriateness of the contested action."[30]

---

[26] Docket 197 at 6–7.

[27] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation omitted) (noting that substantial justification requires more than a showing that a party is "merely undeserving of sanctions for frivolousness"); *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982) ("A request for discovery is 'substantially justified' under the rule if reasonable people could differ as to whether the party requested must comply."), *overruled on other grounds by Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1055 n.2 (9th Cir. 2007).

[28] *Timms v. United States*, 742 F.2d 489, 492 (9th Cir. 1984); *see Pierce*, 487 U.S. at 565 (holding that "substantially justified" means "justified in substance or in the main" and that this formulation "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit").

[29] Docket 181 at 18–19.

[30] *Reygo Pac. Corp.*, 680 F.2d at 649; *see also Hahn v. Massage Envy Franchising, LLC*, Case No. 12-cv-153-DMS, 2014 WL 12899320, at *2 (S.D. Cal. Aug. 22, 2014) ("Whereas here, 'there is an

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 8 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 8 of 38

Accordingly, the Court will not award fees to National Union for the fees it incurred in connection with the motion to compel production of Triumvirate's attorney-client privileged documents.

### B. Triumvirate was not substantially justified in withholding documents related to other passengers' claims based on relevance

The Court also ordered Triumvirate to produce documents related to claims against it by passengers other than Mr. Horvath, which Triumvirate had withheld based on its position that those documents were not relevant.[31] The Court found that the "discussions of the settlement terms of other passengers' claims arising from the helicopter crash are relevant . . . and 'proportional to the needs of the case.'"[32]

The Court now finds that Triumvirate's withholding of documents related to claims by other passengers on the basis of relevance was not substantially justified. Although Triumvirate asserts that National Union did not articulate the relevance of documents relating to other claimants until National Union filed its motion to compel, exhibits attached to that motion show that National Union explained during the meet-and-confer process that the documents were relevant "because [Triumvirate]'s

_____

absence of controlling authority, and the issue presented is one not free from doubt and could engender a responsible difference of opinion among conscientious, diligent but reasonable advocates, then the opposing positions taken by them are substantially justified.'" (quoting *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 200, 205 (D.D.C. 1998))); *Moore v. Garnand*, Case No. CV 19-0290-TUC-RM, 2020 WL 3869709, at *3 (D. Ariz. July 9, 2020) ("The court finds that the defendants' objection to the plaintiffs' request for production was substantially justified. This case presents unusual circumstances, and there does not appear to be any controlling case law directly on point. Reasonable minds could differ about the plaintiffs' right to discovery.").

[31] Docket 148 at 15–17.

[32] Docket 148 at 16–17 (quoting Fed. R. Civ. P. 26(b)(1)).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 9 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 9 of 38

knowledge is derived in whole or in part from the claims by the other passengers" and because Triumvirate's "knowledge derived from one claimant, especially other claimants represented by the same counsel as Horvath, Tracey Knutson, cannot be isolated or distinguished from knowledge derived from another claimant."[33] Triumvirate's relevance objection[34] was particularly unreasonable in light of Triumvirate's own earlier motion to compel the production of National Union's "claim files for claims arising out of or related to the [crash] *including*, *but not limited to*, claims on behalf of Soloy or Defendants,"[35]—a request that acknowledges the relevance to this action of claims other than Mr. Horvath's and their respective settlements.

Accordingly, the Court finds that National Union is entitled to recover its reasonable expenses incurred in bringing the motion to compel documents related to claims by passengers other than Mr. Horvath, as set forth below.

### C. The amount of fees awarded to National Union

National Union seeks $32,318 in attorneys' fees, which includes fees for time spent preparing the October 8, 2024 motion to compel, the reply in support of that

---

[33] Docket 101-4 at 15, 22.

[34] Although Defendants later asked the Court to clarify whether the Court's finding of attorney-client privilege waiver applied as to these documents—and the Court clarified that it did—Triumvirate initially "based its refusal to produce these documents solely on relevance." Docket 181 at 16 (citing Docket 109 at 13–14).

[35] Docket 138 at 6 (alteration in original) (emphasis added). National Union did not dispute the relevance of other claimants' files, but withheld or redacted certain documents based on attorney-client privilege and work-product protections. Docket 138 at 6. At Docket 138, the Court granted Triumvirate's motion to compel National Union's claim files.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 10 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 10 of 38

motion, and a motion for leave to file a sur-surreply.[36]  National Union contends that

it is entitled to its full fees in light of the factors articulated in *Kerr v. Screen Actors*

*Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), which include "(1) the time and labor required,

(2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform

the legal service properly, […] (8) the amount involved and the results obtained, […]

and (12) awards in similar cases."[37]

Triumvirate responds that National Union's requested fees are unreasonable.

Specifically, Triumvirate asserts that the 17.8 hours attributed to National Union's

motion to file a sur-surreply are not recoverable because the motion was denied and

because Triumvirate only filed a surreply because National Union raised an argument

for the first time in its reply brief.[38]  Triumvirate contends that the remaining 75.2

attorney hours are excessive for a motion to compel and reply brief.[39]

The Court will not specifically deduct from National Union's fee calculation time

spent on its motion for a sur-surreply because that motion was a reasonable

response to Triumvirate's assertion in its surreply that "Triumvirate has never

asserted a bad faith estoppel claim."[40]  Although the Court ultimately denied National

Union's motion for a sur-surreply as moot upon granting the motion to compel, the

---

[36] Docket 190 at 9, 11.

[37] Docket 190 at 9–10 (alterations in original) (quoting 526 F.2d at 70).

[38] Docket 197 at 10.

[39] Docket 197 at 10–11.

[40] Docket 136-1 at 1.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 11 of 38
Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 11 of 38

Court noted that Triumvirate's assertion in its surreply was "directly at odds" with the language used in Triumvirate's counterclaim and their allegations of bad faith, which "are consistent with a counterclaim for bad faith estoppel."[41] Because the proposed sur-surreply was directly related to the motion to compel, the fees for preparing the proposed sur-surreply qualify as "reasonable expenses incurred in making the motion" within the meaning of Rule 37(a)(5)(A).[42]

However, the Court finds that the total amount of attorney time of 93 hours expended on the motion, reply, and sur-surreply is excessive, even in light of the amount of briefing and exhibits submitted and the complexity of the issues involved.[43] And, as discussed above, Triumvirate's position on waiver of attorney-client privilege was substantially justified. This waiver issue was the more complex of the two issues raised in the motion to compel. The Court therefore reduces the fees to approximately 20% of the total amount of fees incurred, to reflect only the reasonable amount of time spent on the relatively straightforward issue of the relevance of the other claimants' settlements. Accordingly, the Court will award $6,400 in fees in connection with the motion to compel, payable to National Union, to be included as a debit or credit in the final judgment to be entered in this case at its conclusion.

---

[41] Docket 148 at 14; *see* Fed. R. Civ. P. 37(a)(5)(A).

[42] *Cf. Marrocco v. Hill*, 291 F.R.D. 586, 590 (D. Nev. 2013) (collecting cases finding that fees incurred in objecting to a magistrate judge's order granting a motion to compel are recoverable pursuant to Rule 37(a)(5)(A)).

[43] Triumvirate does not dispute the reasonableness of the rates charged by National Union's counsel. *See* Docket 197 at 9–12.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 12 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 12 of 38

## II. National Union's Motion for Discovery Sanctions Pursuant to Rule 37(b)

Federal Rule of Civil Procedure 37(b)(2) permits a court to impose a variety of sanctions on a party who "fails to obey an order to provide or permit discovery." A sanctions order may strike pleadings, direct that facts be taken as established, or prohibit the disobedient party's claims or defenses.[44] Alternatively or in addition, a court must order the payment of "reasonable expenses, including attorney's fees," caused by the failure to comply with a discovery order unless the non-compliance was "substantially justified" or "other circumstances make an award of expenses unjust."[45] The disobedient party bears the burden to show substantial justification for its conduct or that an award is otherwise "unjust."[46]

National Union moves for sanctions pursuant to Rule 37(b) because it contends that Triumvirate has not complied with the Discovery Orders at Dockets 148 and 181.[47] The parties agree that Triumvirate provided a supplemental production of documents responsive to National Union's RFPs numbered 11–22 on February 13, 2025, but disagree as to whether that production satisfied the Court's orders.[48] National Union asserts that Triumvirate has violated the Discovery Orders by (1)

---

[44] *See* Fed. R. Civ. P. 37(b)(2).

[45] Fed. R. Civ. P. 37(b)(2)(C).

[46] Fed. R. Civ. P. 37(b)(2)(C); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983).

[47] Docket 191.

[48] *See* Docket 191 at 7–8.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 13 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 13 of 38

adding new designations of work product and common interest privilege to documents previously logged as attorney-client privileged and withholding documents based on those new designations, (2) withholding documents based on the common interest doctrine, (3) withholding documents based on attorney-client privilege, (4) making privilege redactions to documents that were not previously produced nor included in a privilege log, and (5) failing to produce documents that correspond to certain Delaney Wiles' billing entries.[49]  The Court addresses each issue in turn.

### A. Triumvirate cannot withhold documents based on newly asserted work product or common interest designations to documents previously logged as attorney-client privileged

National Union takes issue with Triumvirate's addition of the new work product or common interest designations to documents previously logged as attorney-client privileged. In National Union's view, "because the Court's February 6, 2025 Order excepted those documents Triumvirate identified as protected work product, Defendants have taken that as an invitation to *add* claims of work product to previously logged documents as a means to block their disclosure."[50]  National Union compares Triumvirate's July 19, 2024 privilege log with its February 13, 2025 privilege log and identifies 18 documents to which Triumvirate added designations of

---

[49] Docket 191 at 8–18.

[50] Docket 191 at 8 (emphasis in original).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 14 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 14 of 38

"work product" and/or "common interest."[51]  And National Union identifies an additional 44 documents to which Triumvirate added those same designations in another privilege log dated March 6, 2025.[52]  National Union asserts that for each document identified in its briefing, and "any other instance where [Triumvirate] added new privilege designations, the privileges [Triumvirate is] purporting to assert should be deemed waived" as untimely and Triumvirate "should be required to produce the documents without redactions."[53]

Triumvirate responds that its newly added designations are timely, and that it added them, at least in part, to "clarify which documents are common interest extensions of the work product privilege" in response to National Union's "erroneous assumption that the common interest privilege applies only to attorney-client privileged communications."[54]  Triumvirate further asserts that it has not waived work product doctrine protections based on the Ninth Circuit's holistic waiver analysis.[55]

The Court's February 6, 2025 order at Docket 181 stated that "Triumvirate need not produce documents over which it *asserted* work product protection at this time," and ordered Triumvirate "to produce the documents specified in this Court's order at Docket 148 within 7 days of the date of this order, *except those documents*

---

[51] Docket 191 at 8–10.

[52] Docket 191 at 11–12.

[53] Docket 191 at 11.

[54] Docket 199 at 6, 12.

[55] Docket 199 at 11–15.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 15 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 15 of 38

*Triumvirate identified as protected work product at Docket 101-11* need not be produced at this time."[56]  By its plain text, this exception is limited to the documents that Triumvirate had previously identified as work product in its July 2024 privilege log at Docket 101-11.  The Court's prior order therefore does not permit Triumvirate to withhold documents on the basis of new work product or common interest designations on documents that were previously logged as attorney-client privileged—designations that were made only after the Court issued the Discovery Orders.

Moreover, Triumvirate's delay in asserting the new work product and common interest designations justifies a finding of waiver as to these newly asserted designations.[57]  When determining whether the failure to timely or adequately assert a privilege constitutes a waiver, courts in the Ninth Circuit apply "a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process."[58]  Applying this analysis in *Burlington Northern & Santa Fe Railway Co. v. U.S. District Court for*

---

[56] Docket 181 at 20 (emphasis added).

[57] The Court need not and does not reach the question of whether Triumvirate has waived work product protection broadly; as the Court previously stated, "National Union may file a renewed motion to compel that addresses this topic," but waiver of work-product doctrine protections was not an issue that was raised by the parties in the initial motion to compel and was not addressed in the Discovery Orders.  *See* Docket 181 at 16.  The Court will not address this issue on a motion to enforce those orders.  The Court confines its analysis in this order to Triumvirate's newly asserted designations.

[58] *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).  The Ninth Circuit has "reject[ed] a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30–day time limit." *Id.*

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 16 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 16 of 38

*the District of Montana*, the Ninth Circuit held that "the district court did not err in ordering Burlington to produce documents as to which it had untimely asserted a privilege" where the privilege "log not only was not filed during the Rule 34 time limit, but was filed *five months* later."[59]  The panel noted that "this fact alone" warranted affirming the district court's finding of waiver, absent mitigating circumstances.[60]  And this Court has previously applied *Burlington Northern* to find that a party waived privileges that it did not assert until two months after its discovery response and after the opposing party had filed a motion to compel.[61]

Here, Triumvirate did not assert the disputed work product and common interest protections until more than six months after it produced its initial privilege log;[62] it did not add the designations at any point during the months of briefing on National Union's motion to compel or when it moved for clarification and reconsideration of the Court's order granting that motion; and it did not raise the possibility that it would later attempt to assert additional protections in its briefing to the Court.[63]  Rather, Triumvirate added its additional work product and common interest designations only on the final day for it to comply with the Discovery Orders.

---

[59] *Id.* at 1149–50 (emphasis in original).

[60] *Id.* at 1149.

[61] *E.E.O.C. v. Parker Drilling Co.*, Case No. 3:13-cv-00181-SLG, 2014 WL 5410661, at *5–6 (D. Alaska Oct. 22, 2014).

[62] *See* Docket 191-4 (July 19, 2024 privilege log); Docket 191-3 (February 13, 2025 privilege log).

[63] *See* Docket 109 (Opposition to Motion to Compel); Docket 156 (Motion for Clarification and Reconsideration).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 17 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 17 of 38

The Court is also not persuaded that Triumvirate's newly added designations merely "clarified" that its previous common interest designations were in fact based on work product protection.[64]  The Court recognizes that there are inconsistencies in Triumvirate's inclusion of its bases for asserting common interest protection in its July 19, 2024 privilege log; in some entries, Triumvirate indicated the basis for the common interest protection (whether it was attorney-client privilege, work product, or both), and in other entries, it did not.[65]  But even if Triumvirate sought to remedy these inconsistencies in its updated privilege logs, it did not. The same inconsistencies exist in Triumvirate's February 13, 2025 and March 5, 2025 privilege logs.[66]  Therefore, Triumvirate cannot withhold documents that it previously logged as attorney-client privileged based on newly asserted work product or common interest designations.

### B. Triumvirate cannot withhold documents related to the National Union/Horvath settlement based on common interest alone

National Union also takes issue with Triumvirate's withholding of documents based on the common interest doctrine.  In National Union's view, "[t]he designation of a 'Common Interest' privilege, in addition to an 'Attorney-Client Communication' designation, does not alter the fact that such communications are still Attorney-Client

---

[64] As discussed *infra* Section II(B), common interest is not a standalone privilege. It is instead an exception to the ordinary waiver of privilege in communications with third parties where there is a predicate claim of either attorney-client privilege or work product.

[65] *See, e.g.*, Docket 191-4 at 15 (asserting bases for privilege of "Attorney/Client Communication" and "Common Interest" for one privilege log entry and "Common Interest" only for two other entries).

[66] *See, e.g.*, Docket 191-2 at 13–14; Docket 191-8 at 13.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 18 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 18 of 38

Communications" that Triumvirate must produce pursuant to the Discovery Orders.[67] But according to Triumvirate, because the Court did not order Triumvirate to produce documents that it had designated as work product, and because the common interest doctrine extends to both attorney-client privilege and work product protection, Triumvirate may withhold documents that it previously designated as protected by common interest.[68]

The common interest doctrine is an exception to the general rule that disclosure of privileged communications to a third party destroys the privilege.[69] The Ninth Circuit has explained that the common interest privilege is not "a separate privilege."[70] Rather, it functions as an "exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common . . . strategy to communicate with each other."[71] In addition to preserving attorney-client privilege, "the common-interest doctrine preserves work-product protection over materials communicated to third parties, so long as they generally share the client's interests and are not adversaries, irrespective of whether they have

---

[67] Docket 191 at 12–13.

[68] Docket 199 at 6–7.

[69] *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007); *see In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012) ("[V]oluntarily disclosing privileged documents to third parties will generally destroy the privilege.").

[70] *Pac. Pictures*, 679 F.3d at 1129.

[71] *Id.*

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 19 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 19 of 38

representation."[72]  "Given that the common-interest doctrine is an anti-waiver exception, the doctrine applies only if the communication at issue is privileged in the first instance."[73]

The Court does not read National Union as asserting, as Triumvirate suggests, that common-interest protection applies *only* to attorney-client communications.[74] Rather, the Court reads National Union as objecting to Triumvirate's withholding of documents based on the common interest privilege where Triumvirate "did not originally designate documents as 'Work Product' . . . [and] only identified the predicate privilege of Attorney-Client"[75] or only identified a "standalone" common interest privilege.

Because the common interest doctrine is not an independent basis for withholding documents, the Court finds that Triumvirate must produce documents that it withheld solely based on a common interest privilege designation. Under Federal Rule of Civil Procedure 26(b)(5), "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material," the party claiming the privilege must "expressly make the claim" and "describe the nature of the documents,

---

[72] *Rodriguez v. Seabreeze Jetlev, LLC*, 620 F. Supp. 3d 1009, 1020 (N.D. Cal. 2022).

[73] *Id.* at 1019 (internal quotations marks and citation omitted).

[74] *See* Docket 199 at 6 (stating that "National Union demanded the Triumvirate produce these documents on the erroneous assumption that the common interest privilege applies only to attorney-client privileged communications").

[75] Docket 191 at 13.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 20 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 20 of 38

communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Where Triumvirate did not specify in its July 2024 privilege log at Docket 101-11 that the underlying basis for its assertion of common interest protection is work product, it did not "expressly make the [work product] claim" and cannot now withhold documents on that basis.[76] And, as discussed above, Triumvirate has waived its newly added work product designations with respect to the documents it identified only as attorney-client privileged in its original privilege log. Accordingly, Triumvirate must produce all documents identified in its July 2024 privilege log that it has withheld based solely on a common interest designation or based on a combination of common interest and attorney-client privilege and that are "related to Triumvirate's knowledge of National Union's settlement efforts with Mr. Horvath, including documents and communications between the attorneys for Soloy, Triumvirate, and Prime related to that settlement."[77]

### C. Triumvirate may withhold certain attorney-client privileged documents

National Union next objects to Triumvirate's withholding and redaction of certain documents as protected by attorney-client privilege. National Union contends

---

[76] The Court has also reviewed the descriptions of the documents logged as privileged on the basis of "common-interest" only and does not find them independently sufficient to put National Union on notice that Triumvirate claimed that those documents were subject to work-product protections. *See*, *e.g.*, Docket 191-4 at 15.

[77] Docket 148 at 15; Docket 181 at 24.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 21 of 38

that the withheld documents "all reference the Soloy settlement or the Horvath claim and are, therefore, within the scope of the Discovery Orders, which required Defendants to produce these documents in full by February 13, 2025."[78]  Triumvirate responds that "the Court did not find a privilege waiver for all documents that 'reference . . . the Horvath claim'" but instead "ordered the production of only documents related to the National Union/Horvath settlement."[79]  Triumvirate asserts that 35 of the 40 documents that National Union identifies as improperly withheld are not related to the National Union/Horvath settlement and points out that many of the documents sought by National Union post-date the settlement.[80]

As to these 35 documents, the Court agrees with Triumvirate that it did not find a privilege waiver for all documents that "reference the . . . Horvath claim," and that it instead found waiver for the narrower category of "documents and communications related to Triumvirate's knowledge of National Union's settlement efforts with Mr. Horvath, including documents and communications between the attorneys for Soloy, Triumvirate, and Prime related to that settlement."[81]  For this reason, Triumvirate need not produce attorney-client privileged documents that post-date National

---

[78] Docket 191 at 15. The Court notes that Triumvirate misrepresents National Union's argument in its briefing; Triumvirate asserts that National Union "demand[s] Triumvirate produce all documents Triumvirate had withheld on the basis of attorney-client privilege."  Docket 199 at 4. But National Union appears to request only those documents that "reference the Soloy settlement or the Horvath claim." *See* Docket 191 at 15.

[79] Docket 199 at 4–5.

[80] Docket 199 at 5; *see also* Docket 191 at 15 (National Union identifying documents).

[81] Docket 148 at 15; Docket 181 at 24.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 22 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 22 of 38

Union's receipt of the original Horvath release on March 14, 2022.[82]  But the Court finds that *in camera* review is appropriate to determine whether the documents that Triumvirate continues to withhold based on attorney-client privilege designations and that pre-date March 14, 2022, relate to Triumvirate's knowledge of National Union's settlement efforts with Mr. Horvath.[83]  Therefore, Triumvirate shall submit to the Court for *in camera* review all documents that pre-date March 14, 2022 and which National Union identified in its motion for sanctions as within the scope of the Discovery Orders and that have been withheld or redacted by Triumvirate based on attorney-client privilege designations.[84]

Triumvirate asserts that the remaining five documents identified by National Union "are protected by the work product privilege."[85]  As discussed above, to the extent these documents were previously logged in Triumvirate's July 2024 privilege log at Docket 101-11—and here, all five documents were[86]—these documents must be produced unless they were identified as work product in that privilege log.

---

[82] This is consistent with the Court's order compelling National Union to produce, "except as otherwise specified . . . , all documents that predate National Union's receipt of the original Horvath release on March 14, 2022 . . .  as they may contain some evidence of a breach of the duty of good faith and fair dealing by National Union (i.e. AIG) toward Triumvirate."  *See* Docket 207 at 2 (Order on *In Camera* Review of Amended First Privilege Log).

[83] *See Cap. Info. Grp. v. State, Off. of Governor*, 923 P.2d 29, 37 n.5 (Alaska 1996) (noting that in camera review of documents for which a privilege is asserted "is at the discretion of the trial court judge").

[84] *See* Docket 191 at 15.

[85] Docket 199 at 6.

[86] *Compare* Docket 199 at 6 n.19 (identifying documents protected by work product as PRIV021, PRIV022, PRIV025, TR002048, and TR002921) *with* Docket 101-11.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 23 of 38

### D. Previously undisclosed documents

In its motion for sanctions, National Union identifies six redacted documents in Triumvirate's February 13, 2025 production that Triumvirate "never produced or included on any prior privilege log."[87]   According to National Union, "[h]aving failed to produce these documents or timely designate them as privileged, [Triumvirate] should not now be permitted to assert privileges to block production."[88]   Triumvirate responds by asserting that it already produced unredacted copies of five of these six documents, and that it identified each of the documents in a prior privilege log.[89] National Union does not respond to this assertion in its reply.[90]   The Court therefore views this issue as resolved and will not award sanctions in connection with this issue.

### E. Documents corresponding to Delaney Wiles' billing entries

National Union asserts that Delaney Wiles' billing entries show that Triumvirate has not produced all responsive documents from the Delaney Wiles subpoena.[91] National Union also objects to Triumvirate's extensive   redactions in three documents—Bates numbers TR008332, TR003804, and TR006518—that Triumvirate has produced from the Delaney Wiles file.[92]   In response, Triumvirate

---

[87] Docket 191 at 16.

[88] Docket 191 at 16.

[89] Docket 199 at 8.

[90] *See* Docket 200.

[91] Docket 191 at 16–18.

[92] Docket 191 at 16–18.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 24 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 24 of 38

states (1) that there are not responsive documents for every Delaney Wiles time entry, such as those referring to telephone calls; (2) that the work product redaction Triumvirate applied to TR008332 is timely because that document relates to another claimant's settlement and Triumvirate had not previously agreed to produce such documents; and (3) that the three documents with the disputed redactions do not reflect National Union's settlement negotiations with Mr. Horvath and so do not fall within the scope of the Discovery Orders.[93]  Triumvirate also filed a declaration of counsel stating that Triumvirate has either produced or noted in a privilege log all responsive documents in its possession.[94]

In the November 26, 2024 order at Docket 148, the Court ordered Triumvirate to "produce all unredacted documents and communications responsive to . . . the subpoena to Delaney Wiles within 7 days of the date of this order."[95]  The Court's February 6, 2025 order did not specifically discuss the Delaney Wiles documents but clarified, with respect to discovery related to other claimants' settlements, that "Triumvirate shall produce all documents concerning the other settlements but may limit its production to only those documents that reflect knowledge of the National Union/Horvath settlement negotiations, including all privileged documents but not

---

[93] Docket 199 at 9–10.

[94] Docket 199-1 at ¶ 3 (Bishop Decl.) ("Triumvirate has reviewed all documents in its possession for potential responsiveness to National Union's discovery requests and has produced all documents and communications between Soloy, Triumvirate and Prime related to the National Union/Horvath settlement that are not protected by the work product privilege. For any such documents that are protected by the work product privilege, they have been noted on Triumvirate's privilege logs.").

[95] Docket 148 at 17.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 25 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 25 of 38

documents for which work product protection was asserted."[96]

TR008332 appears to be a document related to other claimants' settlements.[97] Triumvirate initially objected to producing this category of documents based on relevance. When Triumvirate ultimately produced discovery related to other claimants' settlements after being ordered to do so by the Court, it asserted attorney-client communication privilege and work product protection as to TR008332 in a privilege log that it provided to National Union on the same day that it produced TR008332 and other documents related to other claimants' settlements on February 13, 2025.[98] The Court therefore agrees with Triumvirate's suggestion that the work product redaction Triumvirate applied to TR008332 is not waived as untimely,[99] but attorney-client privilege is waived insofar as it relates to Triumvirate's knowledge of the National Union/Horvath settlement.

The Court finds that *in camera* review is appropriate to determine whether Triumvirate properly redacted TR008332, TR003804, and TR006518, or whether the redacted content falls within the scope of the Court's previously ordered production of attorney-client privileged material. Accordingly, Triumvirate shall submit unredacted copies of TR008332, TR003804, and TR006518 to the Court for *in*

---

[96] Docket 181 at 16.

[97] *See* Docket 191 at 17.

[98] Docket 191-3 at 12 (privilege log dated February 13, 2025).

[99] *See* Docket 199 at 10.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 26 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 26 of 38

*camera* review.

National Union does not identify the other responsive documents that it believes should exist based on the Delaney Wiles invoices but that have allegedly not been produced and that are not listed on Triumvirate's privilege log of the Delaney Wiles file.[100] Absent a clear indication that Triumvirate has withheld responsive documents from production and its privilege log, the Court will not order the additional sanctions requested by National Union in connection with this issue.[101]

### F. Limited sanctions are appropriate

In summary, the Court finds that Triumvirate violated the Court's prior orders by withholding documents based on newly asserted work product and common interest designations that it did not assert until after the Court issued the Discovery Orders, such that the imposition of sanctions is warranted. And yet the Court agrees with Triumvirate that National Union's discovery demands—reflected in National Union's motion for sanctions and attached exhibits including correspondence between the parties[102]—attempt to construe the scope of Triumvirate's attorney-client waiver more broadly than the Discovery Orders. In short, neither party's position reflects a tenable reading of the Discovery Orders.

---

[100] Docket 191 at 16–18.

[101] *See* Docket 191 at 18 ("National Union requests that this Court order that Defendants produce full and unredacted copies of the documents referenced in the Delaney Wiles invoices that have not been produced or provide a sworn affidavit detailed [sic] what search was conducted for those documents and by whom, and, if applicable, under what circumstances those documents were lost, discarded or destroyed including by whom and when that occurred.").

[102] *See* Dockets 191, 191-10.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 27 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 27 of 38

Courts have wide discretion in imposing sanctions for failure to comply with a discovery order.[103] Any sanction "imposed for failing to comply with a discovery order must be reasonable in light of the circumstances, and a sanction is reasonable only if its character and magnitude are proportionate to the character and magnitude of the violation of the underlying discovery order and the harmful consequences of that violation."[104]

In light of these considerations, the Court orders Triumvirate to produce all documents it has withheld based on any newly asserted work product or common interest designation as to documents previously logged only as attorney-client privileged. Triumvirate must also produce each document that it previously logged as protected by the common-interest doctrine, unless it also specified in its privilege log at Docket 101-11 that the underlying basis for withholding the document is work product. Triumvirate shall produce these documents within **7 days** of the date of this order.

Further, **within 7 days** of the date of this order, Triumvirate shall submit for *in camera* review (1) all documents that pre-date March 14, 2022, and which National Union identified in its motion for sanctions as within the scope of Discovery Orders and that were withheld or redacted by Triumvirate based on attorney-client privilege;

---

[103] *See* Fed. R. Civ. P. 37(b).

[104] *Vaca v. Rio Properties, Inc.*, Case No. 2:08-cv-00940-RLH-LRL, 2011 WL 830519, at *3 (D. Nev., March 3, 2011); *see also Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) ("[D]istrict courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.'").

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 28 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 28 of 38

and (2) unredacted copies of the Delaney Wiles subpoena documents containing disputed redactions with bates numbers TR008332, TR003804, and TR006518.

The Court also orders Triumvirate to pay the reasonable fees incurred by National Union in bringing this motion for sanctions. To that end, National Union may submit a fee affidavit within **7 days** of this order; Triumvirate may submit a response as to the reasonableness of the requested fees within **7 days thereafter.** The Court will not impose the additional sanctions sought by National Union.[105]

### III.    Triumvirate's Motion to Seal

Triumvirate moves the Court to permit it to file under seal its Motion for Partial Summary Judgment and 19 related exhibits.[106]    National Union did not file a response.

There is "a general right to inspect ... public records and documents, including

---

[105] National Union requests an order requiring Triumvirate to:

> (1) make a full and unredacted production of the responsive documents they have withheld under attorney-client privilege and/or common interest; (2) make a full and unredacted production of the responsive documents they have withheld as work-product; and (3) produce full and unredacted copies of the documents referenced in the Delaney Wiles invoices that have not been produced or provide a sworn affidavit detailed what search was conducted for those documents and by whom, and under what circumstances those documents were lost, discarded or destroyed including by whom and when that occurred. Docket 191 at 19.

National Union contends that these sanctions are necessary to "address . . . the undue prejudice . . . to National Union's ability to defend against Defendants' bad faith claim." Docket 191 at 19. But National Union does not explain how Triumvirate's conduct has caused it undue prejudice in preparing its defense to Triumvirate's bad faith claim, nor how the requested order would remedy such prejudice.

[106] Docket 203 (Motion to Seal); *see also* Docket 202 (Redacted Motion for Partial Summary Judgment); Docket 204 (SEALED) (Sealed Motion for Partial Summary Judgment).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 29 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 29 of 38

judicial records and documents."[107] "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of [public] access' is the starting point."[108] The Ninth Circuit has explained that judicial records attached to dispositive motions are treated differently from records attached to non-dispositive motions: "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."[109] This "compelling reasons" standard applies to the dispositive motion briefing in this case.

The Court first notes that Triumvirate's motion to seal is deficient. The District of Alaska Local Civil Rules detail what must be included in a motion to file under seal. The motion must "be supported by a declaration or affidavit that is separately docketed and filed under seal that must: (i) state the basis for sealing the document; (ii) identify the filings associated with the document; (iii) certify that filing the document with redaction is not practicable; and (iv) include as an attachment a copy of the document that is proposed to be filed under seal."[110] Triumvirate has not filed a

---

[107] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[108] *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In *Kamakana*, the Ninth Circuit identified two categories of documents that are traditionally kept secret: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Id.* (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

[109] *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1136).

[110] D. Alaska L. Civ. R. 7.3(f).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 30 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 30 of 38

declaration of counsel that states the basis for each request to seal.[111] Triumvirate did, however, file copies of the documents it proposes should remain under seal.[112]

The Court has reviewed the 19 exhibits that Triumvirate requests to file under seal and observes that all but one of the exhibits fall into the same categories of settlement-related documents that the Court has previously found compelling reasons to seal. In its October 30, 2024 order at Docket 115, the Court found that the inclusion of confidential settlement information and confidential non-party information provided a compelling reason to seal certain briefs and exhibits filed in connection with the parties' cross-motions for summary judgment.[113] Here, Triumvirate's exhibits A, C–O, R, S, X, and Y are early drafts of the Horvath settlement agreement, communications regarding settlement discussions, and confidential settlement documents involving other claimants. The same compelling reasons that the Court discussed at Docket 115 therefore also support sealing of these exhibits. Accordingly, the Court grants the motion to seal at Docket 203 with respect to Exhibits A, C–O, R, S, X, and Y, without prejudice to a member of the public seeking to have redacted versions of sealed filings made available on the

---

[111] Triumvirate filed under seal a declaration of counsel, but the declaration does not state the basis for sealing the documents attached thereto. *See* Docket 204-1.

[112] Docket 204-2–204-26 (SEALED).

[113] Docket 115 at 5–8, 12 ("The Court agrees that the inclusion of significant discussion regarding the Horvath settlement in the filings is a compelling reason to seal them. Further, that the exhibits contain confidential non-party information, settlement drafts, and settlement communications are also compelling reasons to seal. The Court also notes that the motion to seal and other public court records adequately inform interested persons of what the sealed filings contain in general terms.").

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 31 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 31 of 38

public docket.[114]

Exhibit B, however, appears to be a copy of the Soloy/National Union insurance policy. Because Triumvirate has not articulated a compelling reason to seal this exhibit, the Court denies the motion to seal at Docket 203 without prejudice with respect to Exhibit B.[115] Triumvirate shall either file an unredacted copy of Exhibit B on the public docket or a renewed motion to seal Exhibit B which complies with this District's local rules within **7 days of this order**.

## IV.    National Union's Motion to Seal

National Union moves to file under seal its response in opposition to Triumvirate's Motion for Partial Summary Judgment and 40 related exhibits.[116] In a declaration in support of the motion to seal, National Union's counsel specifies that 26 of the 40 exhibits it "now seeks to file under seal . . . are exhibits that the Court has already found appropriate to file under seal" in its October 30, 2024 order at Docket 115.[117] The remaining exhibits include "drafts of the confidential Horvath

---

[114] In granting Triumvirate's previous motions to file exhibits under seal, the Court also sealed Triumvirate's motions to which the exhibits corresponded "without prejudice to a member of the public seeking to have a redacted version made available on the public docket." Docket 115 at 8, 12. Here, a redacted version of Triumvirate's Motion for Partial Summary Judgment is publicly filed at Docket 202.

[115] The Court notes that the Soloy/National Union aviation insurance policy has previously been filed on the public docket in this case. *See, e.g.*, Docket 51-4.

[116] Docket 214 (Motion to File Under Seal); *see also* Docket 217 (SEALED) (Decl. of David Altschuler in Support of Plaintiff's Motion to File Under Seal); Docket 213 (Memorandum in Opposition to Triumvirate, LLC's Motion for Partial Summary Judgment and in Support of Plaintiff's Request, In the Alternative, Based on Rule 56(d)).

[117] Docket 217 (SEALED) at ¶ 4.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 32 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 32 of 38

settlement, . . . confidential settlement communications[,] . . . [and] confidential attorney work product and attorney-client communications that were produced pursuant to Court Order."[118] National Union also "seeks to respect and preserve the confidential designations asserted in Defendants' and non-party attorney Caryn Jorgensen's document productions."[119] Lastly, National Union seeks to file under seal certain court documents from Mr. Horvath's state court action, including "Exhibit 65 . . . , which is the Superior Court's Order dated April 21, 2025 on Motion for Summary Judgment Seeking to Enforce Settlement Between Horvath and Triumvirate."[120]

Triumvirate responded in partial opposition to the motion.[121] Triumvirate opposes sealing Exhibit 65 because "[t]he state court did not seal the order prior to issuance and the order has been publicly available for over a month."[122] National Union thereafter filed a reply "withdraw[ing] its request to file Exhibit 65 under seal because the Order is publicly available in the Horvath Action."[123]

The Court agrees with the parties that documents available in the public

---

[118] Docket 217 (SEALED) at ¶¶ 10–11.

[119] Docket 217 (SEALED) at ¶ 12.

[120] Docket 217 (SEALED) at ¶ 14.

[121] Docket 221.

[122] Docket 221 at 2.

[123] Docket 222 at 2.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 33 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 33 of 38

domain "are not subject to sealing."[124] The Court denies as moot the motion to seal with respect to Exhibit 65 in light of National Union's withdrawal of its request to seal that exhibit.

The Court has already found compelling reasons to seal Exhibits 8–10, 13, 16, 18, 22, 23, 26, 28, 29, 34, 35, 39, 43, 46–51, 53, 56, 57, 59, and 60.[125] The Court is unaware of any new facts that would warrant a change in the Court's approach to sealing these documents. The Court therefore grants the motion to seal with respect to these exhibits.

The remaining exhibits fall into the same categories of documents that the Court has found may properly be sealed, even when filed in connection with a dispositive motion.[126] Exhibit 40 is a draft of the confidential Horvath settlement, Exhibit 61 is a confidential settlement communication, Exhibits 24 and 25 are a non-party's confidential documents, and Exhibits 17, 36–38, 44, 45, and 58 are confidential attorney work product and attorney-client communications discussing settlement. As the Court has previously stated, "the inclusion of significant discussion regarding the Horvath settlement in the filings is a compelling reason to seal them. Further, that the exhibits contain confidential non-party information, settlement drafts,

---

[124] Docket 221 at 3 (citations omitted).

[125] Docket 115 at 5–8, 12.

[126] *See* Docket 115 at 5–8, 12.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 34 of 38

and settlement communications are also compelling reasons to seal."[127] These same reasons support sealing the remaining filings at issue.[128]

Accordingly, National Union's motion to seal at Docket 214 is granted except as to Exhibit 65. National Union is directed to file a copy of Exhibit 65 on the public docket. National Union's Memorandum in Opposition to Triumvirate, LLC's Motion for Partial Summary Judgment and in Support of Plaintiff's Request, In the Alternative, Based on Rule 56(d) at Docket 213 and all exhibits associated with Docket 217, except for Exhibit 65, are accepted as filed and shall remain under seal. The Court grants the motion to seal as to these filings without prejudice to a member of the public seeking to have redacted versions made available on the public docket.

## V.    Motion for Judicial Notice

National Union requests that this Court take judicial notice of two filings in *David Horvath v. Triumvirate, LLC, et al.*, Case No. 3AN-23-05352CI, Superior Court for the State of Alaska—the state court action filed by David Horvath against Triumvirate and other defendants on March 28, 2023 ("the Horvath action").[129] Defendants did not file a response.

Federal Rule of Evidence 201 provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the

---

[127] Docket 115 at 8.

[128] National Union's counsel avers that it is not feasible or practicable to file redacted versions of the sealed filings. Docket 217 (SEALED) at ¶ 15.

[129] Docket 216 at 2-3.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 35 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 35 of 38

trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Applying this standard, this Court previously took judicial notice of a sealed motion for summary judgment in the Horvath action.[130] The Court will take judicial notice of the additional court filings in the Horvath action for the same reasons. The Court grants National Union's motion and takes judicial notice of the Complaint filed by Mr. Horvath on March 28, 2023, and the Superior Court's Order on Motion for Summary Judgment to Enforce Settlement Between Horvath and Triumvirate LLC dated April 21, 2025, which are filed in this action at Docket 213-64 and Docket 213-67, respectively.

## CONCLUSION

In light of the foregoing, IT IS ORDERED:

1. National Union's Motion for Award of Attorneys' Fees Pursuant to Rule 37(a)(5)(A) at Docket 190 is GRANTED IN PART and DENIED IN PART. The Court awards $6,400 in fees and costs to National Union in connection with National Union's October 8, 2024 motion to compel, to be included as a credit or debit in the final judgment to be entered in this case at its conclusion.

2. National Union's Motion for Discovery Sanctions Pursuant to Rule 37(b) at Docket 191 is GRANTED IN PART and DENIED IN PART as follows:

   (a) Triumvirate shall produce all documents it had previously logged as attorney-client privileged and has withheld or redacted based on new work

---

[130] Docket 115 at 9–10.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 36 of 38

Case 3:23-cv-00146-SLG     Document 237     Filed 07/02/25     Page 36 of 38

product designations. Triumvirate shall also produce all documents that are identified in Triumvirate's privilege log at Docket 101-11 and that Triumvirate has withheld or redacted based on common-interest doctrine, unless Triumvirate also specified in that privilege log that the underlying basis for withholding the document is work product. Triumvirate shall produce these documents **within 7 days of this order.**

(b) Triumvirate shall submit to the Court for *in camera* review (1) all documents that pre-date March 14, 2022 and which National Union identified at Docket 191, page 15, as within the scope of Discovery Orders and that Triumvirate has withheld or redacted based on attorney-client privilege, and (2) unredacted copies of the Delaney Wiles subpoena documents containing disputed redactions with bates numbers TR008332, TR003804, and TR006518, **within 7 days of this order.**

(c) In addition, the Court finds National Union is entitled to its reasonable fees incurred in bringing the motion for sanctions. National Union may file a fee affidavit **within 7 days of this order**, and Triumvirate may submit a response as to the reasonableness of the requested fees **within 7 days thereafter**.

3. Triumvirate's Motion to Seal at Docket 203 is GRANTED as to Exhibits A, C–O, R, S, X, and Y, filed in connection with Docket 204. The motion is DENIED as to Exhibit B; Triumvirate shall either file an unredacted copy of Exhibit B on

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 37 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 37 of 38

the public docket or a renewed motion to seal that exhibit which complies with this District's local rules **within 7 days of this order**.

4. National Union's Motion to Seal at Docket 214 is GRANTED as to Docket 213 and all exhibits associated with Docket 217. The motion is DENIED as to Exhibit 65. National Union is directed to file a copy of Exhibit 65 on the public docket **within 7 days of this order**.

5. National Union's Motion for Judicial Notice at Docket 216 is GRANTED. The Court takes judicial notice of the Complaint filed by Mr. Horvath on March 28, 2023, and the Superior Court's Order on Motion for Summary Judgment to Enforce Settlement Between Horvath and Triumvirate LLC dated April 21, 2025, filed in this action at Docket 213-64 and Docket 213-67, respectively.

DATED this 2nd day of July 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order re Pending Motions
Page 38 of 38

Case 3:23-cv-00146-SLG    Document 237    Filed 07/02/25    Page 38 of 38