IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

        Plaintiff and
        Counterdefendant,

  v.

TRIUMVIRATE, LLC, d/b/a Tordrillo
Mountain Lodge, *et al.*,

        Defendants and
        Counterclaimants.

Case No. 3:23-cv-00146-SLG

## ORDER ON MOTIONS TO SEAL

Before the Court are three ripe motions to seal certain documents filed by the parties:

1. At Docket 228 is Defendants/Counterclaimants Triumvirate, LLC d/b/a Tordrillo Mountain Lodge, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe's (collectively, "Triumvirate") Motion to File Under Seal their Opposition to Plaintiff's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment and three related exhibits.

2. At Docket 230 is Triumvirate's Motion to File Under Seal their Reply in Support of its Motion for Partial Summary Judgment and eight related exhibits.

3. At Docket 242 is Plaintiff/Counterdefendant National Union Fire

Insurance Company of Pittsburgh, PA's ("National Union") Motion to File Under Seal its Proposed Surreply in Opposition to Triumvirate, LLC's Motion for Partial Summary Judgment and one related exhibit.

No response was filed to any of the pending motions to seal. For the reasons set forth below, the motions to seal are GRANTED.

## LEGAL STANDARD

As a general rule, the public has a "right to inspect and copy public records and documents, including judicial records and documents."[1] Unless a particular court record is one that has been "traditionally kept secret," "a strong presumption in favor of [public] access is the starting point."[2] The Ninth Circuit has explained that judicial records attached to dispositive motions are treated differently from records attached to non-dispositive motions: "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."[3] For documents filed with non-dispositive motions, "a particularized showing under the good cause standard of Rule 26(c) will

---

[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[2] *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In *Kamakana*, the Ninth Circuit identified two categories of documents that fall in the category of those traditionally kept secret: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Id.* (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

[3] *Id.* at 1180 (quoting *Foltz*, 331 F.3d at 1136).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motions to Seal
Page 2 of 7

Case 3:23-cv-00146-SLG   Document 256   Filed 07/24/25   Page 2 of 7

suffice to warrant preserving the secrecy" of the material.[4]

## DISCUSSION

I. **Docket 228 – Triumvirate's Motion to Seal**

Triumvirate moves to file under seal an unredacted copy of their Opposition to Plaintiff's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment, as well as accompanying Exhibits A, B, and C. Exhibits A and B are attorney-client communications which discuss the Horvath settlement and were produced by National Union pursuant to the Court's April 11, 2024 order; Exhibit C is a settlement-related communication produced by third-party Soloy Helicopter, LLC.[5] All three exhibits were produced with a "Confidential" designation pursuant to the parties' Stipulated Protective Order.[6] Because the underlying Rule 56(d) motion is not a dispositive motion,[7] Triumvirate need only show good cause to file the unredacted Opposition and accompanying exhibits under seal.

The Court finds that Triumvirate has shown good cause to file their unredacted Opposition and Exhibits A, B, and C under seal. Exhibits A, B, and C are settlement-related attorney-client communications of the same type that the Court previously

---

[4] *Id.* (internal citations and quotation marks omitted).

[5] Docket 229-4 (SEALED) (Declaration of Counsel in Support of Motion to File Under Seal) at ¶¶ 3–5; Dockets 229-1–229-3 (SEALED) (Exhibits A–C).

[6] Docket 229-4 (SEALED) at ¶¶ 4–5.

[7] *See* Docket 215; Fed. R. of Civ. P. 56(d) (permitting a party to request additional time to obtain evidence necessary to oppose a summary judgment motion).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motions to Seal
Page 3 of 7

Case 3:23-cv-00146-SLG   Document 256   Filed 07/24/25   Page 3 of 7

found meet the more demanding "compelling reasons" standard for filing under seal,[8] and Triumvirate's unredacted Opposition refers to the contents the sealed exhibits.[9] In addition, Triumvirate has filed a redacted copy of their Opposition on the public docket.[10] The redacted copy adequately informs interested persons of what the sealed filings contain. Accordingly, the Court GRANTS the motion to seal at Docket 228.

## II.     Docket 230 – Triumvirate's Motion to Seal

Triumvirate next moves to file under seal their Reply in Support of Defendant's Motion for Partial Summary Judgment and accompanying Exhibits A–H. Exhibits A–H are attorney-client communications produced by National Union pursuant to the Court's April 11, 2024 order, and were produced with a Confidential designation pursuant to the parties' Stipulated Protective Order.[11] Because the Reply and exhibits are filed in connection with a dispositive motion, the "compelling reasons" standard applies.

The Court finds that there are compelling reasons to preserve the secrecy of

---

[8] Docket 115 at 5–8, 12 (finding that the inclusion of confidential settlement information and confidential non-party information provided a compelling reason to seal certain briefs and exhibits filed in connection with the parties' cross-motions for summary judgment); Docket 137 at 29–35 (finding that the same compelling reasons supported sealing certain briefs and exhibits filed in connection with Triumvirate's motion for partial summary judgment).

[9] Docket 229-4 (SEALED) at ¶ 6.

[10] Docket 226.

[11] Docket 230-1 (Declaration of Counsel in Support of Motion to File Under Seal) at ¶¶ 3–4; *see* Dockets 233–233-11 (Exhibits A-H).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motions to Seal
Page 4 of 7
Case 3:23-cv-00146-SLG     Document 256     Filed 07/24/25     Page 4 of 7

Triumvirate's unredacted Reply and Exhibits A-H. This Court has found, in connection with a previous motion to seal, that "the inclusion of significant discussion regarding the Horvath settlement in the filings is a compelling reason to seal them. Further, that the exhibits contain confidential non-party information, settlement drafts, and settlement communications are also compelling reasons to seal."[12] These same findings apply to Exhibits A-H. Moreover, a publicly filed declaration of counsel informs interested persons of what the sealed exhibits contain in general terms.[13]

With respect to the Reply, the unredacted version that Triumvirate seeks to seal refers to specific contents of the sealed exhibits for which protection from public disclosure is warranted. Triumvirate has not, however, filed a redacted version of the Reply on the public docket, nor has its counsel certified that redaction of the protected material in the Reply (or the attached exhibits) is not practicable.[14] Accordingly, the Court GRANTS the motion to seal at Docket 230 without prejudice to a member of the public seeking to have redacted versions of the sealed filings made available on

---

[12] Docket 115 at 8; *see also supra* note 8.

[13] *See* Docket 232 (Declaration of Counsel in Support of Reply in Support of Defendants' Motion for Partial Summary Judgment).

[14] *See* Docket 230-1; Docket 232; D. Alaska L. Civ. R. 7.3(f) (listing required components of a motion to file a document under seal, including certification that filing the document with redaction is not practicable).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motions to Seal
Page 5 of 7

Case 3:23-cv-00146-SLG   Document 256   Filed 07/24/25   Page 5 of 7

the public docket.

### III. Docket 242 – National Union's Motion to Seal

National Union moves to file under seal its Proposed Surreply in Opposition to Triumvirate, LLC's Motion for Partial Summary Judgment, as well as Exhibit 2 to the Proposed Surreply. National Union seeks to file Exhibit 2 under seal because it is a confidential attorney-client communication between National Union and its coverage counsel and was designated as Confidential pursuant to the Stipulated Protective Order in this case.[15] And National Union maintains that sealing its Proposed Surreply is warranted because it "directly cites from National Union's confidential and privileged communications, including attorney-client communications and work product" and because it "directly responds to Defendant's Reply in Support of its Motion for Partial Summary Judgment," which Triumvirate moved to file under seal as discussed above.[16]

The Court finds that the same compelling reasons that have warranted sealing attorney-client communications related to settlement discussions throughout this case, as described above, also apply to the Proposed Surreply and to Exhibit 2. The Court notes, however, that National Union has neither filed a redacted version of its Proposed Surreply on the public docket nor has its counsel certified that redaction of

---

[15] Docket 243 (SEALED) (Declaration of David Altschuler in Support of Plaintiff's Motion to File Under Seal) at ¶ 12.

[16] Docket 243 (SEALED) at ¶¶ 10, 12.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motions to Seal
Page 6 of 7
Case 3:23-cv-00146-SLG    Document 256    Filed 07/24/25    Page 6 of 7

the protected material is not practicable.[17]  Accordingly, the Court GRANTS the motion to seal at Docket 242 without prejudice to a member of the public seeking to have redacted versions of the sealed filings made available on the public docket.[18]

## CONCLUSION

In light of the foregoing, IT IS ORDERED:

1. Triumvirate's Motion to File Under Seal at Docket 228 is GRANTED. Triumvirate's Opposition to Plaintiff's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment and Exhibits A, B, and C are accepted as filed at Docket 229.

2. Triumvirate's Motion to File Under Seal at Docket 230 is GRANTED. Triumvirate's Reply in Support of its Motion for Partial Summary Judgment at Docket 231 and Exhibits A–H at Docket 233 are accepted as filed.

3. National Union's Motion to File Under Seal at Docket 242 is GRANTED. National Union's Proposed Surreply in Opposition to Triumvirate, LLC's Motion for Partial Summary Judgment and Exhibit 2 are accepted as filed at Docket 243.

DATED this 24th day of July, 2025 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[17] *See* Docket 243 (SEALED); D. Alaska L. Civ. R. 7.3(f).

[18] In so ordering, the Court expresses no opinion on the merits of National Union's Motion to Strike New Argument and Evidence or for Leave to File Surreply at Docket 240.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on Motions to Seal
Page 7 of 7

Case 3:23-cv-00146-SLG    Document 256    Filed 07/24/25    Page 7 of 7