IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>        Plaintiff and Counterdefendant,<br><br>    v.<br><br>TRIUMVIRATE, LLC, d/b/a Tordrillo Mountain Lodge, *et al.*,<br><br>        Defendants and Counterclaimants. | Case No. 3:23-cv-00146-SLG |

### ORDER GRANTING PLAINTIFF'S ALTERNATIVE MOTION PURSUANT TO FRCP RULE 56(D) TO DEFER CONSIDERATION OF TML'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court are three pending motions:

1. At Docket 202 is Defendants/Counterclaimants Triumvirate, LLC d/b/a Tordrillo Mountain Lodge, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe's (collectively, "Triumvirate") Motion for Partial Summary Judgment.[1] Plaintiff/Counterdefendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") responded in opposition at Docket 213.[2] Triumvirate replied at Docket 231.

---

[1] An unredacted copy of the motion is filed under seal at Docket 204. For ease of reference, where the parties have filed both a public, redacted filing and a sealed filing, the Court refers to the sealed version.

[2] At Docket 216, National Union filed a motion for judicial notice in connection with their opposition

2. At Docket 215 is National Union's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment. Triumvirate responded in opposition at Docket 226.[3] National Union replied at Docket 249.

3. At Docket 240 is National Union's Motion to Strike New Argument and Evidence or for Leave to File Surreply. Triumvirate responded in opposition at Docket 250. National Union replied at Docket 255.

Oral argument was not necessary to the Court's determinations.[4]

## BACKGROUND

The factual and procedural history of this case are set forth in detail in the Court's prior orders at Dockets 168 and 237. As relevant here, fact discovery, except for depositions, was to be completed on or before September 30, 2024.[5] Since that date, there have been several disputes over the proper scope of discovery related to Triumvirate's bad faith counterclaim.[6] Most recently, on July 2, 2025, the Court granted in part and denied in part National Union's Motion for Discovery Sanctions Pursuant to Rule 37(b) and directed Triumvirate to produce certain previously-

---

to the motion, which the Court granted at Docket 237.

[3] An unredacted copy of the opposition is filed under seal at Docket 229.

[4] Triumvirate requested oral argument on its Motion for Partial Summary Judgment in its reply at Docket 231. Oral argument was not requested on either of the other pending motions.

[5] Docket 253 at 2.

[6] *See, e.g.*, Dockets 148, 181, 237.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order Granting Plaintiff's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment
Page 2 of 8

Case 3:23-cv-00146-SLG    Document 262    Filed 08/06/25    Page 2 of 8

withheld documents to National Union and to submit additional documents to the Court for *in camera* review within seven days;[7] on July 30, 2025, the Court issued its order on *in camera* review, directing Triumvirate to produce some of the documents and portions of documents that Triumvirate had previously withheld or redacted based on attorney-client privilege within seven days of the date of that order.[8] The deadline for fact witness depositions in this case is September 11, 2025, expert witness discovery closes on November 13, 2025, and dispositive motions are due by December 1, 2025.[9]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(d) provides that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its position, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party requesting a Rule 56(d) continuance must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts

---

[7] Docket 237 at 37.

[8] Docket 261 at 3–5.

[9] Docket 253 at 2–3.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order Granting Plaintiff's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment
Page 3 of 8

Case 3:23-cv-00146-SLG    Document 262    Filed 08/06/25    Page 3 of 8

are essential to oppose summary judgment."[10]

## DISCUSSION

The sole claim at issue in the Motion for Partial Summary Judgment is Triumvirate's claim that National Union acted in bad faith by effectuating a settlement agreement with David Horvath that favored the interests of Soloy over the interests of Triumvirate without first filing a declaratory judgment action.[11] Triumvirate asserts that, by not filing a declaratory judgment action before executing that settlement, National Union acted in bad faith as a matter of law and that Triumvirate is therefore entitled to summary judgment on this particular theory of bad faith.[12] National Union opposes partial summary judgment, and contends that the circumstances of the Horvath settlement—including Triumvirate and its insurer Prime's refusal to participate in the settlement—show that National Union's "actions were reasonable, never in bad faith, and that it appropriately balanced the interests of both its insureds."[13]

In the alternative, in a separately filed Rule 56(d) Motion, National Union seeks

---

[10] *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d 822, 827 (9th Cir. 2008) (citing *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)). When *Family Home & Finance Center* was decided, Rule 56(d) was enumerated as 56(f) in the Federal Rules of Civil Procedure.

[11] Docket 204 (SEALED) at 11–12; *see* Docket 215 at 2, 11; Docket 229 (SEALED) at 5–6.

[12] Docket 204 (SEALED) at 11–15, 19. Triumvirate has also advanced a theory of bad faith based on National Union's alleged decision to exclude Triumvirate from the settlement negotiations with Mr. Horvath, but did not move for summary judgment as to that theory. *See* Docket 229 at 9.

[13] Docket 213 at 4.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order Granting Plaintiff's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment
Page 4 of 8

Case 3:23-cv-00146-SLG    Document 262    Filed 08/06/25    Page 4 of 8

an order "suspending briefing and/or extending the time for [National Union] to file an opposition" to the partial summary judgment motion "until after discovery on Triumvirate's bad faith claim is complete."[14] In a declaration in support of the Rule 56(d) Motion, National Union's counsel avers that documents related to Triumvirate's bad faith claim, which were the subject of several discovery disputes and that Triumvirate has been ordered to produce but had not yet produced in full, are essential to its defense of the partial summary judgment motion.[15] In addition, Triumvirate notes that it "has been unable to take depositions regarding the bad faith claim, . . . [as] the parties agreed to delay depositions until after the Court has ruled on the [then-pending] discovery motions."[16] National Union proffers that the forthcoming documents and deposition testimony will show that Triumvirate and Prime "deliberately decided not to contribute to a settlement with Horvath"[17] as part of a "plan" to "pay nothing from [Triumvirate's] policy with Prime."[18] National Union maintains that this discovery is essential to its opposition because assessing a bad faith claim necessarily takes into account the "totality of the circumstances."[19] In its

---

[14] Docket 215 at 2, 14. National Union also raises its Rule 56(d) request in its opposition to the Motion for Partial Summary Judgment, but phrases that request slightly differently. Docket 213 (SEALED) at 34 (requesting "pursuant to F. R. Civ. P. 56(d), to supplement its brief or an extension of time to oppose the Motion after discovery on TML's bad faith claim is complete").

[15] Docket 215-1 at ¶¶ 4, 6–9.

[16] Docket 215-1 at ¶ 5.

[17] Docket 215-1 at ¶ 9.

[18] Docket 215 at 9–10.

[19] Docket 215-1 at ¶ 7; Docket 249 (citing *Gershkowitz v. State Farm*, Case No. 23-55432, 2024 WL

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order Granting Plaintiff's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment
Page 5 of 8

Case 3:23-cv-00146-SLG   Document 262   Filed 08/06/25   Page 5 of 8

reply, National Union recognizes that the Court has ruled on the relevant discovery motions and that Triumvirate's additional productions are forthcoming, but maintains that, after Triumvirate produces the documents at issue, National Union will need additional time to take depositions related to Triumvirate's bad faith claim and to resolve any additional disputes.[20]

In its opposition to the Rule 56(d) Motion, Triumvirate contends first that National Union has not sufficiently identified the "specific facts" that it hopes to elicit from further discovery, and second, that only National Union's conduct is at issue in its motion for partial summary judgment."[21] In Triumvirate's view, "Triumvirate's and non-party Prime's conduct, and discovery thereof, is irrelevant to Triumvirate's Motion and, therefore, not essential to National Union's defense of the same."[22]

The Court finds that National Union has made the threshold showing for a continuance pursuant to Rule 56(d). National Union has, by affidavit, set forth the facts related to Triumvirate's decision not to contribute to a settlement with Mr. Horvath that it hopes to elicit, and the basis for its belief that those facts exist.[23]

---

4579238, at *1 (9th Cir. Oct. 25, 2024); *Kemm v. Allstate*, Case No. 8:08-CV-299-T-30EAJ, 2009 WL 1954146, at *3 (M.D. Fla. July 7, 2009); *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 698 (Alaska 2014); *Faulkner Walsh Constructors v. Nat'l Cas. Co.*, Case No. 3:20-CV-0270-HRH, 2022 WL 2669370, at *9 (D. Alaska July 11, 2022)).

[20] Docket 249 at 3–5.

[21] Docket 229 (SEALED) at 7–10.

[22] Docket 229 (SEALED) at 9.

[23] Docket 215-1.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order Granting Plaintiff's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment
Page 6 of 8

Case 3:23-cv-00146-SLG    Document 262    Filed 08/06/25    Page 6 of 8

Notably, it appears that, at least as of when the Rule 56(d) Motion was filed and by agreement of the parties, no depositions related to Triumvirate's bad faith claim had been taken.[24] The deadline to complete such depositions has not yet passed.[25]

National Union has also shown that the facts it seeks to elicit are essential to its opposition to Triumvirate's Motion for Partial Summary Judgment because, under Alaska law, the tort of bad faith requires an insurer to have acted in a way that was "objectively unreasonable under the circumstances."[26] Triumvirate's conduct may be a relevant circumstance in determining whether National Union's negotiation and effectuation of the Horvath release without first seeking a declaratory judgment was objectively unreasonable. Moreover, the Court finds that the piecemeal resolution of dispositive claims in this case is not an efficient use of limited judicial resources. Accordingly, the Court grants National Union's Rule 56(d) motion and denies Triumvirate's Motion for Partial Summary Judgment without prejudice to its re-filing after the deadline for completion of depositions has passed.

## CONCLUSION

In light of the foregoing, National Union's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment at Docket 215 is GRANTED. Triumvirate's Motion for Partial Summary Judgment at

---

[24] Docket 215-1 at ¶ 5.

[25] Docket 253 at 2.

[26] *Lockwood*, 323 P.3d at 697–98.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order Granting Plaintiff's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment
Page 7 of 8

Case 3:23-cv-00146-SLG   Document 262   Filed 08/06/25   Page 7 of 8

Docket 202 is DENIED without prejudice to Triumvirate re-filing the motion after the deposition deadline and before the deadline for dispositive motions.[27] National Union's Motion to Strike New Argument and Evidence or for Leave to File Surreply at Docket 240 is DENIED as moot.

DATED this 6th day of August, 2025 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[27] Under the current scheduling order, after September 11, 2025, and on or before December 1, 2025. Docket 253 at 2–3.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order Granting Plaintiff's Alternative Motion Pursuant to FRCP Rule 56(d) to Defer Consideration of TML's Motion for Partial Summary Judgment
Page 8 of 8

Case 3:23-cv-00146-SLG   Document 262   Filed 08/06/25   Page 8 of 8