Seth H. Row (*Pro Hac Vice*)
Willa B. Perlmutter (Bar No. 9409077)
Kevin Cuddy (Bar No. 0810062)
Bradley R. Prowant (*Pro Hac Vice*)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
seth.row@stoel.com
willa.perlmutter@stoel.com
kevin.cuddy@stoel.com
bradley.prowant@stoel.com

Attorneys for Defendants and
Counterclaimants

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Plaintiff and Counter-Defendant,

v.

TRIUMVIRATE, LLC d/b/a TORDRILLO
MOUNTAIN LODGE, MICHAEL
RHEAM, MICHAEL OVERCAST,
JENNIFER OVERCAST, and THOMAS
MOE,

       Defendants and Counterclaimants.

# REDACTED PUBLIC VERSION

Case No.: 3:23-cv-00146-SLG

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

## MOTION TO DISQUALIFY ANDREW HOUGHTON AS TRIAL COUNSEL

Defendants/Counterclaim Plaintiffs Triumvirate LLC ("TML"), Jennifer Overcast, Thomas Moe, Michael Rheam, and Michael Overcast (collectively, "Defendants") move the Court for an order that Andrew Houghton, currently one of five counsel for Plaintiff National Union, be disqualified from representing National Union at trial or participating in any activities that might be placed before the jury. This Motion is supported by the Declaration of Seth H. Row in Support of Motion to Disqualify Andrew Houghton as Trial Counsel ("Row Dec.") and the exhibits attached thereto.

## I. INTRODUCTION

Mr. Houghton is a necessary fact witness on issues essential to TML's bad faith claim (the only claim left for a finder of fact) because he provided legal advice to National Union about the settlement of Mr. Horvath's claims, and National Union plans to rely on that advice as a defense to the bad faith claim. Mr. Houghton was also personally involved in the settlement discussions with Mr. Horvath's counsel and others and is a likely witness as to those events.

Allowing Mr. Houghton to serve as both trial counsel and as a necessary, material witness will confuse the jury and blur the line between advocacy and evidence. Moreover, Mr. Houghton's participation as an advocate in trial or activities that may be put before the jury and a witness whose judgment and abilities are part of the evidence will prejudice TML. His removal as trial counsel will not cause a substantial hardship to National Union

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG          2

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

because Mr. Houghton's firm can remain National Union's counsel through the remainder of discovery and pretrial activities, and trial is more than six months away.

This motion is timely because National Union only recently revealed its plan to rely on Mr. Houghton's advice at trial, after several months of conduct that was completely inconsistent with an advice of counsel defense (including filing motions to quash subpoenas to himself and other counsel). After new counsel for Defendants (Stoel Rives) became involved in the case, new counsel's assumption was that with the assertion of the advice of counsel defense, Mr. Houghton would withdraw. Counsel for Defendants sought confirmation of that in advance of filing this motion from National Union, but National Union refused, leading to the filing of this motion.

## II. BACKGROUND

### A. Underlying Litigation – Mr. Houghton Is Advisor to National Union and Participant in Negotiations

This insurance coverage dispute stems from a 2021 helicopter crash that occurred near the Knik Glacier in Alaska.[1] The helicopter was owned and operated by Soloy Helicopters LLC ("Soloy").[2] TML chartered Soloy to provide a heli-ski excursion for a number of guests, including David Horvath.[3] National Union provided coverage to Soloy and TML under an insurance policy issued to Soloy as named insured, and on which TML

---

[1] Dkt. 26 at 13, ¶ 11.
[2] *Id.*
[3] *See generally* Dkt. 51-3.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG          3

was an additional insured (the "Soloy Policy").[4] Following the helicopter accident, survivor David Horvath asserted claims against Soloy and TML.[5]

National Union hired counsel—Caryn Jorgensen—to defend Soloy against the Horvath claims.[6] Tim Lamb was retained to represent TML but not by National Union. Horvath's attorney—Tracey Knutson—and Ms. Jorgensen began discussing settlement in May 2021.[7] ██████████████████████████.[8] ██████████████████

████████████████████████████████████████████

██████████████████████████████[9] █████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████[10] ██████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

---

[4] Dkt. 26 at 4, ¶ 15.
[5] *Id.* at 13, ¶ 11.
[6] *Cf.* Dkt. 50 (ordering National Union to produce "communication between Horvath and Soloy").
[7] Dkt. 217-7.
[8] *See id.*
[9] Dkt. 217-6.
[10] Dkt. 213-19.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG 4

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

██████████████████████████████████████████████████[11]

████████████████████████████████████████████████████

████████████████████████████[12]

████████████████████████████████████████

████████████████████████████████████████[13]

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████.[14]

National Union sought advice about these issues from its coverage counsel—

Andrew Houghton—beginning no later than November 3, 2021.[15] ██████████████

████████████████████████████████████████████████████

---

[11] Dkt. 217-19.

[12] Dkt. 217-13.

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████

[13] Dkt. 217-10.

[14] Dkt. 217-19 (under seal).

[15] *Id.*

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    5



[REDACTED][16] Thereafter, Mr. Houghton grew increasingly involved with settlement negotiations on Mr. Horvath's claims.

[REDACTED]

[REDACTED][17]

[REDACTED]

[REDACTED][18]

[REDACTED]

[REDACTED][19]

[REDACTED]

[REDACTED][20]

[REDACTED]

[REDACTED][21] [REDACTED][22]

[REDACTED]

[REDACTED]

[REDACTED][23]

---

[16] Dkt. 217-20 (under seal).
[17] Row Dec., Ex. 1.
[18] Dkt. 217-26 at 7-8.
[19] *Id.* at 11.
[20] *Id.*
[21] Row Dec., Ex. 2.
[22] Dkt. 217-27.
[23] *Id.* at 12.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                6



STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

---

[24] Row Dec., Ex. 3.
[25] *Id.*, Ex. 3.
[26] Dkt. 217-31.
[27] Row Dec., Ex. 3.
[28] *Id.*, Ex. 4.
[29] *Id.*, Ex. 5.
[30] *Id.*, Ex. 5.
[31] *Id.*, Ex. 6.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                7



---

[32] *Id.*, Ex. 6.
[33] Dkt. 217-28.
[34] Row Dec., Ex. 6.
[35] *Id.*, Ex. 7.
[36] *Id.*, Ex. 7.
[37] *Id.*, Ex. 7.
[38] *Id.*, Ex. 8.
[39] *Id.*, Ex. 8.
*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                8



**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

---

[40] *Id.*, Ex. 9.
[41] *Id.*, Ex. 9.
[42] *Id.*, Ex. 10.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG          9



**STOEL RIVES** LLP

510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

---

[43] *Id.*, Ex. 10 (emphasis added).
[44] *Id.*, Ex. 11.
[45] *Id.*, Ex. 11.
[46] *Id.*, Ex. 12.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    10

████████████████████████████████████████[47]██████████████████████████████████

██████████████████████████████████████████████[48]████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████[49]

In other words, Mr. Houghton was intimately involved with this matter from the beginning, whether offering legal advice and direction to his client, National Union, or later becoming directly involved in negotiating the settlement agreement that National Union knew left TML exposed to further litigation, without coverage.

After full execution of the settlement agreement and National Union's payment to Horvath,[50] Mr. Horvath brought a suit against TML related to what he characterized as "post-crash injuries" (the "Horvath Lawsuit").[51] ████████████████████████████

████████████████████████████████████████████[52] ███████████

████████████████████████████████████████████████████

██████[53]

---

[47] *Id*., Ex. 13.
[48] *Id*., Ex. 14.
[49] *Id*., Ex. 15; Dkt. 202-22.
[50] ████████████████████████████████████████████
████████████████████████████████████████████ *See* Dkt. 213-63.
[51] Dkt. 217-39.
[52] Dkt. 202-23.
[53] *Compare* Dkt. 202-23 *with* Dkt. 217-20, 25.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    11

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

**B. National Union's Litigation Conduct—Inconsistent with Advice of Counsel, Until Recently.**

████████████████████████████████████████████████, National Union brought this declaratory judgment action; TML later counterclaimed for bad faith and declaratory judgment.[54]

The parties commenced discovery. In November 2024, National Union moved for a protective order "precluding depositions of National Union's coverage attorneys, Andrew Houghton and Karen Schnur" and asked the Court to quash subpoenas that had been served on those attorneys.[55] The basis for the motion was, in part, that TML was not entitled to discovery of attorney-client privileged communications between Mr. Houghton and National Union while the Horvath settlement was being negotiated.[56] The Court granted National Union's motion for protective order in February 2025, including holding that "Triumvirate may not depose National Union's counsel."[57]

In between when National Union filed its motion for protective order and when the Court ruled on that motion for protective order, this Court held that the Soloy Policy covered Horvath's post-accident injuries[58] but deferred a decision on whether National

---

[54] Dkt. 1.

[55] Dkt. 127.

[56] *See, e.g.*, *Id.* at 10 and 13 ("There is nothing more National Union can provide which is not privileged, either under the attorney-work product privilege or under the attorney-client privilege.").

[57] Dkt. 181 at 12.

[58] Dkt. 168 at 15-27.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    12

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Union's exhaustion of the Soloy Policy limits eliminated its duty to defend TML in the Horvath Lawsuit.[59] After that ruling, the only remaining claim for adjudication before a trier of fact was TML's bad faith claim. But National Union had not put its attorney-client communications at issue in defense of that bad faith claim.

In March 2025, TML brought a motion for partial summary judgment on the bad faith claim.[60] On May 16, 2025, in its response to the motion for partial summary judgment, National Union for the first time hinted that it might rely on an "advice of counsel" defense to TML's bad faith claim.[61] In May 2025, National Union also moved to defer a decision on TML's dispositive motion under Fed. R. Civ. P. 56(d).[62] In the reply brief in support of that motion, filed on July 11, 2025, National Union further elaborated on the scope of its advice of counsel defense.[63]

---

[59] *Id.* at 32-36.

[60] Dkt. 202.

[61] Dkt. 213 at 5, 16, and 30 ("…NUFIC sought advice from coverage counsel, who recommended moving forward with the settlement under the circumstances.").

[62] Dkt. 215.

[63] Dkt. 249 at 8 ("NUFIC sought advice from coverage counsel, who examined applicable law and advised NUFIC that it was appropriate to proceed with the release under the circumstances, including the fact that the release encompassed any and all claims that could possibly be covered under the Soloy Policy."). It appears that National Union is not relying on "advice of counsel" for its denial of TML's tender of defense of the Horvath Lawsuit, because National Union has withheld documents related to advice that it received in 2023 on the basis of attorney-client privilege and continues to withhold those documents. *See* Dkt. 105-1 at 21-24, 105-2 at 74-88, 94-101, 105.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG          13

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Defendants asserted that National Union's newfound "advice of counsel" defense had been waived.[64] National Union then filed a "Motion to Strike New Argument" complaining about Defendants' assertion that the advice of counsel defense had been waived.[65] While this Court eventually denied that motion as moot, National Union would not have sought to strike the argument unless it considered the advice of counsel defense a potential litigation strategy.[66]

In the meantime, the Court ruled on April 11, 2025 (following an *in camera* review of National Union's claim file as part of TML's Motion to Compel) that National Union had to make Mr. Houghton and Ms. Schnur available for deposition.[67]

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

---

[64] Dkt. 231 at 12 *et seq.*

[65] Dkt. 240. That motion was eventually denied as moot. Dkt. 262 (Aug. 6, 2025).

[66] Since the Court has already held that Mr. Houghton's advice to National Union was incorrect—i.e., the Soloy Policy *did* cover all of Mr. Horvath's claims, Dkt. 168 at 19—it appears that National Union's "advice of counsel" defense is that Mr. Houghton's incorrect advice and National Union's actions as a result were somehow reasonable despite their lack of legal support.

[67] Dkt. 207 at 2 (identifying the issue under consideration as the crime-fraud exception, and not the "advice of counsel" defense) and 4 ("...the Court reconsiders its order at Docket 181 at page 12, which deferred a ruling on the deposition of National Union's counsel. Triumvirate may depose National Union's counsel with respect to the documents produced by National Union pursuant to this order.").

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG          14

## III. ARGUMENT

### A.      Legal Standard Applicable to Attorneys Acting as Witnesses

"The standards of the Alaska Rules of Professional Conduct apply to any attorney admitted to practice in [the District of Alaska]."[68] "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client."[69] A "proper objection" to trial counsel is lodged "when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness" and "where the combination of roles may prejudice that party's rights in the litigation."[70] "Concerns about a potential violation of the advocate-witness rule typically arise when the attorney has material personal knowledge of the underlying events being litigated, and the attorney is therefore likely to be called as a witness at trial by one of the parties."[71]  "A lawyer's ability to exercise independent judgment is obviously placed in a compromising position if the lawyer's duty as an advocate becomes intermingled with his role as a witness in the same

---

[68] D. Alaska Civ. L.R. 83.1(h).
[69] Alaska R. Prof. Conduct 3.7(a).
[70] Alaska R. Prof. Conduct 3.7, cmt. 2.
[71] *State v. Carlson*, 440 P.3d 364, 386 (Alaska Ct. App. 2019) (citing *United States v. Locascio*, 6 F.3d 924, 934 (2d Cir. 1993)).

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                15

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

proceeding.… A lawyer who intermingles the functions of advocate and witness diminishes his effectiveness in both roles."[72]

Even if it is unclear whether the attorney will testify, the attorney may still be disqualified if the above standards are met. Indeed, an attorney who negotiates a settlement becomes a necessary witness in a subsequent declaratory judgment action involving that agreement.[73] The question is less of whether an attorney *will* be called to testify, but rather whether that witness is necessary because he or she "ought to be called as a witness on behalf of his client."[74]

### B.     Mr. Houghton Is a Necessary Witness: He Has Material, Personal Knowledge Relevant to TML's Bad Faith Claim.

"Alaska Rule of Professional Conduct 3.7(a) prohibits lawyers who are ***likely*** to be necessary witnesses from acting as trial counsel."[75] A witness is "necessary" if they have testimony that is "essential" to a case.[76] The threshold is whether the attorney's testimony

---

[72] Alaska State Bar Ethics Opinion 86-5 (citing *Williams v. Dist. Ct., El Paso Cnty.*, 700 P.2d 549, 553 (Colo. 1985)).

[73] *Nautilus Marine Enters., Inc. v. Exxon Mobil Corp.*, 332 P.3d 554, 560 (Alaska 2014) ("And the role of [ ] lawyer…as lead negotiator in the settlement negotiations with Nautilus made him more obviously a witness in the trial of this case—as he was—than a preferred choice for counsel when it came to litigating the settlement.").

[74] *Munn v. Bristol Bay Hous. Auth.*, 777 P.2d 188, 196 (Alaska 1989) (internal quotation marks, emphasis, and citation omitted).

[75] *Iditasport Alaska v. Merch.*, No. 3:18-CV-0068-HRH, 2018 WL 2376085, at *1 (D. Alaska May 24, 2018) (emphasis added).

[76] *Carlson*, 440 P.3d at 386.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    16

is "relevant, material and unobtainable elsewhere."[77] Courts have recognized that when an attorney represents a party in an underlying action and is likely to be a necessary witness in a subsequent bad faith action, disqualification is appropriate.[78]

### 1. Mr. Houghton Is a Necessary Witness Because He Provided the Erroneous Advice That National Union Has Put at Issue Through Its Advice-of-Counsel Defense.

Mr. Houghton should be disqualified principally because he provided advice to National Union with regard to the Horvath settlement and because National Union intends to put the quality of that advice at issue at trial.

The advice-of-counsel defense necessarily puts at issue the quality of the evaluation performed by the counsel giving the advice. "[W]hen an insurer reasonably relies on a diligent, good faith evaluation by its counsel, the court may treat such reliance as evidence of the insurer's good faith."[79] Therefore, National Union will be required to put on evidence that Mr. Houghton's evaluation was "diligent" and in "good faith." Moreover, the advice-of-counsel defense puts National Union's selection of Mr. Houghton as its advisory counsel at issue. As one treatise puts it:

---

[77] *Kelly v. CSE Safeguard Ins. Co.*, No. 2:08-cv-00088-KJD-RJJ, 2010 WL 3613872, at *2 (D. Nev. Sept. 8, 2010) (quoting *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1302 (D. Colo. 1994)) (applying an identical Rule 3.7.); *see also, e.g.*, *Kenick v. Allstate Ins.*, No. 4BE - 04 - 00103 CI, 2015 WL 13239491, at *2 (Alaska Super. Apr. 17, 2015).

[78] *Newman v. Farmers All. Mut. Ins. Co.*, No. CV 17-47-BLG-TJC, 2017 WL 3446630, at *2 (D. Mont. Aug. 10, 2017) (citing *Nelson v. Hartford Ins. Co. of the Midwest*, No. CV 11-162-M-DWM, 2012 WL 761965, at *3 (D. Mont. Mar. 8, 2012)).

[79] *Bohemia, Inc. v. Home Ins. Co.*, 725 F.2d 506, 513 (9th Cir. 1984).

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG          17

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

> [M]ost courts tend to focus on a number of different considerations regarding bad faith when an insurer defends its conduct wholly or partly on the basis of advice it received from counsel. These considerations include the legal reasoning and the belief of the attorney in formulating his advice; the extent to which the attorney investigated the insured's case; the attorney's reputation, experience, and professional credentials.…

16 Am. Jur. *Proof of Facts* 3d § 419 (2025, originally published 1992). Therefore, Mr. Houghton's reputation, experience, professional credentials, and his legal reasoning and belief in his own advice will all be put at issue at trial.[80]



---

[80] *See also Hermanson v. Century Nat'l Ins. Co.*, No. 2:19-cv-00656-RFB-EJY, 2023 WL 11909905, at *3 (D. Nev. Mar. 31, 2023) ("Under California law, reliance on counsel may be an affirmative defense in an insurance dispute so long as certain factors are satisfied. An insurer seeking to raise this defense must show that it made a full disclosure of the facts to counsel, that it actually relied upon counsel's advice, and that it did not have reason to know that the action recommended by counsel was improper."); *see also State Farm Mut. Auto. Ins. Co. v. Superior Ct.*, 228 Cal. App. 3d 721, 725, 279 Cal. Rptr. 116, 117 (Ct. App. 1991) ("An insurer may defend itself against allegations of bad faith and malice in claims handling with evidence the insurer relied on the advice of competent counsel.").

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    18

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████ .

██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████ .

      Mr. Houghton's advice served as the basis for nearly everything that National Union did that is in dispute on Defendants' bad faith claim. While National Union may testify about the advice that it received, and that it followed that advice, what is at issue in the coming bad faith trial is the *reasonableness* of that advice. The person who can testify to the research and reasoning behind the advice provided to National Union about the Horvath

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    19

settlement is Mr. Houghton.[81] Only Mr. Houghton can explain his credentials, his research, and his thought process. Moreover, TML is entitled to cross-examine Mr. Houghton about how he developed his advice, what he did and did not consider, and whether his advice adhered to the standard of practice for advising insurance companies.[82] Mr. Houghton's testimony is necessary, relevant, and material to National Union's defense and the same information cannot be obtained anywhere else.

National Union may argue that it is enough that TML has National Union's claim file. Courts have specifically rejected that line of argument.[83] On a very basic level, the written record does not capture all of the evidence about Mr. Houghton's advice. The written communications in National Union's claim file reference numerous conversations with Mr. Houghton; the content of those communications will be part of National Union's advice-of-counsel defense, and TML is entitled to cross-examine Mr. Houghton about those conversations and present that evidence to the jury in its case-in-chief, even if National Union does not call him to testify. In summary, because National Union has

---

[81] Mr. Houghton's junior former colleague, Ms. Schnur, will also be deposed about her work which presumably involved research and drafting of the advice communications that were signed by Mr. Houghton.

[82] *See Szumigala v. Nationwide Mut. Ins. Co.*, 853 F.2d 274, 282 (5th Cir. 1988) ("The advice of counsel is but one factor to be considered in deciding whether the carrier's reason for denying a claim was arguably reasonable. We believe that where, through verbal sleight of hand, the advising attorney concocts an imagined loophole in a policy whose plain language extends coverage, such advice is heeded at the carrier's risk.").

[83] *See Timlick v. Liberty Mut. Ins. Co.*, No. CV 19-99-M-DLC-KLD, 2019 WL 4934782, at *3 (D. Mont. Oct. 7, 2019) ("Regardless of what is contained in the claim file, however, [the attorney's] testimony is relevant, material, and critical to [the insurer's] defense….").

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG        20

asserted an advice-of-counsel defense, Mr. Houghton is a necessary witness whose testimony cannot be obtained elsewhere, and he therefore must be disqualified from serving as trial counsel for National Union.[84]

> ### 2. Mr. Houghton Acted as a Claims Adjuster and Was Personally Involved in Critical Communications with Mr. Horvath's Counsel and Defense Counsel That Are Relevant to TML's Bad Faith Claim.

As laid out in the factual background section above, beyond his role as counsel and advisor to National Union, Mr. Houghton was directly involved in negotiating the settlement agreement with Ms. Knutson. In this respect, Mr. Houghton stepped away from being coverage counsel and assumed the role of a claims adjuster. By doing that he became a fact witness to discussions with Ms. Knutson about the Horvath settlement. This provides an additional reason that he is a necessary fact witness and cannot serve as trial counsel for National Union.

> ### C. Allowing Mr. Houghton to Serve as Trial Counsel and Be a Fact Witness Will Confuse and Mislead the Jury.

"A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis

---

[84] *See, e.g.*, *Commonwealth v. Rondeau*, 378 Mass. 408, 414, 392 N.E.2d 1001, 1004 (1979) (concluding that once it "became apparent to [defense counsel] that his testimony might be necessary to the proper defense of his client, he was ethically obligated to withdraw as counsel").

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    21

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

of the proof."[85] "Where an attorney has observed or participated in events giving rise to facts disputed at trial, a jury may misinterpret his questions or summation as testimony conveying his own version of those events. Such misinterpretation could prove extremely prejudicial to the adverse party, since as an unsworn witness he [the attorney] would not be subject to cross-examination or explicit impeachment."[86]

In addition to Mr. Houghton being a necessary witness with relevant and material testimony, the policy underlying Rule 3.7 clearly applies. Mr. Houghton not only observed the events in dispute but actively participated in them. And even more critically, the advice-of-counsel defense necessarily puts the advising counsel's competence and credibility at issue.[87] Therefore, if Mr. Houghton gives an opening statement, then takes the stand to testify, and then returns to counsel table, it will confuse the jury. His participation will create ambiguity as to when he is acting as an advocate and when he is presenting evidence. A jury cannot be expected to cabin Mr. Houghton to his respective roles as witness and attorney, as the rule recognizes. Because allowing Mr. Houghton to serve as trial counsel and take the stand as a fact witness will undermine the trial process, which is a bedrock justification for Rule 3.7, Mr. Houghton should be disqualified from serving as trial counsel for National Union.

---

[85] Alaska R. Prof. Conduct 3.7, cmt. 2.
[86] *Nelson*, 2012 WL 761965, at *4 (brackets in original; citation omitted).
[87] *See supra* at 19-23; *see also State Farm Mut. Auto. Ins. Co.*, 279 Cal. Rptr. at 117 (finding an insurer must show that it relied on the advice of "competent" counsel).

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    22

**STOEL RIVES** LLP

510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

### D. Allowing Mr. Houghton to Serve as Trial Counsel for National Union Will Prejudice TML.

Allowing Mr. Houghton to play a dual role at trial will prejudice TML. Similar to causing confusion, having Mr. Houghton testify as a witness and then serve as an attorney will give his testimony a more credible veneer to the jury because they will assume he understands the subject matter better than an "ordinary" witness. Mr. Houghton will be able to advocate to the jury through his testimony rather than merely relaying facts, and the jury will be unable to decipher the difference.[88] The jury's perception of Mr. Houghton as a witness will necessarily be colored by his advocacy for National Union as trial counsel. Mr. Houghton's ability to speak on behalf of National Union; his ability to summarize and comment on *his own testimony* during opening and closing; and his direct communication to the jury—all will prejudice TML. Because the advice-of-counsel defense puts Mr. Houghton's credibility, abilities, judgment, and reasoning at issue, allowing him to bolster himself before the jury by serving as trial counsel would amount to allowing him to testify continuously throughout the trial.

Counsel for TML will of course be unable to advocate to the jury in the same way during the presentation of evidence. Simply put, allowing the lead trial attorney to also be a significant substantive fact witness provides National Union with an unfair advantage—the kind that Rule 3.7 seeks to eliminate.

---

[88] Any attempt by TML to properly cordon Mr. Houghton's testimony through repeated objections will make the jury suspicious that TML is trying to hide something.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    23

### E. Disqualifying Mr. Houghton Will Not Cause a Substantial Hardship to National Union.

While Rule 3.7 provides an exception to disqualification when it will work an undue hardship on the party,[89] National Union cannot meet that exception for several reasons. First, TML is properly limiting its disqualification request to Mr. Houghton's trial activities. TML is not seeking to disqualify Mr. Houghton from pretrial activities such as discovery or motion practice, except to the extent such activities may be placed before the jury. For example, Mr. Houghton should be disqualified from taking the deposition of any witness that may not testify live at trial because there is the potential that the testimony— including his questions or colloquy—may be put before the jury. Were the jury to ascertain that Mr. Houghton conducted the questioning, it would raise the same concern underpinning Rule 3.7.

Further, National Union has known since TML served its bad faith counterclaim that Mr. Houghton might be a necessary witness because of his involvement with the Horvath settlement negotiations and certainly should have anticipated this once National Union put the quality of Mr. Houghton's advice at issue. Given Mr. Houghton's obvious involvement, National Union should have been preparing for this eventuality, and any failure to do so is not an exception to Rule 3.7. "[Counsel] may not represent defendants through the pretrial stages of this case, knowing that he is likely to be a necessary witness,

---

[89] Alaska R. Prof. Conduct 3.7(a)(3).

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG          24

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

and then later claim that his disqualification at trial would work a substantial hardship on his clients."[90]

There are three other attorneys from Mr. Houghton's firm on the pleadings, in addition to Alaska counsel. All of those individuals have been meaningfully involved with this lawsuit (two of them and Alaska counsel since inception). Trial is more than six months away, giving National Union ample time to prepare for trial using other counsel from the ample stable at the same firm. Disqualifying Mr. Houghton will not be a substantial hardship to National Union.

## IV. CONCLUSION

Because Mr. Houghton is a necessary witness at trial, particularly with regard to National Union's advice-of-counsel defense, and has relevant testimony that cannot be obtained elsewhere, he should be disqualified from serving as trial counsel for National Union. Allowing Mr. Houghton to be a fact witness and trial counsel will confuse the jury and prejudice TML. Therefore, TML respectfully requests that this Court grant its motion to disqualify Mr. Houghton from serving as trial counsel or participating in creating evidence (e.g., deposition testimony) that may be played to the jury.

---

[90] *Iditasport Alaska*, 2018 WL 2376085, at *2.

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG        25

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

DATED: November 11, 2025

STOEL RIVES LLP


By: /s/ Seth H. Row
    SETH H. ROW (*Pro Hac Vice*)
    WILLA B. PERLMUTTER (Bar No. 9409077)
    KEVIN CUDDY (Bar No. 0810062)
    BRADLEY R. PROWANT (*Pro Hac Vice*)

    Attorneys for Defendants and Counterclaimants

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:23-cv-00146-SLG who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Seth H. Row
Seth H. Row

*Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Case No. 3:23-cv-00146-SLG                    27