IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

        Plaintiff and Counterdefendant,

  v.

TRIUMVIRATE, LLC, d/b/a Tordrillo Mountain Lodge, *et al.*,

        Defendants and Counterclaimants.

Case No. 3:23-cv-00146-SLG

## ORDER ON ALL PENDING MOTIONS

Before the Court are the following pending motions:

1. At Docket 268 is Plaintiff National Union Fire Insurance Company of Pittsburg, PA's ("NUFIC") Second Motion for Discovery Sanctions Pursuant to Rule 37(b)(2). NUFIC also filed an unredacted and sealed version of this motion at Docket 270. Defendants Triumvirate, LLC d/b/a Tordrillo Mountain Lodge, Michael Rheam, Michael Overcast, Jennifer Overcast, and Thomas Moe (collectively, "Defendants") responded in opposition to the motion at Docket 279, to which NUFIC replied at Docket 284.

2. At Docket 276 is Plaintiff NUFIC's Motion to Compel. Defendants responded in opposition to the motion at Docket 291, to which NUFIC replied at Docket 295.

3. At Docket 297 is Defendants' Motion for Award of Attorneys' Fees. NUFIC responded in opposition to the motion at Docket 299, to which Defendants

replied at Docket 301.

4. At Docket 308 is Defendants' Motion to Disqualify Andrew Houghton as Trial Counsel; a sealed, unredacted version of this motion is at Docket 311-1. At Docket 324-1 is NUFIC's sealed response, to which Defendants replied under seal at Docket 328-1.  NUFIC also filed an errata to its opposition at Docket 326.

Oral argument was not requested on any of these motions and was not necessary to the Court's determinations.  Relevant to both the motion for sanctions at Docket 268 and the motion to compel at Docket 276, it now appears that Defendants have provided all of the discovery that formed the basis for each of those motions.[1]

### 1. Plaintiff NUFIC's Motion for Sanctions

NUFIC maintains that dismissal of Defendants' bad faith counterclaim is warranted as a sanction for Defendants' "repeated willful violations of the Court's two prior Discovery Orders and the Court's July 2, 2025 Sanctions Order and obstruction of discovery for well over a year."[2]

Clearly, the record demonstrates that Defendants repeatedly and willfully failed to comply with the Court's orders for quite some time, and the Court finds some

---

[1] See Docket 316 at 4 ("Through its October Production and November Production, Triumvirate appears to have now produced all documents that NUFIC identified in its Second Motion for Sanctions, but this does not render the Motion moot.").

[2] Docket 316 at 4.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on All Pending Motions
Page 2 of 9
Case 3:23-cv-00146-SLG     Document 333     Filed 01/08/26     Page 2 of 9

sanction is warranted. A court has wide discretion in imposing sanctions when a party has failed to comply with discovery orders.[3] And yet any sanction "imposed for failing to comply with a discovery order must be reasonable in light of the circumstances, and a sanction is reasonable only if its character and magnitude are proportionate to the character and magnitude of the violation of the underlying discovery order, and the harmful consequences of that violation."[4]

In the current circumstances, where the discovery has at long last been produced, the Court finds that the dismissal of Defendants' bad faith claim would be an unduly harsh sanction that the Court declines to impose. But the Court does find that additional sanctions, in addition to an award of reasonable fees and costs incurred by NUFIC, may be warranted. Specifically, if this case proceeds to trial, the Court will consider permitting NUFIC to present evidence of Defendants' delayed discovery production on the issues related to their knowledge of the underlying Horvath settlement. Thus, the motion for sanctions at Docket 268 (and 270) is GRANTED in so far as the Court will award NUFIC its reasonable fees incurred in bringing the sanctions motion and filing its reply. **Within 7 days of the date of this order,** NUFIC may submit a fee affidavit, to which Defendants may respond as to the reasonableness of the fees requested within **7 days thereafter.** The motion for

---

[3] *See* Fed. R. Civ. P. 37(b).

[4] *Vaca v. Rio Properties, Inc.*, Case No. 2:08-cv-00940-RLH-LRL, 2011 WL 830519, at *3 (D. Nev. March 3, 2011); *see also Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) ("[D]istrict courts should only impose sanctions that are proportionate to the circumstances surrounding a party's failure to comply with discovery rules." (internal quotation marks omitted)).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on All Pending Motions
Page 3 of 9

Case 3:23-cv-00146-SLG    Document 333    Filed 01/08/26    Page 3 of 9

additional sanctions is otherwise DENIED without prejudice to NUFIC filing a renewed motion that would seek to allow NUFIC to apprise the jury of Defendants' discovery violations and delays.

### 2. Plaintiff NUFIC's Motion to Compel

As noted above, Defendants have now produced all of the disputed discovery. But NUFIC maintains the motion to compel is not moot, as "NUFIC's motion seeks a ruling that Triumvirate waived its Work Product privilege with respect to the documents at issue."[5] This Court has already ruled that Defendants cannot invoke work product protection for documents that they did not identify as protected work product in July 2024 at Docket 101-11.[6] Thus, the privilege is clearly waived as to all such documents that were not so identified in the July 2024 privilege log. And this Court previously held that the documents that were withheld solely based on a common interest privilege designation in the July 2024 privilege log must also be produced and are not protected work product.[7] At this point, it is unclear to the Court whether Defendants are presently withholding any of the documents that they identified as protected work product in July 2024. But to the extent any such documents are still being withheld, **IT IS ORDERED** that Defendants shall submit all such documents for *in camera* review to the Court **within 7 days of the date of this**

---

[5] Docket 316 at 8.

[6] Docket 237 at 15-16.

[7] Docket 237 at 21.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on All Pending Motions
Page 4 of 9
Case 3:23-cv-00146-SLG   Document 333   Filed 01/08/26   Page 4 of 9

**order**.[8] Further, because Defendants did not produce the requested discovery until some time after the motion to compel had been filed, the Court will award NUFIC its reasonable attorney's fees in filing this motion to compel and its reply, together with the status reports updating the Court on the discovery issue. **Within 7 days of the date of this order,** NUFIC may submit a fee affidavit, to which Defendants may respond as to the reasonableness of the fees requested within **7 days thereafter.** Thus, the motion to compel at Docket 276 is GRANTED as set forth above.

### 3. Defendants' Motion for Attorney's Fees

In this motion, Defendants seek an award of the fees they incurred in bringing their motion to compel NUFIC to produce its unredacted claims file and that they incurred in opposing NUFIC's motion for a protective order.

For many of the same reasons that this Court previously held that Defendants were substantially justified in withholding documents based on attorney-client privilege in the July 2, 2025 order,[9] the Court finds that NUFIC was substantially justified in withholding its privileged documents until the Court had conducted its *in camera* review of those documents. Indeed, after conducting that review, NUFIC was not ordered to produce all of its withheld documents, but only those that the Court specifically delineated.[10] Likewise, NUFIC was substantially justified in seeking

---

[8] *Cf.* Docket 181 at 24 (clarifying that those documents that Defendants identified as protected work product at Docket 101-11 need not be produced at that time).

[9] Docket 237 at 7-9.

[10] *See* Docket 207.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on All Pending Motions
Page 5 of 9
Case 3:23-cv-00146-SLG   Document 333   Filed 01/08/26   Page 5 of 9

a protective order until the scope of its discovery obligation was determined. And unlike Defendants, it appears that NUFIC promptly complied with this Court's order to produce the documents as ordered. Therefore, Defendants' motion at Docket 297 is DENIED.

### *4. Defendants' Motion to Disqualify Andrew Houghton as Trial Counsel*

In this motion, Defendants seek an order that Andrew Houghton "be disqualified from representing [NUFIC] at trial or participating in any activities that might be placed before the jury."[11] Defendants maintain that Mr. Houghton "is a necessary fact witness on issues essential to [Defendants'] bad faith claim" because NUFIC plans to rely on an advice-of-counsel defense to that claim and Mr. Houghton was personally involved in the settlement discussions regarding the settlement of Mr. Horvath's claims.[12]

NUFIC opposes; it maintains that Defendants' "tactical Motion fails to meet the applicable standards for disqualification and should be denied."[13] Further, NUFIC maintains the motion is untimely, as Defendants had first stated their intent in March 2024 to seek Mr. Houghton's disqualification but failed to so move at that time.[14] Further, NUFIC maintain that it is not asserting an advice of counsel defense; rather,

---

[11] Docket 308 at 2.

[12] Docket 308 at 2.

[13] Docket 322 at 2.

[14] Docket 322 at 3.

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on All Pending Motions
Page 6 of 9
Case 3:23-cv-00146-SLG    Document 333    Filed 01/08/26    Page 6 of 9

it asserts "it merely relied on counsel's opinion as evidence of good faith."[15]

NUFIC's opposition to Defendants' motion to disqualify perhaps best demonstrates why Mr. Houghton's disqualification as trial counsel is warranted in this case. In its opposition, NUFIC extensively discusses its interpretation of Mr. Houghton's communications with NUFIC, with Defendants' former counsel Tim Lamb, and with Mr. Horvath's counsel Tracy Knutson.[16] The record clearly demonstrates that Mr. Houghton is likely to be a necessary witness at trial on the contested issue of whether NUFIC acted in bad faith. And while Defendants should have brought this motion far sooner than they did, NUFIC has not persuaded the Court that it would be a substantial hardship on NUFIC if Mr. Houghton is precluded from participating as an advocate for NUFIC at trial, given that several other counsel for NUFIC have appeared and actively participated in this case.[17] Further, any prejudice to NUFIC is minimized since trial is several months away, while the likelihood of juror confusion would be high if Mr. Houghton were to assume the dual roles of a witness and an advocate at trial.

The Court finds that Defendants have demonstrated that Mr. Houghton is likely to be called as a witness at trial, at least by Defendants, and given Mr. Houghton's

---

[15] Docket 322 at 3. It's not entirely clear to the Court what the difference is between these two assertions.

[16] Docket 324-1 (SEALED) at 7-13.

[17] *See* Docket 328-1 (SEALED) at 5-6. *But see* Docket 323, Declaration of Lili Beneda-Rubenstein ¶ 6 (asserting that "disqualification of Mr. Houghton would work a severe hardship" on NUFIC).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on All Pending Motions
Page 7 of 9
Case 3:23-cv-00146-SLG   Document 333   Filed 01/08/26   Page 7 of 9

central role in the negotiation of the Horvath settlement, the evidence to be presented through his testimony about the Horvath settlement is unobtainable elsewhere. While the Court recognizes that a party might attempt to disqualify opposing counsel as a tactical weapon, the Court finds that under principles of Alaska law, Mr. Houghton should not be permitted to take on the roles of both an advocate for NUFIC and a material fact witness before the jury in this case.[18] Accordingly, the motion to disqualify at Docket 308 is GRANTED; Attorney Amdrew Houghton is disqualified from serving as trial counsel or participating in creating evidence (e.g. deposition testimony) that may be played to the jury.

## CONCLUSION

In light of the foregoing, IT IS ORDERED:

1. Plaintiff NUFIC's Second Motion for Discovery Sanctions Pursuant to Rule 37(b)(2) at Docket 268 is GRANTED IN PART and DENIED IN PART as follows:

    a. The motion is GRANTED in so far as the Court will award NUFIC its reasonable fees incurred in bringing this motion and filing its reply. NUFIC may submit a fee affidavit **within 7 days of the date of this order**. Defendants may respond as to the reasonableness of the fees requested **within 7 days thereafter**.

    b. The motion for additional sanctions is otherwise DENIED without prejudice

---

[18] *Munn v. Bristol Bay Housing Authority*, 777 P.2d 188, 196 (Alaska 1989).

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on All Pending Motions
Page 8 of 9

Case 3:23-cv-00146-SLG   Document 333   Filed 01/08/26   Page 8 of 9

to NUFIC filing a renewed motion that may allow NUFIC to apprise the jury of Defendants' discovery violations and delays.

2. Plaintiff NUFIC's Motion to Compel at Docket 276 is GRANTED IN PART and DENIED IN PART as follows:

    a. To the extent Defendants are withholding any documents they identified as protected work product in the July 2024 privilege log at Docket 101-11, Defendants shall submit all such documents for *in camera* review to the Court **within 7 days of the date of this order**.

    b. Further, the Court will award NUFIC its reasonable attorney's fees in filing this motion to compel and its reply, together with the status reports updating the Court on the discovery issue. NUFIC may submit a fee affidavit **within 7 days of the date of this order**. Defendants may respond as to the reasonableness of the fees requested **within 7 days thereafter**.

3. Defendants' Motion for Award of Attorneys' Fees at Docket 297 is DENIED.

4. Defendants' Motion to Disqualify Andrew Houghton as Trial Counsel at Docket 308 is GRANTED. Attorney Andrew Houghton is disqualified from serving as trial counsel or participating in creating evidence that may be played to the jury.

DATED this 8th day of January 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00146-SLG, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Triumvirate, LLC, et al.*
Order on All Pending Motions
Page 9 of 9

Case 3:23-cv-00146-SLG   Document 333   Filed 01/08/26   Page 9 of 9